UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 Quarropas Street, White Plains, NY 10601

| | | |
|---|---|---|
| JEFFREY THOMAS PIRZINGER,<br>　　　　　　　　　Plaintiff, | ) <br> ) <br> ) | JURY TRIAL DEMANDED |
| v. | ) <br> ) | |
| TRANS UNION LLC, | ) <br> ) | Civil Action No. 7:25-cv-01760-PMH |
| 　　　　　　　　　Defendant. | ) <br> ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, JEFFREY THOMAS PIRZINGER ("Plaintiff"), brings this action against Defendant, TRANS UNION LLC ("TransUnion"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and states as follows:

### I. INTRODUCTION

1. This is an action for damages arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., due to TransUnion's willful and negligent failures to:

　　a. Conduct a lawful separate reinvestigation of each disputed inaccuracy in the consumer report, in violation of 15 U.S.C. §§ 1681i(a)(1)(A),

　　b. Provide required separate reinvestigation results for each of the 35 disputed inaccurate items of information, in violation of 1681i(a)(6)(A),

　　c. Ensure maximum possible accuracy in reporting, in violation of 1681e(b).

2. TransUnion's actions, including its refusal to reinvestigate disputed inaccuracies that the Plaintiff identified, are alleged to have caused Plaintiff financial harm, and emotional distress, as

detailed below. Plaintiff seeks statutory, actual, and punitive damages to redress these injuries and deter future misconduct.

3.   Plaintiff reserves all rights under federal and state law, including the right to amend this complaint as new facts become available.

## II. JURISDICTION & VENUE

4.   This Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the FCRA, a federal statute.

5.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Mamaroneck, New York, within this District, and a substantial part of the events giving rise to this claim (e.g., the harm suffered from credit denials) occurred here.

## III. PARTIES

6.   Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing at 135 Beechwood Dr, Mamaroneck, NY 10543.

7.   Defendant, TRANS UNION LLC, is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly compiles and sells consumer credit information to third parties under 15 U.S.C. § 1681a(d).

8.   TransUnion is headquartered at 555 West Adams Street, Chicago, IL 60661, and regularly conducts business in New York, including maintaining and disseminating Plaintiff's consumer report.

## IV. FACTUAL BACKGROUND

9.   Plaintiff incorporates all prior paragraphs as if fully stated herein.

10. On January 2, 2025, Plaintiff sent a detailed written communication to TransUnion via FedEx 2-Day Delivery (Tracking #771146841215), disputing 35 separate inaccurate items of information appearing in Plaintiff's consumer report #450079572-043. The written communication identifying the 35 disputes was received by TransUnion on January 6, 2025, as confirmed by FedEx proof-of-delivery.

11. The written communication of the 35 disputes was typed in legible 12-point font, double-spaced, with one-inch margins and numbered pages. The communication included a typed table listing 35 items organized by furnisher, account number, inaccurate item, and reason for the inaccuracy. Here are three of the disputed inaccurate items from the written communication received by TransUnion on January 6, 2025: 'ELAN SVCS/FIDELITY, Account #XXXXXXXX0929, Inaccurate Item: High Balance: $21,551 from 10/2024 to 11/2024, Reason: Inaccurate amount'; 'TBOM/FORTIVA, Account #XXXXXXXX9727, Inaccurate Item: Past Due: $112, Reason: Inaccurate, $0 past due'; 'TD BANK USA/TARGETCREDI, Account #XXXXXXXX1360, Inaccurate Item: Rating 10/2024 30, Reason: Payment not late.' Plaintiff attached supporting documentation, including consumer report #450079572-043, a utility bill, a passport, and a notarized acknowledgment, to verify identity and substantiate the inaccuracies.

12. Plaintiff explicitly requested a reasonable reinvestigation for each of the 35 separate inaccurate items of information pursuant to 15 U.S.C. § 1681i(a)(1)(A), demanded that inaccurate items be deleted or modified under 15 U.S.C. § 1681i(a)(5), and required itemized responses for each of the 35 disputes, citing FCRA obligations.

13. On January 8, 2025, TransUnion responded with a letter claiming Plaintiff's communication of the disputes was 'illegible' or its nature 'undeterminable,' and did not initiate

reinvestigations, address any of the 35 disputed items, or provide substantive investigation results.

14. TransUnion's statutory deadline to complete the reasonable reinvestigations was February 5, 2025 (30 days from receipt on January 6, 2025, per 15 U.S.C. § 1681i(a)(1)(A). As of April 23, 2025, TransUnion has not provided any reinvestigation reports or communications indicating compliance with 15 U.S.C. § 1681i(a)(1)(A) or (a)(6)(A), despite my repeated checks of my mailbox at 135 Beechwood Dr, Mamaroneck, NY 10543.

15. TransUnion's refusal to act followed Plaintiff's effort to resolve the disputes pre-litigation through the January 2, 2025, communication of the disputed items.

16. In relation to TransUnion's handling of Plaintiff's consumer report:

   a. On December 3, 2024, Plaintiff was denied a consumer credit transaction for a $55,570 vehicle purchase, with the lender citing adverse items on the consumer.

   b. On February 22, 2025, after TransUnion's refusal to reinvestigate, Plaintiff was denied a consumer credit transaction on February 22, 2025, for a $95,865 vehicle purchase, with the lender citing adverse items in the consumer report.

   c. Plaintiff has relied on a vehicle with safety hazards, including a failing engine with high oil consumption, documented by mechanic reports and car rental receipts.

   d. Plaintiff has experienced sleeplessness, anxiety, and humiliation from explaining credit issues to lenders and family.

## V. CLAIMS FOR RELIEF
### COUNT I – VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A)
**(Failure to Conduct a Reasonable Reinvestigation)**

17. Plaintiff incorporates all prior paragraphs as if fully stated herein.

18. TransUnion's claim that the typed, detailed written communication itemizing the 35 disputes was 'illegible' suggests a willful disregard of its reinvestigation duties or negligent failure to review the clear documentation provided.

19. TransUnion claimed illegibility despite the communication's format and evidence, failing to follow reasonable procedures.

20. This failure is alleged to have contributed to Plaintiff's financial harm (e.g., $151,435 in denied consumer credit transactions), prolonged vehicle safety risks, and emotional distress.

## COUNT II – VIOLATION OF 15 U.S.C. § 1681i(a)(6)(A)
### (Failure to Provide Reinvestigation Results)

21. Plaintiff incorporates all prior paragraphs as if fully stated herein.

22. TransUnion's failure to provide any reinvestigation results, despite receiving a clear written communication itemizing the 35 disputes, indicates willful non-compliance or negligent oversight in its processes.

23. This failure is alleged to have prevented Plaintiff from correcting inaccuracies and contributed to the February 22, 2025, consumer credit transaction denial and ongoing emotional distress.

## COUNT III – VIOLATION OF 15 U.S.C. § 1681e(b)
### (Failure to Ensure Maximum Possible Accuracy)

24. Plaintiff incorporates all prior paragraphs as if fully stated herein.

25. TransUnion's allowance of 35 inaccurate items, despite receiving a detailed written communication itemizing the 35 disputes with supporting evidence, reflects a willful or negligent failure to implement reasonable accuracy procedures. Here are three of the disputed inaccurate items from the written communication received by TransUnion on January 6, 2025: 'ELAN SVCS/FIDELITY, Account #XXXXXXXX0929, Inaccurate Item: High Balance: $21,551 from 10/2024 to 11/2024, Reason: Inaccurate amount'; 'TBOM/FORTIVA, Account #XXXXXXXX9727, Inaccurate Item: Past Due: $112, Reason: Inaccurate, $0 past due'; 'TD BANK USA/TARGETCREDI, Account #XXXXXXXX1360, Inaccurate Item: Rating 10/2024 30, Reason: Payment not late.'

26. This failure is alleged to have contributed to Plaintiff's financial losses, prolonged vehicle safety risks, and emotional distress, as lenders relied on the uncorrected consumer report.

## VI. DAMAGES

27. Statutory Damages: Plaintiff seeks $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A). With 35 disputed inaccurate items across three FCRA provisions (failure to reinvestigate, failure to provide results, failure to ensure accuracy), Plaintiff alleges 105 willful violations, totaling $105,000.

28. Actual Damages: Plaintiff suffered $151,435 in financial harm, calculated as:

   a. $55,570 from the December 3, 2024, consumer credit transaction denial.

   b. $95,865 from the February 22, 2025, consumer credit transaction denial.

   Evidence includes lender denial letters citing consumer report issues.

29. Emotional Distress Damages: Plaintiff seeks $150,000 for emotional distress, including sleeplessness, anxiety, and humiliation.

30. Vehicle Safety Costs: Plaintiff alleges reliance on an unsafe vehicle, incurring repair costs and risks documented by mechanic reports and rental receipts.

31. Punitive Damages: Plaintiff seeks punitive damages under 15 U.S.C. § 1681n(a)(2) for alleged willful misconduct and to deter future violations.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a) Statutory damages of $105,000 ($1,000 x 105 violations) under 15 U.S.C. § 1681n;

b) Actual damages of $151,435 for financial harm from consumer credit transaction denials;

c) Emotional distress damages of $150,000 for stress, anxiety;

d) Punitive damages under 15 U.S.C. § 1681n(a)(2) in an amount to be determined at trial;

e) Costs and reasonable attorney's fees (if later retained) under 15 U.S.C. § 1681n(a)(3) and 1681o(a)(2);

f) Any other relief deemed just and proper.

## VIII. JURY TRIAL DEMAND

32. Plaintiff demands a trial by jury on all triable issues.

## IX. RESERVATION OF RIGHTS

33.  Plaintiff reserves the right to amend this complaint as new facts arise.

Respectfully submitted,

Dated: April 23, 2025                    By:   _____

Jeffrey Thomas Pirzinger
135 Beechwood Dr
Mamaroneck, NY 10543
T: (914) 497-1104
Plaintiff, Pro Se