Date: May 5, 2025                                    Case No. 7:25-cv-01760-PMH

To: Chambers of the Hon. Philip M. Halpern       From: Jeffrey Thomas Pirzinger
    United States District Court                       135 Beechwood Dr
    Southern District of New York                      Mamaroneck, NY 10543
    300 Quarropas Street, Room 530                     Phone: 914-497-1104
    White Plains, NY 10601

Re:    **Jeffrey Thomas Pirzinger v. Trans Union LLC**
       **Case No. 7:25-cv-01760-PMH - Submission of Rule 2(C) Opposition Letter**

       Dear Judge Halpern:

       Please find enclosed a courtesy copy of Plaintiff's letter dated May 5, 2025,

submitted pursuant to Rule 2(C) of Your Honor's Individual Practices, in opposition to

Defendant's proposed motion to dismiss raised in their April 28, 2025 pre-motion letter,

which I received on May 2, 2025. This letter also satisfies Rule 4(C)(iii). If directed, I will

file the letter on the docket.


       Respectfully submitted,

       *[signature]*

       Jeffrey Thomas Pirzinger
       Pro Se Plaintiff

FILED
U.S. DISTRICT COURT

2025 MAY -5  AM 10: 17

S.D. OF N.Y.W.P.

Date: May 5, 2025

Case No. 7:25-cv-01760-PMH

To: Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street, Room 530
White Plains, NY 10601

From: Jeffrey Thomas Pirzinger
135 Beechwood Dr
Mamaroneck, NY 10543
Phone: 914-497-1104

Re:    **Jeffrey Thomas Pirzinger v. Trans Union LLC**
**Case No. 7:25-cv-01760-PMH**
**Plaintiff's Rule 2(C) Opposition to Defendant's Proposed Motion to Dismiss**

Dear Judge Halpern:

I am the pro se plaintiff in this action under the Fair Credit Reporting Act

("FCRA"). I respectfully submit this letter in opposition to the proposed Rule 12(b)(6)

motion to dismiss outlined in Trans Union LLC's April 28, 2025 pre-motion letter, which I

received on May 2, 2025. I also submit this letter in satisfaction of Rule 4(C)(iii). A copy

of Defendant's letter is attached.

I object to all claims raised therein. My First Amended Complaint and its

supporting Affidavit, filed and served on April 23, 2025 (Doc. No. 9, 10, 11 & 12),

satisfies the pleading requirements of Rule 8, particularly under the standards

applicable to pro se litigants. I respectfully request that the Court deny Defendant's

request for a pre-motion conference and allow this matter to proceed to discovery.

Date: May 5, 2025                                        Case No. 7:25-cv-01760-PMH

**Specific Inaccuracies Are Plausibly Alleged**

Defendant argues that the First Amended Complaint lacks specificity. This is
incorrect. Paragraphs 11 and 25 identify three concrete examples of inaccurate credit
reporting:

1. ELAN SVCS/FIDELITY, Account #XXXXXXXX0929, High Balance of $21,551
   (10/2024–11/2024) — inaccurate amount

2. TBOM/FORTIVA, Account #XXXXXXXX9727, Past Due $112 — inaccurate, $0 past
   due

3. TD BANK USA/TARGETCREDI, Account #XXXXXXXX1360, Rating "30" in 10/2024 —
   inaccurate, payment not late

Each allegation includes the furnisher, redacted account number, the erroneous
entry, and a reason the item is inaccurate. These factual allegations meet the Second
Circuit standard set out in Mader v. Experian, 56 F.4th 264, 269 (2d Cir. 2023). Unlike in
Mader, I identified specific entries. Under Sessa v. Trans Union LLC, 74 F.4th 38, 43 (2d
Cir. 2023), a plaintiff is not required to provide exhaustive detail at the pleading stage.
Three such examples are sufficient to support a plausible FCRA claim. See also Pukke v.
Experian Info. Sols., Inc., 2023 WL 2787946, at *3 (2d Cir. Apr. 5, 2023).

Date: May 5, 2025                                    Case No. 7:25-cv-01760-PMH

**FCRA Reinvestigation Duties Were Triggered**

Paragraph 10 of the Complaint explains that I submitted a detailed and legible

written communication of 35 disputes on January 2, 2025, received by Trans Union on

January 6. It included a 35-item dispute table, supporting documentation, and verified

identity. This triggered Trans Union's duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a

reasonable reinvestigation. See Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88, 93 (2d

Cir. 2021). Their claim that my dispute was "illegible" or "undeterminable" is

contradicted by the Complaint's detailed allegations and format of the submission.

Trans Union failed to reinvestigate or provide any results, violating §

1681i(a)(6)(A). These failures may support a finding of willfulness or negligence. See

Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997); Cortez v. Trans Union,

LLC, 617 F.3d 688, 710 (3d Cir. 2010).

**Defendant Improperly Shifts the Burden**

The FCRA does not require a plaintiff to prove each disputed inaccuracy in the

complaint. Trans Union's position misstates the burden under the statute. Once a non-

frivolous dispute is submitted, the duty to reinvestigate lies with the consumer

Date: May 5, 2025                                        Case No. 7:25-cv-01760-PMH

reporting agency. See Mader, 56 F.4th at 269; Shimon, 994 F.3d at 93. Discovery is the

proper stage to explore accuracy and reasonableness, not the pleadings.

**Standing and Harm Are Sufficiently Alleged**

The Complaint (¶ 16) alleges $151,435 in financial harm from two denied auto

credit applications, ongoing vehicle safety risks, and emotional distress. These are

concrete harms sufficient to establish standing under TransUnion LLC v. Ramirez, 594

U.S. 413, 433 (2021).

**Request to Deny Pre-Motion Conference**

Because the First Amended Complaint alleges plausible claims under §§

1681i(a)(1)(A), 1681i(a)(6)(A), and 1681e(b), I respectfully request that the Court deny

Trans Union's request for a pre-motion conference and allow the case to proceed to

discovery. I am willing to provide additional disputed examples if requested but believe

the complaint already satisfies Rule 8.

A copy of this reply is being sent to Defendant's counsel via fax on May 5, 2025,

with transmission confirmation included in the FedEx package that Trans Union will

receive on May 6, 2025.

Date: May 5, 2025                                    Case No. 7:25-cv-01760-PMH

Thank you for your time and consideration.

Respectfully submitted,

Jeffrey Thomas Pirzinger
Pro Se Plaintiff

Attachment: April 28, 2025 Pre-Motion Letter from Defendant Trans Union LLC

(served May 2, 2025)

# Buchanan

**Andrew G. Hope**
(610) 783-3314
Andrew.hope@bipc.com

640 Fifth Avenue
9th Floor
New York, NY 10019-6102
T 212 440 4400
F 212 440 4401

April 28, 2025

**VIA CERTIFIED MAIL**

Jeffrey Thomas Pirzinger
135 Beechwood Dr.
Mamaroneck, NY 10543
(914) 497-1104

      **RE:**    *Jeffrey Thomas Pirzinger v. Transunion LLC*
              **Case No.: 7:25-cv-01760-PMH**

Dear Mr. Pirzinger:

      As you know, my firm represents Trans Union, LLC, improperly identified as Transunion LLC ("Trans Union").

      As provided previously, this matter is pending before the Honorable Philip M. Halpern, I am reaching out pursuant to Rule 4.C.ii, which requires a defendant to outline the specific pleading deficiencies in the amended complaint that warrants dismissal. Upon receipt of this letter and pursuant to Judge Halpern's procedures, you shall respond by way of a similar letter (not to exceed 5 double-spaced pages), within 5 business days indicating your objection and the amendments, if any, to be made to the complaint to cure the deficiencies outlined in Trans Union's letter below. Judge Halpern's Individual Practices in Civil Cases is available online at the United States District Court's website.

April 28, 2025
Page - 2 -

Defendant, consumer reporting agency, Trans Union hereby respectfully submits this letter, regarding an anticipated Motion To Dismiss Plaintiff's Amended Complaint (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(6).

The Court should dismiss Plaintiff's Amended Complaint against Trans Union in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff again vaguely claims Trans Union somehow violated the FCRA for reporting 35 unidentified "inaccurate items of information" because:

A.    A showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information Trans Union reported much less how it is inaccurate.

## INTRODUCTION

*Pro se* Plaintiff's Amended Complaint fails to identify with specificity what Trans Union has done wrong aside from his vague and conclusory statements that Trans Union allegedly reported "35 separate inaccurate items of information appearing in Plaintiff's consumer repot." *See* Doc. No. 11 ("Amended Compl."). However, facts regarding what information is inaccurate are simply nonexistent. In fact, the Amended Complaint fails to allege any of the required elements to support his claims against Trans Union. Instead, and while hard to decipher, Plaintiff provides three examples of possible alleged inaccuracies that include a high balance, a past due amount, and a late payment. *Id.* ¶ 11. However, the Amended Complaint provides no context as to why those entries may be inaccurate nor does he provide what the reporting should reflect. Plaintiff again provides he sent Trans Union "a detailed written communication... disputing 35 separate

April 28, 2025
Page - 3 -

inaccurate items of information appearing in Plaintiff's consumer report." *Id.* ¶ 10. Interestingly,

Plaintiff alleges "TransUnion responded with a letter claiming Plaintiff's communication of the

dispute was 'illegible' or its nature 'underminable,' and did not initiate reinvestigations, address

any of the 35 disputed items or provide substantive investigation results." *Id.* ¶ 13. Plaintiff alleges

that Trans Union's "refusal to act" led to Plaintiff being denied multiple vehicle purchases. *Id.* ¶

15-16. Even construing liberally whatever factual allegations could be gleaned from the

Complaint, Plaintiff fails to state a claim against Trans Union upon which relief could be granted.

## LEGAL STANDARD

To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient

"to raise a right to relief above the speculative level. " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough

facts to move "his claims across the line from conceivable to plausible." *Twombly* at 570.

Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do.'" *Id* at 555.

While a *pro se* litigant's pleadings may be construed liberally, *see Harris v. Mills*, 572 F.3d

66, 72 (2d Cir. 2009), the claims of *pro se* Plaintiff's must still be sufficiently pled. *See Peterson*

*v. City of New York*, No. 10-cv-7283, 2018 WL 5811432, at *3 (S.D.N.Y. Nov. 6, 2018) ("While

a complaint by a pro se plaintiff is construed liberally, the complaint must still conform to the

April 28, 2025
Page - 4 -

pleading requirements of the Federal Rules and is subject to dismissal if the plaintiff fails to allege

sufficient facts from which this [c]ourt could reasonably interpret a plausible claim.").

## ARGUMENT

**A.    A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of A Claim Under The FCRA, And Plaintiff Has Failed To Allege What Information Trans Union  Much Less How It Was Inaccurate.**

To prevail on either a 15 U.S.C. § 1681e(b) or a 15 U.S.C. § 1681i claim under the FCRA,

Plaintiff must demonstrate an inaccuracy in Trans Union's reporting. *See Mader v. Experian*, 56

F.4th 264, 269 (2d Cir. 2023) ("[T]o prevail on a section 1681e claim against a consumer reporting

agency, it is necessary for a plaintiff to establish, among other things, that a credit report contained

an inaccuracy."); *see also Lichtman v. Chase Bank USA, N.A.*, No. 18-cv-10960, 2020 WL

1989486, at *4 (S.D.N.Y. Apr. 27, 2020) ("A prerequisite for any FCRA claim is that the

challenged credit information is incomplete or inaccurate."); *Houston v. TRW Information*

*Services, Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b)

action is whether the challenged credit information is accurate"); *Khan v. Equifax Info. Servs.,*

*LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) ("similar to a

section 1681e(b) plaintiff, 'a plaintiff asserting claims under § 1681i must demonstrate that the

disputed information is inaccurate.'") (internal citations omitted).

Further, a plaintiff must "identify the specific information on [his] credit report that is

inaccurate and explain why the identified information is inaccurate." *Phipps v. Experian*, No. 20-

CV-3368, 2020 U.S. Dist. LEXIS 105879, 2020 WL 3268488, *3 (S.D.N.Y. June 16, 2020);

*Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 U.S. Dist. LEXIS 22789, at *6 (S.D.N.Y.

April 28, 2025
Page - 5 -

Feb. 7, 2022); *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (RML), 2024 U.S. Dist. LEXIS 55471, at *17 (E.D.N.Y. Mar. 27, 2024); *Cabrera v. Experian*, No. 1:21-CV-8313 (LTS), 2021 U.S. Dist. LEXIS 215750, at *6 (S.D.N.Y. Nov. 5, 2021); *Gestetner v. Equifax Info. Servs. LLC*, 2019 U.S. Dist. LEXIS 40415, at *6 (S.D.N.Y. Mar. 13, 2019).

In the instant matter, Plaintiff does not specify what inaccurate information Trans Union reported, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See* Amended Compl. Plaintiff simply claims Trans Union violated the FCRA by reporting "35 separate inaccurate items of information appearing in Plaintiff's consumer report." *Id* ¶ 10. In an effort to cure the deficiencies of his original pleading, Plaintiff provides three examples of possible alleged inaccuracies that include a high balance, a past due amount, and a late payment. *Id.* ¶ 11. However, Plaintiff fails to provide any context as to why those entries may be inaccurate nor does he provide what the reporting should reflect. Notably, Plaintiff has left out of his Amended Complaint 33 other alleged inaccuracies in Trans Union's reporting. These vague, generalized factual allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because, as discussed above, Plaintiff has failed to allege any inaccuracy in Trans Union's reporting. Plaintiff alleges nothing more than conclusions without any "further factual enhancement" which is not enough to state a claim. *Twombly*, 550 U.S. at 546.

## CONCLUSION

For these reasons, Defendants Trans Union respectfully requests the Court grant the Motion to Dismiss Plaintiff's Amended Complaint.

April 28, 2025
Page - 6 -

    I look forward to receiving your response. If no response is received within the time frame described above and in Judge Halpern's Individual Practices in Civil Cases – Trans Union will proceed with requesting a pre-motion conference with the Court based on the arguments set forth above.

Very truly yours,

*Andrew G. Hope*

Andrew G. Hope
