# Buchanan

**Andrew G. Hope**
610 783 3314
andrew.hope@bipc.com

**VIA ECF**

The Honorable Philip M. Halpern
The Honorable Charles L. Brieant
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

> Application granted. The Court waives any pre-motion conference requirement, grants Defendant leave to file a motion to dismiss, and sets the following briefing schedule: Defendant's motion to dismiss shall be served and filed by June 16, 2025; Plaintiff's opposition shall be served and filed by July 16, 2025; and Defendant's reply, if any, shall be served and filed by July 30, 2025.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        May 15, 2025

RE: *Jeffrey Thomas Pirzinger v. Transunion LLC*, Case No.: 7:25-cv-01760-PMH
Pre-Motion Letter Regarding an Anticipated Motion to Dismiss

Dear Judge Halpern:

Counsel for Defendant, consumer reporting agency, Trans Union, LLC, improperly identified as Transunion LLC ("Trans Union"), hereby respectfully submits this letter requesting a pre-motion conference regarding Trans Union's anticipated Motion To Dismiss Plaintiff's Amended Complaint (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Your Honor's Individual Practices in Civil Cases, on April 18, 2025, Trans Union mailed Plaintiff a letter detailing Trans Union's intent to file a motion to dismiss. On April 23, 2025, and in response to Trans Union's letter, Plaintiff filed an Amended Complaint. *See* ECF No. 9. On April 28, 2025, Trans Union mailed Plaintiff another letter regarding its intent to file a motion to dismiss Plaintiff's Amended Complaint. On May 5, 2025, Plaintiff filed a response to Trans Union's letter and along with his objection to Trans Union's intent to file a motion to dismiss. *See* ECF No. 13. Accordingly, Trans Union files this pre-motion letter in anticipation of its Motion.

May 7, 2025
Page - 2 -

The Court should dismiss Plaintiff's Amended Complaint against Trans Union in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff again vaguely claims Trans Union somehow violated the FCRA for reporting 35 unidentified "inaccurate items of information" because a showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information Trans Union reported much less how it is inaccurate.

## **INTRODUCTION**

*Pro se* Plaintiff's Amended Complaint fails to identify with specificity what Trans Union has done wrong aside from his vague and conclusory statements that Trans Union allegedly reported "35 separate inaccurate items of information appearing in Plaintiff's consumer repot." *See* Doc. No. 11 ("Amended Compl."). However, facts regarding what information is inaccurate are simply nonexistent. In fact, the Amended Complaint fails to allege any of the required elements to support his claims against Trans Union. Instead, and while hard to decipher, Plaintiff provides three examples of possible alleged inaccuracies that include a high balance, a past due amount, and a late payment. *Id*. ¶ 11. However, the Amended Complaint provides no context as to why those entries may be inaccurate nor does he provide what the reporting should reflect. Plaintiff provides he sent Trans Union "a detailed written communication… disputing 35 separate inaccurate items of information appearing in Plaintiff's consumer report." *Id*. ¶ 10. Interestingly, Plaintiff alleges "TransUnion responded with a letter claiming Plaintiff's communication of the dispute was 'illegible' or its nature 'underminable,' and did not initiate reinvestigations, address any of the 35 disputed items or provide substantive investigation results." *Id*. ¶ 13. Plaintiff alleges

May 7, 2025
Page - 3 -

that Trans Union's "refusal to act" led to Plaintiff being denied multiple vehicle purchases. *Id.* ¶ 15-16. Even construing liberally whatever factual allegations could be gleaned from the Amended Complaint, Plaintiff fails to state a claim against Trans Union upon which relief could be granted.

## LEGAL STANDARD

To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough facts to move "his claims across the line from conceivable to plausible." *Twombly* at 570. Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id* at 555.

While a *pro se* litigant's pleadings may be construed liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the claims of *pro se* Plaintiff's must still be sufficiently pled. *See Peterson v. City of New York*, No. 10-cv-7283, 2018 WL 5811432, at *3 (S.D.N.Y. Nov. 6, 2018) ("While a complaint by a pro se plaintiff is construed liberally, the complaint must still conform to the pleading requirements of the Federal Rules and is subject to dismissal if the plaintiff fails to allege sufficient facts from which this [c]ourt could reasonably interpret a plausible claim.").

## ARGUMENT

**A.    A Showing of an Inaccuracy is an Essential Prima Facie Element of a Claim Under the FCRA, And Plaintiff Has Failed to Allege What Information Trans Union  Much Less How it Was Inaccurate.**

May 7, 2025
Page - 4 -

To prevail on either a 15 U.S.C. § 1681e(b) or a 15 U.S.C. § 1681i claim under the FCRA, Plaintiff must demonstrate an inaccuracy in Trans Union's reporting. *See Mader v. Experian*, 56 F.4th 264, 269 (2d Cir. 2023) ("[T]o prevail on a section 1681e claim against a consumer reporting agency, it is necessary for a plaintiff to establish, among other things, that a credit report contained an inaccuracy."); *see also Lichtman v. Chase Bank USA, N.A.*, No. 18-cv-10960, 2020 WL 1989486, at *4 (S.D.N.Y. Apr. 27, 2020) ("A prerequisite for any FCRA claim is that the challenged credit information is incomplete or inaccurate."); *Houston v. TRW Information Services, Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is accurate"); *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) ("similar to a section 1681e(b) plaintiff, 'a plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate.'") (internal citations omitted).

Further, a plaintiff must "identify the specific information on [his] credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps v. Experian*, No. 20-CV-3368, 2020 U.S. Dist. LEXIS 105879, 2020 WL 3268488, *3 (S.D.N.Y. June 16, 2020); *Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 U.S. Dist. LEXIS 22789, at *6 (S.D.N.Y. Feb. 7, 2022); *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (RML), 2024 U.S. Dist. LEXIS 55471, at *17 (E.D.N.Y. Mar. 27, 2024); *Cabrera v. Experian*, No. 1:21-CV-8313 (LTS), 2021 U.S. Dist. LEXIS 215750, at *6 (S.D.N.Y. Nov. 5, 2021); *Gestetner v. Equifax Info. Servs. LLC*, 2019 U.S. Dist. LEXIS 40415, at *6 (S.D.N.Y. Mar. 13, 2019).

May 7, 2025
Page - 5 -

In the instant matter, Plaintiff does not specify what inaccurate information Trans Union reported, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See* Amended Compl. Plaintiff simply claims Trans Union violated the FCRA by reporting "35 separate inaccurate items of information appearing in Plaintiff's consumer report." *Id* ¶ 10. And, in an effort to cure the deficiencies of his original pleading, Plaintiff provides three examples of possible alleged inaccuracies that include a high balance, a past due amount, and a late payment. *Id*. ¶ 11. However, Plaintiff fails to provide any context as to why those entries may be inaccurate nor does he provide what the reporting should reflect. Notably, Plaintiff has left out of his Amended Complaint 33 other alleged inaccuracies in Trans Union's reporting. These vague, generalized factual allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because, as discussed above, Plaintiff has failed to allege any inaccuracy in Trans Union's reporting. Plaintiff alleges nothing more than conclusions without any "further factual enhancement" which is not enough to state a claim. *Twombly*, 550 U.S. at 546.

## CONCLUSION

For these reasons, Defendants Trans Union respectfully requests the Court grant the request for a pre-motion conference in anticipation of Trans Union's Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully Submitted,

*Andrew G. Hope*

Andrew G. Hope

cc:   Jeffrey Thomas Pirzinger, Plaintiff (via certified mail)