## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

JEFFREY THOMAS PIRZINGER,                )        JURY TRIAL DEMANDED
                Plaintiff,        )
                            )
v.                                       )
                            )        Case No. 7:25-cv-01760-PMH
TRANS UNION LLC,                         )        Hon. Philip M. Halpern
              Defendant.        )
                            )

## MEMORANDUM OF LAW
## IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Dated: July 10, 2025
Mamaroneck, New York

*by /R⸺*

Jeffrey Thomas Pirzinger
135 Beechwood Dr.
Mamaroneck, NY 10543
(914) 497-1104
Pro Se Plaintiff

## Table of Authorities

**Cases**                                                                                     **Page**

**Ashcroft v. Iqbal, 556 U.S. 662 (2009)**                                                    **Page 6**
Description: Clarifies Rule 12(b)(6) pleading requirements,                            Cited: Legal Standard
requiring plausible claims.


**Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)**                                           **Page 6**
Description: Establishes Rule 12(b)(6) standard requiring                              Cited: Legal Standard
facts plausible on their face


**Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010)**                                  **Pages 7-8**
Description: Discusses FCRA's purpose and reasonableness                       Cited: Argument Sections I, II
of reinvestigation; factual defenses unsuitable for Rule
12(b)(6)


**Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir.**                                      **Pages 7-8**
**1997)**                                                                     Cited: Argument Sections I, II
Description: Clarifies CRA's duty to contact furnishers for
reinvestigation


**Foman v. Davis, 371 U.S. 178 (1962)**                                                      **Page 11**
Description: Establishes liberal standard for granting leave to                Cited: Argument Sections VI
amend under Rule 15(a)(2)


**Harris v. Mills, 572 F.3d 66 (2d Cir. 2009)**                                               **Page 6**
Description: Supports liberal construction of pro se pleadings                         Cited: Legal Standard


**Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994)**                                 **Pages 7-8**
Description: Confirms CRA's reinvestigation duty and no                        Cited: Argument Sections I, II
need to prove inaccuracies at pleading stage


**Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,**                               **Page 11**
**797 F.3d 160 (2d Cir. 2015)**                                                Cited: Argument Sections VI
Description: Supports liberal amendment under Rule
15(a)(2)


**Mader v. Experian Info. Sols., Inc., 56 F.4th 264 (2d Cir.**                               **Pages 6-7**
**2023)**                                                                             Cited: Legal Standard
Description: Outlines FCRA pleading requirements,                                     Argument Section I
including inaccuracy and reinvestigation


**Roberts v. Carter Young, 131 F.4th 241 (4th Cir. 2025)**                                   **Pages 7-8**
Description: Confirms a single disputed tradeline can trigger                  Cited: Argument Sections I, II
FCRA liability if not reinvestigated

**Sessa v. Trans Union, LLC, 74 F.4th 38 (2d Cir. 2023)**
Description: Holds inaccuracies actionable if "objectively and readily verifiable"

**Pages 4, 7-9**
Cited: Preliminary Statement, Argument Sections I, II, III

**Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88 (2d Cir. 2021)**
Description: Addresses CRA's duty to reinvestigate upon sufficient notice

**Pages 7-9**
Cited: Argument Sections I, III

**Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)**
Description: FCRA violations causing tangible harm satisfy Article III standing

**Page 9**
Cited: Argument Sections IV

**TransUnion LLC v. Ramirez, 594 U.S. 413 (2021)**
Description: Establishes Article III standing requirements for FCRA claims

**Page 9**
Cited: Argument Sections IV

**Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006)**
Description: Courts construe pro se pleadings to raise the strongest arguments

**Page 6**
Cited: Legal Standard

**Statues**
**15 U.S.C. § 1681e(b)**
Description: Mandates reasonable reinvestigation of disputed information in a consumer's file upon sufficient notice

**Pages 4, 7-9**
Cited: Preliminary Statement, Argument Sections I, III

**Fed. R. Civ. P. 5(b)(2)(C)**
Description: Governs service by mail for parties not registered for ECF

**Page 9**
Cited: Argument Section V

**Fed. R. Civ. P. 12(b)(6)**
Description: Allows dismissal for failure to state a claim upon which relief can be granted

**Pages 4, 6, 8**
Cited: Preliminary Statement, Legal Standard, Argument Section II

**Fed. R. Civ. P. 15(a)(2)**
Description: Permits amendment of pleadings with court's leave, granted liberally

**Page 11**
Cited: Argument Section VI, Conclusion

**SDNY ECF Rule 9.2**
Description: Requires service of ECF-filed documents to non-ECF parties by mail or other means

**Page 9**
Cited: Argument Section V

## PRELIMINARY STATEMENT

Plaintiff Jeffrey Thomas Pirzinger, proceeding pro se, respectfully submits this memorandum in opposition to Defendant Trans Union LLC's ("TransUnion") motion to dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 17). The FAC alleges plausible claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i. On January 2, 2025, Plaintiff mailed a detailed written communication which identified 35 disputes of inaccurate items of information in consumer report #4500-79572-043, with supporting documents (FAC ¶ 10). TransUnion acknowledged receipt and logging (case number 255-797-96; Ex. C at 00:02:28) but refused to reinvestigate, claiming the writing was "illegible" or "undeterminable" (FAC ¶ 13; Ex. C at 00:03:35–00:04:18; Ex. E). This refusal violates § 1681i, as representatives Summer (Ex. A, July 1, 2025, at 00:05:10–00:06:13) and Kim (Ex. C at 00:06:43) confirmed receipt, with Summer validating legibility and contents. Kim's confirmed that the dispute requirements match the FAC, contradicting TransUnion's "illegible" claim in its letter (Ex. E). The FAC's three verifiable items of information satisfy *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023), and allege harm exceeding $151,000, including credit denials. Defendant's motion mischaracterizes the 35 disputes and ignores its FCRA obligations.

## FACTUAL BACKGROUND

On January 2, 2025, Plaintiff mailed detailed written communication which identified 35 disputes of inaccurate items of information to TransUnion via Federal Express, delivered January 6, 2025, and logged January 8, 2025 (Ex. A at 00:06:46–00:06:53; Ex. C at 00:02:28). The mailing, included:

1. A table listing 35 allegedly inaccurate tradelines in consumer report #4500-79572-043, with furnisher names, account numbers (matching the consumer report), inaccurate item and the reason it was inaccurate;

2. A utility bill verifying Plaintiff's address;

3. A notarized declaration attesting to the disputed items;

4. A passport copy for identity verification.

TransUnion replied with sent a one-page letter dated January 8, 2025, claiming the writing was "illegible" or "undeterminable" (FAC ¶ 13; Ex. C at 00:03:35–00:04:18; Ex. E). A July 1, 2025, phone call with TransUnion agent "Summer" (Ex. A, Certified Transcript; Ex. B, Certificate of Transcription) confirms the writing was legible, and contained 35 disputed items of information, including sixteen Elan Services/Fidelity items (Ex. A at 00:05:10–00:06:13). A July 7, 2025, phone call with TransUnion agent "Kim" (Ex. C, Certificate of Transcription; Ex. D, Certificate of Transcription) confirms receipt and logging (case number 255-797-96) but reiterates the "illegible" claim, noting disputes require furnisher names, account numbers, identification of the items, and reasons (Ex. C at 00:06:43–00:07:01). TransUnion does not dispute its failure to reinvestigate.

The FAC (¶ 11) identified three verifiable items of information, meeting requirements confirmed by TransUnion agent Kim:

1. ELAN SVCS/FIDELITY, Account #XXXXXXXX0929 (redacted), Inaccurate Item: High Balance: $21,551 from 10/2024 to 11/2024, Reason: Inaccurate amount;

2. TBOM/FORTIVA, Account #XXXXXXXX9727 (redacted), Inaccurate Item: Past Due: $112, Reason: Inaccurate, $0 past due;

3. TD BANK USA/TARGETCREDI, Account #XXXXXXXX1360 (redacted), Inaccurate
   Item: Rating 10/2024 30, Reason: Payment not late.

These inaccuracies caused two consumer credit transaction denials for vehicle purchases,
totaling $151,435, loss of employment transportation, and emotional distress (FAC ¶¶ 15–16).
Exhibit E: TransUnion's January 8, 2025, response claiming the writing was "illegible" or
"undeterminable" (FAC ¶ 13; Ex. C at 00:03:35–00:04:18), accompanied by Plaintiff's
declaration of authenticity, dated July 10, 2025.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim
to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
Courts construe pro se pleadings liberally, accepting factual allegations as true, drawing all
reasonable inferences in the plaintiff's favor, and raising the strongest arguments they suggest.
*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d
471, 474 (2d Cir. 2006); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). FCRA claims under 15
U.S.C. § 1681i require alleging an inaccurate item of information in a consumer report, sufficient
notice of a dispute, and a failure to reasonably reinvestigate. *Mader v. Experian Info. Sols., Inc.*,
56 F.4th 264, 269 (2d Cir. 2023).

## ARGUMENT

## I.    THE FAC ALLEGES PLAUSIBLE FCRA VIOLATIONS

TransUnion violated 15 U.S.C. § 1681i(a) by refusing to reinvestigate Plaintiff's disputes despite clear notice. A consumer reporting agency must conduct a reasonable reinvestigation, upon receiving a dispute. *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 93 (2d Cir. 2021); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 710 (3d Cir. 2010); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286–87 (7th Cir. 1994). Plaintiff need not prove inaccuracies at this stage; the FCRA imposes a duty on TransUnion to reinvestigate. *Shimon*, 994 F.3d at 93. The FAC alleges a written communication of the 35 disputes was typed in legible 12-point font, double-spaced, with one-inch margins and numbered pages. The communication included a typed table listing 35 inaccurate items organized by furnisher, account number, inaccurate item, and reason for the inaccuracy, supported by verification documents (FAC ¶ 10). TransUnion's agent Summer, confirmed its legibility and contents, including sixteen Elan Services/Fidelity items (Ex. A at 00:05:10–00:06:13). TransUnion's agent Kim, confirmed receipt and logging (Ex. C at 00:02:28) and confirmed that TransUnion claimed the writing was "illegible" (Ex. C at 00:03:35; Ex. E), despite stating disputes require furnisher names, account numbers, inaccurate items and reasons, criteria met by the FAC (Ex. C at 00:06:43). TransUnion's refusal, documented in its January 8, 2025, letter (Ex. E), frustrates the FCRA's purpose of accurate reporting. *Cortez*, 617 F.3d at 709. The FAC's three items (ELAN SVCS/FIDELITY, TBOM/FORTIVA, TD BANK USA/TARGETCREDI) are objectively verifiable, satisfying *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023).

## II.    TRANS UNION'S "ILLEGIBILITY" DEFENSE IS A FACTUAL ISSUE

TransUnion's claim that the writing was "illegible" or "undeterminable" (ECF No. 17-1, p. 2; Ex. E) is a factual defense unsuitable for Rule 12(b)(6) dismissal. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010). The FAC alleges a structured written communication (FAC ¶ 10). Summer's confirmation of its legibility and contents, including sixteen Elan Services/Fidelity items (Ex. A at 00:05:10–00:06:13), contradicts Kim's verification that TransUnion responded saying the writing was "illegible" (Ex. C at 00:03:35; Ex. E), raising a material fact issue about the reasonableness of TransUnion's refusal to reinvestigate. *Roberts v. Carter Young*, 131 F.4th 241, 246–47 (4th Cir. 2025). Kim's confirmed the requirements for a dispute submission include, furnisher names, account numbers, disputed items and disputed reasons (Ex. C at 00:06:43), align with the writing's contents, per Summer, suggesting TransUnion could have verified the disputes through its independent reinvestigation. *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286–87 (7th Cir. 1994). This inconsistency, evidenced by TransUnion's letter (Ex. E), requires discovery.

## III.    PLAINTIFF NEED NOT DETAIL ALL 35 INACCURACIES

The FCRA does not require pleading every alleged inaccuracy at this stage. A single disputed item of information, if uncorrected after notice, may establish a violation. *Roberts v. Carter Young*, 131 F.4th 241, 246–47 (4th Cir. 2025). TransUnion's specificity argument (ECF No. 17-1, p. 4) disregards *Sessa*, which permits "objectively and readily verifiable" disputes. 74 F.4th 38, 43 (2d Cir. 2023). The FAC's three inaccurate items, confirmed by TransUnion's representative Summer (Ex. A) and meeting requirements outlined by representative Kim (Ex. C

at 00:06:43), suffice to trigger a reasonable reinvestigation. *Shimon*, 994 F.3d 88, 93–94 (2d Cir. 2021).

## IV.    PLAINTIFF ALLEGES CONCRETE HARM

The FAC establishes Article III standing under *TransUnion LLC v. Ramirez*, 594 U.S. 413, 433 (2021), alleging concrete harms from TransUnion's inaction:

   a.   Two consumer credit transaction denials totaling $151,435 traceable to inaccurate items;

   b.   Loss of transportation critical for employment;

   c.   Emotional distress, including anxiety from financial insecurity.

These harms satisfy the FCRA's requirement for tangible injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42 (2016).

## V.    DEFENDANT'S SERVICE FAILURE VIOLATES RULE 5 AND SDNY RULE 9.2

TransUnion's certificate of service (ECF No. 17, p. 3) lacks any proof of mailing, in violation of Fed. R. Civ. P. 5(b)(2)(C) and SDNY ECF Rule 9.2. As a pro se litigant who is not registered for ECF, Plaintiff was entitled to service by mail or other means authorized under Rule 5. Instead, Plaintiff became aware of the motion through self-initiated monitoring of the PACER system, not through proper service.

Such a failure is not a mere technicality. The obligation to serve pleadings properly is fundamental, especially when the opposing party is unrepresented. Improper service by experienced counsel introduces both procedural irregularity and concrete prejudice to a pro se

litigant, who lacks institutional support and must rely on timely and accurate service to respond effectively.

Given this failure by counsel to meet basic procedural requirements, and the resulting prejudice to Plaintiff, the motion should be summarily denied.

## VI.    ALTERNATIVE REQUEST FOR LEAVE TO AMEND

If any deficiency exists, Plaintiff requests leave to file a Second Amended Complaint under Rule 15(a)(2), which courts grant liberally absent undue prejudice or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loreley Fin.* (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015). The FAC, however, suffices for discovery.

## CONCLUSION

Plaintiff requests the Court deny TransUnion's motion to dismiss (ECF No. 17) and allow discovery. Alternatively, Plaintiff requests leave to amend under Rule 15(a)(2).

Respectfully Submitted,

Dated: July 10, 2025

Jeffrey Thomas Pirzinger
135 Beechwood Dr.
Mamaroneck, NY 10543
(914) 497-1104
Pro Se Plaintiff

# Exhibit A

**Certified Transcript of July 1, 2025 Phone Call with Trans Union LLC Agent "Summer"**

This transcript, produced from a July 1, 2025, phone call audio recording, confirms Trans Union LLC received the written communication identifying the 35 disputes on January 6, 2025, logged it on January 8, 2025, and found it legible, containing 35 disputed items, including sixteen Elan Services/Fidelity items of information. This contradicts Trans Union LLC's "illegible" claim. The transcript & its certification (Exhibit B) are attached.

# 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

| | |
|---|---|
| 1 | [audio starts 00:00:00] |
| 2 | 00:00:00 Recording:  Thank you for calling TransUnion. For English, press or say one. |
| 3 | [vernacular 00:00:03] Calls are recorded for quality and training purposes. For faster service, |
| 4 | please visit www.transunion.com to explore our many self-service options or you can use our |
| 5 | new mobile messaging experience. How can we help you today? |
| 6 | 00:00:21 Jeffrey:  Representative. |
| 7 | 00:00:24 Recording:  I heard that you want to speak with an agent. Is that correct? |
| 8 | 00:00:27 Jeffrey:  Yes. |
| 9 | 00:00:28 Recording:  To continue this conversation over text press or say one for Android |
| 10 | and two for iPhone. Otherwise, stay on the line for the next available agent. Please say or enter |
| 11 | your current mailing zip code. |
| 12 | 00:00:41 Jeffrey:  10543. |
| 13 | 00:00:44 Recording:  You entered 10543. Press or say one if this is correct or press or say |
| 14 | two to try again. Please say or enter your full social security number. Please say or enter your |
| 15 | date of birth using two digits for the month, two digits for the day, and four digits for the year. |
| 16 | You entered December 5th, 1979. Press or say one if this is correct or press or say two to try. To |
| 17 | verify, say or enter the numeric portion of your street address followed by the pound key. You |
| 18 | entered 135. Press or say one if this is correct or press or say ... two to stay on the line for the |
| 19 | next available agent. |
| 20 | 00:01:32 Transunion:  [indistinct 00:01:32] and before we get started, Jeffrey, please |
| 21 | provide your phone number and email address where can contact you in the event that this call |
| 22 | gets disconnected. |

## 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1    00:01:43 Jeffrey:  I do not have an email address to provide to you, but the phone number is

2    914-497-1104. What did you say your name was?

3    00:01:54 Transunion:  [indistinct 00:01:54] My name is Summer, it's like the summer.

4    00:01:58 Jeffrey:  How do you, Summer, S-U-M-M-E-R.

5    00:02:02 TransUnion Rep.:  That is correct, Jeffrey.

6    00:02:03 Jeffrey:  Okay.

7    00:02:03 TransUnion Rep.:  Jeffrey, how may I help you this afternoon?

8    00:02:05 Jeffrey:  I'm calling from New York. It's July 1st. Where are you? Are you in the

9    United States, too?

10   00:02:12 TransUnion Rep.:  Abroad.

11   00:02:13 Jeffrey:  What's that?

12   00:02:13 TransUnion Rep.:  Currently in the Philippines.

13   00:02:15 Jeffrey:  The Philippines, awesome. Is it nice and sunny out there today?

14   00:02:18 TransUnion Rep.:  It's kind of rainy outside.

15   00:02:21 Jeffrey:  Oh, well, stay dry. So I'm calling about a mailing that I'm showing that

16   you guys received back on January 6th. It was a series of disputes. Can you pull that up in your

17   system, please, the documentation?

18   00:02:7 TransUnion Rep.:  Of course, definitely, definitely, Jeffrey. Of course. Hold on a

19   second. Let me just try to pull up those documents.

20   00:02:44 Jeffrey:  Thank you, Summer.

21   00:02:54 TransUnion Rep.:  If those were being posted by our staff. The only documentation

22   that I can see here was the one posted around January 9th.

23   00:02:57 Jeffrey:  And what was that documentation?

## 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1    00:02:59 TransUnion Rep.: 20.5.

2    00:03:01 Jeffrey: What documentation was that?

3    00:03:03 TransUnion Rep.: This documentation is ... Hold on. Let me try to retrieve this

4    document.

5    00:03:09 Jeffrey: Does it say how many pages it was?

6    00:03:11 TransUnion Rep.: 15 pages.

7    00:03:13 Jeffrey: You said fifth fifth, how many?

8    00:03:14 TransUnion Rep.: And then... 15, one five.

9    00:03:18 Jeffrey: Okay, and ...

10   00:03:19 TransUnion Rep.: Notice to the principal is notice to the agent. Notice to the agent

11   is notice to the principal.

12   00:03:22 Jeffrey: Can you read that?

13   00:03:23 TransUnion Rep.: Disputed inaccurate items of information.

14   00:03:26 Jeffrey: Is that the subject of the ...

15   00:03:28 TransUnion Rep.: I am contacting you as a consumer. Yes, that's the subject. 35

16   disputed ...

17   00:03:35 Jeffrey: I'm sorry ...

18   00:03:35 TransUnion Rep.: Inaccurate items of ...

19   00:03:36 Jeffrey: I'm sorry. I'm sorry. It's hard, it's hard to hear, it's hard to hear you. Can

20   you just speak a little louder, please?

21   00:03:40 TransUnion Rep.: [indistinct 00:03:40] Subject is 35 disputed inaccurate items of

22   information.

23   00:03:50 Jeffrey: Okay, I heard that. What did you say after that?

## 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1    00:03:52 TransUnion Rep.:  Dear TransUnion LLC contacting you as a consumer directly

2    and in writing under FCRA disputed accuracy of 35 items of information listed below which are

3    contained in Consumer Reports pursuant to 15 USC 1681 ...

4    00:04:16mJeffrey:  What does it say next?

5    00:04:17 TransUnion Rep.:  13 pages for this.

6    00:04:18 Jeffrey:  What does it say? Pursuant to 15 USC 1681 and what's after that?

7    00:04:22 TransUnion Rep.:  1681 IA1A.

8    00:04:26 Jeffrey:  And then what does it say?

9    00:04:27 TransUnion Rep.:  Which requires you to conduct a reasonable investigation. The

10   investigation to determine whether 35 disputed items of information are inaccurate.

11   00:04:43 Jeffrey:  Okay, I understood that. What does it say next?

12   00:04:46 TransUnion Rep.:  So, these are the 35 disputed inaccurate items of information.

13   First off, there are 16 Elan Services Fidelity Accounts disputing ...

14   00:05:01 Jeffrey:  Do you see, do you see down below, was there ... Does it list what was

15   disputed and the reason it was disputed?

16   00:05:10 TransUnion Rep.:  Each one of those accounts, Elan Services, account number, pay

17   status, charge-off, and the reason is not charge-off. The inaccurate item is charge-off and yet

18   your claiming is not charge-off. This is just an instance for Elan.

19   00:05:29 Jeffrey:  Okay, okay yes.

20   00:05:30 TransUnion Rep.:  For Elan Services.

21   00:05:30 Jeffrey:  All right, so that was one item of information. How many different items,

22   how many different items of information do you see that was submitted?

23   00:05:38 TransUnion Rep.:  Of the letter, 35.

### 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1   00:05:40 Jeffrey:  35, okay, so that's what you see. All right. And this was based off of a

2   consumer report. I think in that first paragraph that you were reading, what was the report

3   number that it referenced?

4   00:05:53 TransUnion Rep.:  Reference to 15 USC. 1681 I. Apple number 1A.

5   00:06:02 Jeffrey:  Okay, and...

6   00:06:02 TransUnion Rep.:  Apple 1 Apple.

7   00:06:04 Jeffrey:  Before that where you said which are contained in consumer report, what

8   was the number of the consumer report that was referenced in that first paragraph?

9   00:06:13 TransUnion Rep.:  4500-79572-043.

10   00:06:20 Jeffrey:  Okay. All right, so do you understand what I was attempting to

11   communicate by sending this?

12   00:06:25 TransUnion Rep.:  Of course. You are filing this piece regarding those 35 accounts

13   with inaccurate information on them.

14   00:06:33 Jeffrey:  Gotcha.

15   00:06:33 TransUnion Rep.:  Way back in February or way back in January.

16   00:06:37 Jeffrey:  Okay, and what was the date that you have received? I know this, I know

17   Federal Express said it was delivered January 6, 2025.

18   00:06:46 TransUnion Rep.:  It was posted on our end as of January 8, 2025.

19   00:06:51 Jeffrey:  January 8.

20   00:06:53 TransUnion Rep.:  Date received 1-8-25.

21   00:06:55 Jeffrey:  Ah, interesting. Okay. All right, and who actually reviewed this letter?

22   Does it say who reviewed this correspondence that I sent that's disputing these 35 items? Does it

23   say who reviewed it?

### 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1  00:07:05 TransUnion Rep.: Of course, like the specific re-, specific person.

2  00:07:09 Jeffrey: Yes.

3  00:07:09 TransUnion Rep.: Unfortunately, there isn't. It's just mentioned here posted by our

4  back office. There isn't a specific name who did?

5  00:07:19 Jeffrey: So it was posted by your back office? Where is the ...

6  00:07:22 TransUnion Rep.: Yes.

7  00:07:22 Jeffrey: Back office located? Is the back office located in Chicago as well or the

8  Philippines?

9  00:07:28 TransUnion Rep.: In, hold on. Let me try to check if, where are they located. The

10  thing is, I cannot answer or I don't have a specific address to provide you with regards to where

11  they are reviewing it. They might just be picking it up on the PO Box. And then as for their

12  specific office where they are scanning these documents, there isn't an address for that.

13  00:07:54 Jeffrey: Okay. All right. I think, I think I understand everything that you are

14  saying. I appreciate your help, and you were clear and concise, and I really appreciate that.

15  00:08:06 TransUnion Rep.: Hold on a second here, Jeffrey. I'm just trying to check with

16  regards to this request to see what really happened to that document that you sent to us or if they

17  fulfilled it already.

18  00:08:17 Jeffrey: And you said you work for TransUnion LLC?

19  00:08:20 TransUnion Rep.: That is correct.

20  00:08:21 Jeffrey: The Consumer Reporting Agency, that is?

21  00:08:24 TransUnion Rep.: Yes, that is correct.

22  00:08:25 Jeffrey: How long have you been working with them? They're a great company,

23  right?

## 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1    00:08:27 TransUnion Rep.: Yes, like almost two years now.

2    00:08:30 Jeffrey: Oh, great. So you have a lot of experience.

3    00:08:31 TransUnion Rep.: Not yet. Still, there are a lot of information that needs to work.

4    00:08:36 Jeffrey.: Well, I mean, you can read. You understood that. I mean, what I'm saying

5    is you could read. You understood what I sent very, very well.

6    00:08:44 TransUnion Rep.: Used to. There you have it. It's about the prolonging, or it's

7    about the days working here, like already used on those letters that you are receiving every day

8    or likely we are reviewing every day.

9    00:09:01 Jeffrey: Yeah. Also, you're reviewing documents every day?

10    00:09:07 TransUnion Rep.: Of course. Like FTC reports, CFPB reports, and those disputes

11    like this one that you just sent us, like disputing something.

12    00:09:21 Jeffrey: Gotcha.

13    00:09:20 TransUnion Rep.: So let's start with Elan financial.

14    00:09:24 Jeffrey: I don't want ...

15    00:09:25 TransUnion Rep.: As of today ...

16    00:09:25 Jeffrey: I don't need to go over the individual items. I just wanted, I just wanted to

17    make sure that you actually did receive it and it was pretty, you know, I mean, you were able to

18    read it and you were able to understand what I was communicating. Summer, do you have an

19    employee ID or a reference for yourself?

20    00:09:44 TransUnion Rep.: Of course. Please let me know whenever you're ready.

21    00:09:48 Jeffrey: Okay. I'm ready. Go ahead. I'm ready.

22    00:09:53 TransUnion Rep.: My employee ID is Nancy Mike Apple.

23    00:10:01 Jeffrey: Okay.

### 2025-07-01-12-00-21-phone-TransUnion-800-916-8800-

1    00:10:02 TransUnion Rep.:  Charlie Apple.

2    00:10:09 Jeffrey:  Okay.

3    00:10:09 TransUnion Rep.:  Boy Apple.

4    00:10:12 Jeffrey:  So Nancy Mary Apple. Charlie Apple. Boy Apple.

5    00:10:22 TransUnion Rep.:  That is correct.

6    00:10:21 Jeffrey:  Okay. All right. Great. I appreciate the phone call and the communication.

7    I hope you have a blessed day.

8    00:10:31 TransUnion Rep.:  You too. You too. Is there anything else I can help you with

9    today, Jeffrey?

10    00:10:34 Jeffrey:  Not not today. Thank you.

11    00:10:38 TransUnion Rep.:  And again, Jeffrey, if you have nothing for me, thank you for

12    calling the TransUnion and have a great day ahead.

13    00:10:42 Jeffrey:  You too. Goodbye. You too.

# Exhibit B

### Certificate of Transcription

Transcription Certified By: Vanan Online Services, Inc.

Certified Transcript #VS00465327-COT

Dated: July 5, 2025

Authenticates Exhibit A.



**Vanan Online Services, Inc.**
Think Service Think Vanan

# <u>Certificate of Transcription</u>

**Transcription of "2025-07-01-12-00-21-phone-TransUnion-800-916-8800-.mp3".**

We, Vanan Online Services, Inc. a professional transcription company, hereby certify that the above-mentioned audio/video(s) has/have been transcribed by our qualified and experienced transcriber(s) is/are accurate and true transcription of the original audio/video(s).

This is to certify the correctness of the transcription only. Our transcriber is in no way related, by immediate family ties or marriage, to any parties related to the materials transcript. Transcription was done in the regular course of business.

A copy of the transcription is attached to this certification.

**Saravanan Nagaraj, CEO**

Date: 5th day of July 2025.

Vanan Online Services, Inc.
ATA Member #101387
ISO 9001:2015

**Vanan Online Services, Inc.**
**10711 Spotsylvania Ave., Suite A**
**Fredericksburg VA 22408**
**Office: (888) 535-5668 | Email: support@vananservices.com**

# Exhibit C

**Certified Transcript of July 7, 2025 Phone Call with Trans Union LLC Agent "Kim"**

This transcript, produced from a July 7, 2025, audio recording, confirms Trans Union LLC received the written communication identifying the 35 disputes, and then logged the writing on January 8, 2025, but claimed it was "illegible" (00:03:35). Trans Union LLC agent Kim specified dispute requirements (furnisher name, account number, reasons; 00:06:43), which align with the FAC and Exhibit A, contradicting Trans Union's refusal to reinvestigate. Case number: 255-797-96; File number: 450-079-572. The transcript & its certification (Exhibit D) are attached.

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    [audio starts 00:00:02]

2    00:00:02 Jeffrey:  Hello.

3    00:00:02 TransUnion Rep:  Thank you for calling TransUnion, my name is Kim. Can I have

4    a number to call if we get disconnected?

5    00:00:07 Jeffrey:  I'm sorry, you're breaking up a lot, can you repeat yourself clearly and

6    slowly.

7    00:00:14 TransUnion Rep:  Thank you for calling TransUnion, my name is Kim. Can I have

8    a number to call if we get disconnected?

9    00:00:20 Jeffrey:  Sure, Kim. 914-497-1104

10   00:00:29 TransUnion Rep:  Thank you. How can I assist you?

11   00:00:31 Jeffrey:  Uhm, I'm calling about a series of disputes that were submitted. Do you

12   have the account pulled up?

13   00:00:40 TransUnion Rep:  Can I have your name? Your first name and last name?

14   00:00:43 Jeffrey:  The name is Jeffrey Thomas Pirzinger.

15   00:00:49 TransUnion Rep:  Jeffrey Thomas Pirzinger, thank you. And please can you give

16   me your current address and the last four of your social?

17   00:00:54 Jeffrey:  The current address is 135 Beechwood Drive, Mamaroneck, New York,

18   10543. The social for the account is -------54. And you are, I'm calling here from New York and I

19   think it's July 7th, 2025.

20   00:01:21 TransUnion Rep:  Thank you. And this is for the dispute on your credit report.

21   00:01:26 Jeffrey:  Yeah, Kim, you're you're from TransUnion LLC, the credit reporting

22   agency, correct?

23   00:01:32 TransUnion Rep:  Correct.

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1   00:01:33 Jeffrey:  Okay. And are you calling from the United States or from another

2   country?

3   00:01:40 TransUnion Rep:  It's another country.

4   00:01:41 Jeffrey:  Is it the Philippines or India?

5   00:01:47 TransUnion Rep:  South Africa.

6   00:01:47 Jeffrey:  South Africa. Oh, great. So, yes, this was in reference ...

7   00:01:52 TransUnion Rep:  Okay.

8   00:01:52 Jeffrey:  This was in reference to the 35 disputed items back in the beginning of

9   January. I think you guys legered the mailing on January 8th, 2025.

10  00:02:09 TransUnion Rep:  Okay. Okay on my side it shows the Elan Financial Service, the

11  TBOM, the [indistinct 00:02:15] and TD Bank USA target credit.

12  00:02:19 Jeffrey:  So these were the disputes that you received on January 8th, right? The

13  documentation, I believe it was 15 pages?

14  00:02:28 TransUnion Rep:  Correct.

15  00:02:28 Jeffrey:  Okay. Now, can you tell me about your response to that mailing? I believe

16  there was a response sent out by mail also on January 8th. Can you pull that up?

17  00:02:43 TransUnion Rep:  Let me check for you just a moment. Yes, I can see there was a

18  letter sent out on the 8th of January, 2025.

19  00:02:56 Jeffrey:  And how many pages was that ...

20  00:02:57 TransUnion Rep:  It was for you to ...

21  00:03:00 Jeffrey:  I'm sorry, we both talk at the same time. How many pages was that letter

22  that was mailed out to me?

23  00:03:08 TransUnion Rep:  It was just a one-page letter that was mailed out to you.

2

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    00:03:10 Jeffrey:  One page, meaning a front and a back?

2    00:03:14 TransUnion Rep:  Correct.

3    00:03:15 Jeffrey:  Okay. You said the date on that letter was January 8th?

4    00:03:20 TransUnion Rep:  Yes, on the 8th of January, 2025.

5    00:03:23 Jeffrey:  And who was it from? Who was the letter from?

6    00:03:28 TransUnion Rep:  It was from TransUnion regarding your disputed status.

7    00:03:31 Jeffrey:  Okay. And what did the letter say, specifically?

8    00:03:35 TransUnion Rep:  It shows after, again message shows after reviewing your

9  correspondence, we were unable to process your request because we were unable to determine

10  the nature of your request or the request was illegible. To investigate information contained in

11  your credit report, please type or print the account name and number and specify why you are

12  disputing it. For example, this is not my account, I have never paid late, etcetera. Please provide

13  us with the, with this information so we may process your request and initiate an investigation.

14    00:04:18 Jeffrey:  Okay. Thank you, that was pretty clear. Would you be able to fax that to

15  me?

16    00:04:27 TransUnion Rep:  You need the fax again. Mail to you.

17    00:04:30 Jeffrey:  Can you fax it to me so I can receive it today?

18    00:04:35 TransUnion Rep:  Let me just check on my side. Unfortunately, I cannot fax it to

19  you. I can only send it to your mailing address.

20    00:04:39 Jeffrey:  Okay. Can you mail it to me then?

21    00:04:46 TransUnion Rep:  Okay. It will take you seven business days for you to receive it.

22    00:04:49 Jeffrey:  Okay. Great.

23    00:04:51 TransUnion Rep:  On your mailing address.

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    00:04:52 Jeffrey:  Can you confirm the mailing address that you will be sending it to?

2    00:04:59 TransUnion Rep:  135 Birchwood Drive, Mamaroneck, New York, 10543.

3    00:05:06 Jeffrey:  Yes. That was Beechwood Drive. B-E-E-C-H-W-O-O-D.

4    00:05:13 TransUnion Rep:  Oh, yes. Beechwood Drive. B-E-E-C-H-W-O-O-D.

5    00:05:17 Jeffrey:  Great. Yes. If you can confirm that that has been processed.

6    00:05:27 TransUnion Rep:  Yes. It will take you seven business days for you to receive it.

7    00:05:30 Jeffrey:  Okay. So just to confirm, that letter said that TransUnion LLC could not

8    determine the nature of the correspondence, or they are saying that it was illegible, meaning that

9    they could not read it?

10    00:05:48 TransUnion Rep:  Yes. They could not proceed with your request. [indistinct

11    00:05:51] So you need to ask the account name and the reason why you are disputing the

12    account. Like it has to be the account, the account number, and the reason why you are disputing.

13    For example, if it is not your account, you will ask if it is not my account. Or if you have never

14    been late you, you'll add I was never late for this account.

15    00:06:13 Jeffrey:  Okay. I understand. And should I just use the account number that is

16    listed as it's listed on the credit report?

17    00:06:22 TransUnion Rep:  Correct. The same account number. You can add it to your

18    disputed items.

19    00:06:28 Jeffrey:  Okay. So just for confirmation, the dispute correspondence should contain

20    the furnisher or creditor name as it appears on the credit report, the account number as it appears

21    on the credit report, the item details.

22    00:06:43 TransUnion Rep:  Correct.

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    00:06:44 Jeffrey:  The item details, like if the balance is allegedly incorrect, I would list the

2    balance, and then I would say what is incorrect or why it is incorrect. For example, the balance is

3    too high or too low, or that is not the correct balance. Is that correct?

4    00:07:01 TransUnion Rep:  That is correct. You have to add a consumer statement on why

5    you are disputing it.

6    00:07:06 Jeffrey:  Okay. I think I understand completely. And do you have an employee

7    identification number of some sort?

8    00:07:16 TransUnion Rep:  I will give you a case number 255.

9    00:07:19 Jeffrey:  255.

10    00:07:22 TransUnion Rep:  797.

11    00:07:22 Jeffrey:  797.

12    00:07:27 TransUnion Rep:  96.

13    00:07:28 Jeffrey:  96. And what does that number represent?

14    00:07:33 TransUnion Rep:  It is the case number for our conversation today and for the

15    dispute that you have.

16    00:07:38 Jeffrey:  So that is the case number for our conversation today regarding these

17    disputes?

18    00:07 43 TransUnion Rep:  To investigate, correct.

19    00:07:46 Jeffrey:  Okay. And how can you be identified for future purposes? Like do you

20    have an employee ID number?

21    00:07:55 TransUnion Rep:  At the moment, I can only provide you with the case number

22    and your file number.

23    00:08:01 Jeffrey:  Okay. What is the file number?

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    00:08:05 TransUnion Rep: It is 450.

2    00:08:06 Jeffrey: 450.

3    00:08:09 TransUnion Rep: 079.

4    00:08:11 Jeffrey: 079.

5    00:08:14 TransUnion Rep: 572.

6    00:08:16 Jeffrey: 572.

7    00:08:19 TransUnion Rep: Correct.

8    00:08:20 Jeffrey: That is the file number. So if anyone were to pull up this file number or

9    case number, they would see your name?

10    00:08:29 TransUnion Rep: Correct.

11    00:08:29 Jeffrey: Okay. All right. I appreciate all of your help. You have been kind and

12    helpful. Thank you again.

13    00:08:37 TransUnion Rep: Thank you for calling TransUnion. You will receive a survey,

14    and I would appreciate a feedback from you.

15    00:08:42 Jeffrey: Okay. I have a quick question. On that letter that they sent, you said it was

16    from TransUnion. When they wrote TransUnion on that letter, did they put a space between trans

17    and union, or is it TransUnion as in one word?

18    00:08:59 TransUnion Rep: Let me double-check that for you. One second. It is actually in

19    one word. TransUnion. It's not separate, it's in one word.

20    00:09:15 Jeffrey: So it's TransUnion, one word and then a space then LLC?

21    00:09:21 TransUnion Rep: Correct.

22    00:09:22 Jeffrey Okay. Thank you for that confirmation. I appreciate your help. Have a

23    great day.

6

## 2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-

1    00:09:29 TransUnion Rep: Thank you for calling TransUnion. Enjoy the rest of your day.

2    00:09:32 Jeffrey: Thank you. You too. Goodbye.

# Exhibit D

### Certificate of Transcription

Transcription Certified By: Vanan Online Services, Inc.

Certified Transcript #VS00465328-COT

Dated: July 9, 2025

Authenticates Exhibit C.



## Vanan Online Services, Inc.
Think Service Think Vanan

## **Certificate of Transcription**

### Transcription Of File Name:

### "2025-07-07-12-09-01-phone-TransUnion-1-208-400-2014-.mp3"

We, Vanan Online Services, Inc. a professional transcription company, hereby certify that the above-mentioned file has/have been transcribed by our qualified and experienced transcriber(s) is/are accurate and true transcription of the original file.

This is to certify the correctness of the Transcription only. We cannot guarantee the veracity of the original File. Our Transcriber is in no way related, by immediate family ties or marriage, to any parties related to the materials Transcribed.

A copy of the transcription is attached to this certification.

Kayla Vega, Production Manager

### Date: 9th day of July 2025

Vanan Online Services, Inc.
ATA Member: M-101387
ISO 9001:2015

10711 Spotsylvania Ave., Suite A Fredericksburg VA 22408 Office: (888) 535-5668
Email: **support@vananservices.com** Website: www.vananservices.com

# Exhibit E

## TransUnion Letter Dated January 8, 2025

This exhibit is a true and correct copy of the one-page letter (front and back) dated January 8, 2025, received from Trans Union, claiming Plaintiff's written communication identifying the 35 disputes was "illegible" or "undeterminable" (FAC ¶ 13; Ex. C at 00:03:35–00:04:18), accompanied by Plaintiff's declaration under penalty of perjury, dated July 10, 2025, attesting to its authenticity. Letter attached.

***450079572-049***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

File Number: 450079572
Page: 1 of 2
Date Issued: 1/8/2025

 TransUnion.

PL7MUE00107353-I014705-229107020

JEFFREY T PIRZINGER
135 BEECHWOOD DR
MAMARONECK, NY 10543-1201

We appreciate you taking the time to contact us at TransUnion. Our goal is to maintain complete and accurate credit information. It's our commitment to you.

Re: Dispute Status

After reviewing your correspondence, we are unable to process your request because we were unable to determine the nature of your request or your request was illegible. To investigate information contained in your credit report, please type or print the account name and number, and specify why you are disputing it (for example, "this is not my account", "I have never paid late", etc.). Please provide us with this information so we may process your request and initiate an investigation. You may contact us at (800) 916-8800. Our business hours are Monday through Friday, 8:00 am - 11:00 pm, Eastern Time.

We're here to help. Should you have any further questions please contact us at:
- www.transunion.com
- (800) 916-8800
- P.O. Box 2000
Chester, PA 19016-2000

Please have your file number ready 450079572.

| | |
|---|---|
| File Number: | 450079572 |
| Page: | 2 of 2 |
| Date Issued: | 1/8/2025 |



## Disclosure Request Form

To receive a copy of your credit report, please complete this form and attach proof of the required information before returning it to TransUnion Consumer Relations.  If you wish, you may also use this form to purchase a credit score and have it sent with your credit report.

| Name: | SSN: |
|---|---|
| Current Address: | Previous Address: |
| Other Name(s) Used: | Date of Birth : |

**Proof of Current Address**

Acceptable forms of Current Address verification include copies of two of the following documents that show your Current Address:
a) Driver's license
b) Utility bill
c) Bank or credit union statement
d) Cancelled check
e) Signed homeless shelter letter
f) Stamped post office box receipt
g) Government issued ID
h) State ID card
i) Pay stub

**Proof of Social Security Number**

Acceptable forms of Social Security verification include a copy of one of the following documents that shows your Social Security Number:
a) Social Security card
b) Letter from the Social Security Administration
c) Military ID
d) Medicaid or Medicare card

**Proof of Date of Birth**

Acceptable forms of Date of Birth verification include a copy of one of the following documents that shows your Date of Birth:
a) Birth certificate
b) Driver's license
c) Government issued ID
d) Passport

Important notes regarding acceptable forms of proof:
- Utility Bills, Bank or Credit Union Statements, Cancelled Checks and Pay Stubs must not be older than 2 months.
- P.O. Box Receipts and Homeless Shelter Letters must not be older than 12 months.
- We are unable to accept documents that contain a past expiration date as proof.
- Electronic statements printed from a website cannot be accepted as proof.

**Include Payment (If necessary)**

If you would like to receive your TransUnion Consumer Credit Score in addition to the credit report, please provide additional payment.

**TransUnion Credit Score - $9.95**

Check here ☐ to include credit score with credit report.

Check credit card type:   ☐ MasterCard   ☐ American Express Card   ☐ VISA   ☐ DISCOVER

Card Number: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Expiration Month/Year:_____ / _____

You may also pay by sending a check or money order, for the required amount, payable to TransUnion. Once payment is received, we will promptly send you a copy of your credit report (and score if applicable).

Form-950 (Disclosure Request)

## DECLARATION OF JEFFREY THOMAS PIRZINGER

I, Jeffrey Thomas Pirzinger, declare under penalty of perjury that Exhibit E, attached to

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, is a true and

correct copy of the one-page letter (front and back) dated January 8, 2025, received from Trans

Union LLC, claiming that the written communication identifying the 35 disputes was "illegible"

or "undeterminable."

Dated: July 10, 2025
Mamaroneck, New York

Jeffrey Thomas Pirzinger
135 Beechwood Dr.
Mamaroneck, NY 10543
(914) 497-1104
Pro Se Plaintiff