**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)**

| | |
|---|---|
| JEFFREY THOMAS PIRZINGER,<br>       Plaintiff, | CASE NO.  7:25-cv-01760-PMH |
| vs. | **TRANS UNION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| TRANS UNION LLC,<br>       Defendant. | |

Defendant, Trans Union, LLC ("Trans Union"), by counsel, hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Opposition to Trans Union's Motion to Dismiss Plaintiff's Amended Complaint (the "Opposition") fails to remedy the fundamental deficiencies of the Complaint, and therefore, Trans Union's Motion should be granted in its entirety.

## INTRODUCTION

The Opposition of *Pro se* Plaintiff, Jeffrey Thomas Pirzinger ("Plaintiff"), confirms, rather than rebuts, the fatal deficiencies outlined in Trans Union's Motion and advances more legal conclusions, without establishing the factual predicates necessary to state a claim under the Fair Credit Reporting Act ("FCRA"). As set forth fully in Trans Union's Motion, Plaintiff's Amended Complaint misses the mark as it fails to identify with specificity what Trans Union has done wrong aside from his vague and conclusory statements that Trans Union allegedly reported "35 separate inaccurate items of information appearing in Plaintiff's consumer report." *See* Amend. Compl. (Doc. No. 9). Plaintiff's Opposition doubles down on his subjective belief that that he has sufficiently alleged a claim under the FCRA and also that "Plaintiff need not detail all 35

inaccuracies." Plf. Opp (Dkt. No. 18 at p. 8). This is simply not the case. In support of his vague and conclusory Amended Complaint, Plaintiff's Opposition also improperly attempts to introduce new documents as exhibits for the first time not originally filed with his Amended Complaint, and, therefore, should be ignored. Accordingly, Trans Union respectfully requests that this Court dismiss Plaintiff's claims with prejudice against Trans Union.

## ARGUMENT

Plaintiff's Opposition sets forth a few short arguments that his Amended Complaint and underlying claims should not be dismissed. Plaintiff's Opposition fails for the following reasons:

### A. PLAINTIFF'S OPPOSITION FAILS TO ALLEGE THE REQUIRED INACCURACY IN TRANS UNION'S REPORTING AND PLAINTIFF HAS FAILED TO ALLEGE WHAT INFORMATION TRANS UNION REPORTED MUCH LESS HOW IT WAS INACCURATE.

Plaintiff's Amended Complaint fails to adequately plead the required elements of a FCRA claim. In Trans Union's Motion, Trans Union explained that Plaintiff's Amended Complaint fails to identify with specificity what Trans Union has done wrong aside from his vague and conclusory statements that Trans Union allegedly reported "35 separate inaccurate items of information appearing in Plaintiff's consumer report." *See* Def. Motion (Dkt. No. 17 at pgs. 1-2). Facts regarding what information is inaccurate are simply nonexistent in Plaintiff's Amended Complaint or his Opposition. Instead, Plaintiff's Amended Complaint along with his Opposition simply provide three purported examples of possible alleged inaccuracies that include a high balance, a past due amount, and a late payment. *See* Amend Compl. (Dkt. No. 9, ¶ 11). However, the Amended Complaint provides no context as to why those entries may be inaccurate nor does Plaintiff indicate what the reporting should reflect. Both Plaintiff's Amended Complaint and Opposition leave Trans Union guessing as to what the alleged inaccuracies are in support of his alleged FCRA claims.

Indeed, and as set forth fully in Trans Union's Motion, to prevail on either a 15 U.S.C. § 1681e(b) or a 15 U.S.C. § 1681i claim under the FCRA, Plaintiff must demonstrate an inaccuracy in Trans Union's reporting. *See Mader v. Experian*, 56 F.4th 264, 269 (2d Cir. 2023) ("[T]o prevail on a section 1681e claim against a consumer reporting agency, it is necessary for a plaintiff to establish, among other things, that a credit report contained an inaccuracy."); *see also Lichtman v. Chase Bank USA, N.A.*, No. 18-cv-10960, 2020 WL 1989486, at *4 (S.D.N.Y. Apr. 27, 2020) ("A prerequisite for any FCRA claim is that the challenged credit information is incomplete or inaccurate."); *Houston v. TRW Information Services, Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is accurate"); *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) ("Similar to a section 1681e(b) plaintiff, 'a plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate.'") (internal citations omitted).

Further, a plaintiff must "identify the specific information on [his] credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps v. Experian*, No. 20-CV-3368, 2020 U.S. Dist. LEXIS 105879, 2020 WL 3268488, *3 (S.D.N.Y. June 16, 2020); *Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 U.S. Dist. LEXIS 22789, at *6 (S.D.N.Y. Feb. 7, 2022); *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (RML), 2024 U.S. Dist. LEXIS 55471, at *17 (E.D.N.Y. Mar. 27, 2024); *Cabrera v. Experian*, No. 1:21-CV-8313 (LTS), 2021 U.S. Dist. LEXIS 215750, at *6 (S.D.N.Y. Nov. 5, 2021); *Gestetner v. Equifax Info. Servs. LLC*, 2019 U.S. Dist. LEXIS 40415, at *6 (S.D.N.Y. Mar. 13, 2019).

In Plaintiff's Opposition, Plaintiff incorrectly relies on *Sessa v. Trans Union, LLC*, 74 F.4th 38 (2d. Cir. 2023) in support of his odd assertion that Trans Union's Motion "disregards *Sessa*,

3

which permits 'objectively and readily verifiable' disputes*"* and that "Plaintiff need not detail all 35 inaccuracies." *See* Plf. Opp (Dkt. No. 18 at p. 8). In *Sessa*, the court observed that "[t]he question of whether a debt is objectively and readily verifiable will sometimes, as it did in Mader, involve an inquiry into whether the debt is the subject of a legal dispute." *Sessa,* 74 F.4th at 43 (emphasis in original). In *Sessa*, plaintiff disputed Trans Union's reporting of a ballon payment at the end of the lease term for her car. *See id*. at 40. The district court had ruled in favor of Trans Union based on a finding that whether plaintiff had a debt for a ballon payment under a car lease was a legal question and not a factual inaccuracy. The Second Circuit vacated, explaining that it was clear "as a matter of fact" that Sessa had no obligation to make such payment. *Id*. at 43 n. 7 (emphasis in original). The Second Circuit explained that the proper inquiry is not whether a plaintiff alleges a legal versus factual inaccuracy, but rather "whether the information in dispute is objectively and readily verifiable." *Id*. at 43. Plaintiff's reliance on *Sessa* is clearly misplaced and distinguishable because as discussed above, Trans Union's Motion argues that Plaintiff's Amended Complaint fails to identify with specificity what Trans Union has done wrong aside from his vague and conclusory statements that Trans Union allegedly reported 35 unidentified inaccuracies. Trans Union's Motion does not assert that Plaintiff has alleged a legal dispute versus a factual dispute. As noted above, Plaintiff's Amended Complaint must identify the specific information on his credit report that is inaccurate and explain why the identified information is inaccurate. *See Phipps* 2020 U.S. Dist. LEXIS 105879 at *3. Glaringly absent from both Plaintiff's Amended Complaint and Plaintiff's Opposition are the 35 alleged inaccuracies in Trans Union's reporting or how the reporting should appear. Plaintiff has left out of his Amended Complaint 33 other alleged inaccuracies in Trans Union's reporting, leaving Trans Union to guess what may or may not be at issue

Further, Plaintiff's Opposition improperly attempts to incorporate exhibits purportedly reflecting transcripts between Plaintiff and a Trans Union representative "Summer." *See* Plf. Opp (Dkt. No. 18, Ex. A and Ex. C). In the event the Court considers the documents submitted by Plaintiff, the annexed exhibits are not verified. Notably, both Exhibit B and Exhibit D, the certificate of transcription, only "certify the correctness of the transcription. We cannot guarantee the veracity of the original File." *See id.* at Ex. B and Ex. D. Furthermore, it would appear that Exhibit E undercuts Plaintiff's very claim that Trans Union purportedly failed to reinvestigate his alleged dispute. Indeed, Exhibit E provides "we are unable to process your request because we were unable to determine the nature of your request or your request was illegible… Please provide us with the information so we may process your request and initiate an investigation." *See id.* at Ex. E. Interestingly, Plaintiff's Amended Complaint and Opposition are both a silent as to why Plaintiff did not follow up accordingly with Trans Union to clarify his purported dispute. At best, both Plaintiff's Amended Complaint and Opposition simply voice his disagreement of Trans Union's reporting and response to his alleged dispute

In addition to the exhibits not being verified, they were not properly incorporated into the Complaint. The Second Circuit has made clear that a plaintiff "may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 365 F.R.D. 106, 122-23 (S.D.N.Y. 2010); s*ee Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) (holding that plaintiff could not amend her complaint through a legal memorandum filed in opposition to a motion to dismiss). The court may only consider the extrinsic evidence if it is part of the pleadings, which includes the four corners of the complaint and "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Madu,* 365 F.R.D. at 123.

Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id*.; *see S B ICE, LLC v. MGN, LLC*, No. 08 Civ. 3164, 2008 WL 4682152, at *1 n. 1 (S.D.N.Y. Oct. 20, 2008) (considering only the complaint, exhibits attached to the complaint, and documents integral to the complaint where plaintiff attached extrinsic evidence to its opposition to defendants' motion to dismiss without attempting to amend its complaint). Here, the exhibits are not attached to the Amended Complaint nor are they integral or incorporated in the Amended Complaint. In fact, the facts of Exhibits A and B postdate the filing of the Amended Complaint. Therefore, the court should not consider them when addressing Plaintiff's Opposition. Accordingly, Plaintiff's claims against Trans Union thus fail to allege any inaccuracy and must be dismissed.

      **B.**    **EVEN IF PLAINTIFF SUFFICIENTLY ALLEGED AN INACCURACY – WHICH HE HAS NOT -- PLAINTIFF'S OPPOITION FAILS TO ALLEGE A CONCRETE HARM OR INJURY CAUSUALLY RELATED TO TRANS UNION'S REPORTING AS REQUIRED.**

Plaintiff's Opposition vaguely contends he has alleged a concrete harm. "In the FCRA context, the Supreme Court made clear that a 'bare procedural violation, divorced from any concrete harm' fails to satisfy the injury-in-fact requirement of Article III." *Zlotnick v. Equifax Information Svs.*, 583 F.Supp.3d 387,391 (E.D.N.Y. 2022) (citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016)). "[A] concrete injury must be de facto: that is, it must actually exist," and be "real, and not abstract." *Spokeo, Inc.*, 136 S.Ct. at 1548 (internal citations omitted). "'Actual damages under the FCRA may include a denial of credit, as well as humiliation and mental distress, even in the absence of out-of-pocket expenses.'… However, facts sufficient to establish the existence of actual damages <u>must</u> be contained in the complaint." *Tescher v. Experian Information Solutions,*

*Inc.*, 2022 WL 564048, at *7 (S.D.N.Y. Feb. 23, 2022) (quoting *Friedman v. CitiMortgage, Inc.*, 2019 WL 4194350, at *4 (S.D.N.Y. Sept. 3, 2019) (emphasis added).

Here, Plaintiff's Opposition vaguely claims "The FAC establishes Article III standing under *TransUnion LLC v. Ramirez*, 594 U.S. 413, 433 (2021), alleging concrete harms from TransUnion's inaction" including "two consumer credit transaction denials totaling $151,435 traceable to inaccurate items." *See* Plf. Opp (Dkt. No. 18 at p. 9). However, as discussed above, Plaintiff's Amended Complaint fails to specify those alleged and unidentified inaccuracies in Trans Union's reporting. Even broadly construed, Plaintiff fails to adequately plead actual damages that are causally related to Trans Union's report and reinvestigation of the unidentified accounts.

Merely stating that his injuries are "concrete" and "tangible" does not establish the existence of recoverable damages without more. Plaintiff does not identify any specific credit for which he was denied, such as the type of credit he sought, the name of the alleged creditor that denied him credit, the reason for the denial, or the proximate date of the denial. Even if Plaintiff had applied for credit, and Trans Union had issued a consumer report, Plaintiff still does not plead any facts that Trans Union's conduct or alleged inaction caused actual denials.

**C.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE FURTHER AMENDMENT WOULD BE FUTILE WHERE PLAINTIFF HAS ALREADY DEMONSTRATED THAT THE FACTS WILL NOT CHANGE AND THERE IS NO WAY THAT PLAINTIFF CAN MANIPLUATE THE FACTS TO STATE A CLAIM UNDER THE FCRA.**

While leave to amend is ordinarily freely given, amendment here would be futile. "District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend." *Ashmore v. Prus*, 510 F.App'x 47, 49 (2d Cir. 2013) (citing *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d. Cir. 2000)). "However, leave to amend is not necessary when it would be futile." *Id*. Indeed, when "the [FCRA] complaint gives no indication that Plaintiff has a colorable claim under

federal law and Plaintiff has already had one opportunity to amend the complaint. As any further attempt to amend the complaint would be futile, Plaintiff is denied leave to amend the complaint." *Selvam v. Experian Info. Solutions, Inc.*, No. 13-cv-6078 (DLI) (JO), 2015 U.S. Dist. LEXIS 29520, at *4 (E.D.N.Y. Mar. 10, 2015).

Here, Plaintiff has already been given one chance to amend and as expected, it proved futile. Therefore, the Amended Complaint should be dismissed with prejudice and without leave to further amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. As discussed above, Plaintiff has not stated a cognizable Section 1681e(b) claim or Section 1681i claim against Trans Union because Plaintiff has failed to plead a specific inaccuracy in Trans Union's reporting. *See Phipps* 2020 U.S. Dist. LEXIS 105879 at *3. Plaintiff alleges nothing more than conclusions without any "further factual enhancement" which is not enough to state a claim. *Twombly*, 550 U.S. at 546. Therefore, the Amended Complaint should be dismissed with prejudice and without leave to amend.

## CONCLUSION

For the foregoing reasons, Trans Union respectfully request that the Court enter an Order dismissing Plaintiff's Amended Complaint with prejudice.

Date:  July 30, 2025    Respectfully submitted,

                                              **BUCHANAN INGERSOLL & ROONEY PC**

                                              By: */s/ Andrew G. Hope*
                                                  Andrew G. Hope, Esq. (NY ID No. 4913547)
                                                  Makenzie P. Leh, Esq. (*Pro Hac* Admission)
                                                  640 5th Avenue, 9th Floor
                                                  New York, NY 10019
                                                  (215) 665-8700
                                                  andrew.hope@bipc.com
                                                  makenzie.leh@bipc.com

                                            *Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **30th day of July, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **30th day of July, 2025**, properly addressed as follows:

| **Pro Se Plaintiff**<br>**Jeffrey Thomas Pirzinger**<br>135 Beechwood Dr.<br>Mamaroneck, NY 10543<br>(914) 497-1104 | |
|---|---|

*/s/ Andrew G. Hope*
Andrew G. Hope, Esq.

*Counsel for Defendant Trans Union, LLC*