UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY THOMAS PIRZINGER,

                Plaintiff,

-against-

TRANS UNION LLC,

                Defendant.

**OPINION & ORDER**

25-CV-01760 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jeffrey Thomas Pirzinger ("Plaintiff"), proceeding *pro se*, brings this action against Trans Union LLC ("Defendant"), a consumer reporting agency, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1] Before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 17). Defendant argues that Plaintiff fails to properly plead an inaccuracy in his credit report, an essential predicate for any FCRA claim. The Court agrees. For the reasons stated herein, Defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff, in the Amended Complaint (Doc. 9, "Am. Compl."),[2] alleges that thirty-five discrete items on his credit report are inaccurate, he disputed the veracity of those items with Defendant, and Defendant failed or otherwise refused to conduct a reasonable reinvestigation of the alleged inaccuracies. Specifically, on January 2, 2025, Plaintiff mailed "a detailed written communication to TransUnion . . . disputing 35 separate inaccurate items of information appearing

---

[1] Plaintiff presses three claims against Defendant pursuant to: (i) 15 U.S.C. § 1681i(a)(1)(A); (ii) 1681i(a)(6)(A); and (iii) 15 U.S.C. § 1681e(b).

[2] Citations to specific pages of the Amended Complaint and other filings on the docket correspond to the pagination generated by ECF.

in Plaintiff's consumer report," which Defendant received on January 6, 2025. (Am. Compl. ¶ 10). Plaintiff's communication "included a typed table listing 35 items organized by furnisher, account number, inaccurate item, and reason for the inaccuracy." (*Id.* ¶ 11). Of the thirty-five disputed items, Plaintiff provides three examples: (i) a high balance which Plaintiff alleges is an "[i]naccurate amount"; (ii) a past due amount which Plaintiff alleges is "[i]naccurate, $0 past due"; and (iii) a late payment, which Plaintiff alleges was not late. (*Id.*). Plaintiff provides no details regarding the thirty-two other items he allegedly disputed with Defendant.

Plaintiff requested, in his communication to Defendant, that Defendant conduct a reinvestigation of the thirty-five disputed items, delete or modify any inaccurate items, and provide itemized responses to his disputes. (*Id.* ¶ 12). On January 8, 2025, Defendant responded to Plaintiff's letter, stating that Plaintiff's communication was "illegible" or "undeterminable"; and Defendant did not reinvestigate the items disputed by Plaintiff. (*Id.* ¶ 13). Plaintiff, for his part, claims that his communication was legible. (*Id.* ¶ 11). According to Plaintiff, TransUnion's "statutory deadline" to complete its reinvestigation was February 5, 2025. (*Id.* ¶ 14).

As a result of TransUnion's refusal to reinvestigate the thirty-five disputed items on Plaintiff's credit report, Plaintiff alleges he: (i) was denied credit transactions for two vehicle purchases; (ii) has had to use a "vehicle with safety hazards"; and (iii) "has experienced sleeplessness, anxiety, and humiliation from explaining credit issues to lenders and family." (*Id.* ¶ 16).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 371 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards

than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).[3]

## ANALYSIS

I.  Federal Rule of Civil Procedure 12(b)(6)

The FCRA requires consumer reporting agencies, in reporting consumer credit information, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To

---

[3] Plaintiff attaches a number of documents to his opposition brief. (*See* Doc. 18). Namely, Plaintiff attaches two transcripts of calls with Defendant's employees and a letter from Defendant indicating that Defendant was "unable to process [Plaintiff's] request because [Defendant] was unable to determine the nature of [Plaintiff's] request or [Plaintiff's] request was illegible." (*Id.* at 33). "Given the liberality afforded *pro se* litigants, 'in deciding a motion to dismiss a *pro se* complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a *pro se* litigant attaches to his opposition papers.'" *Herbert v. George*, No. 24-CV-01780, 2025 WL 1268863, at *3 (S.D.N.Y. Apr. 30, 2025) (quoting *Davis v. Cnty. Of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020)). However, because the documents add nothing to save the complaint's deficiencies, the Court need not consider the documents attached to Plaintiff's opposition brief to decide the present motion.

state a claim under this section, "a plaintiff must establish that: (1) the consumer reporting agency was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266, 2024 WL 3759082, at *5 (S.D.N.Y. Aug. 12, 2024) (quoting *Ogbon v. Ben. Credit Servs., Inc.*, No. 10-CV-03760, 2013 WL 143046, at *6 (S.D.N.Y. Apr. 8, 2013)). Section 1681i requires a consumer reporting agency to "conduct a 'reasonable reinvestigation' if a consumer disputes an item on her credit report." *Lopez v. TransUnion, LLC*, No. 24-CV-07948, 2025 WL 2201069, at *3 (S.D.N.Y. Aug. 1, 2025) (quoting *Jones v. Experian Information Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013)). The parameters of a "reasonable reinvestigation" naturally vary depending on "the circumstances of a particular dispute." *Tescher*, 2024 WL 3759082, at *7 (quoting *Perez v. Experian*, No. 20-CV-09119, 2021 WL 4784280, at *9 (S.D.N.Y. Oct. 14, 2021)).

"In considering a challenge under § 1681e(b) or § 1681i, the 'threshold question' is whether the disputed credit information is accurate; if the information is accurate, 'no further inquiry into the reasonableness of the consumer reporting agency's procedure is necessary.'" *Artemov v. TransUnion, LLC*, No. 20-CV-01892, 2020 WL 5211068, at *2 (E.D.N.Y. Sept. 1, 2020) (quoting *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994)). To properly plead an inaccuracy in a credit report, a plaintiff must show that the credit report is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Wenning v. On-Site Manager, Inc.*, No. 14-CV-09693, 2016 WL 3538379, at *9 (S.D.N.Y. June. 22, 2016). To satisfy this threshold inquiry, a plaintiff must plead sufficient information to establish that a disputed item is indeed inaccurate. *See, e.g.*, *Berry v. Experian Info.*

5

*Sols., Inc.*, No. 24-CV-03143, 2025 WL 268094, at *3 (S.D.N.Y. Jan. 22, 2025) (dismissing FCRA claims where the plaintiff did not "specify how the information *should have been* factually reported" and, for one of her accounts, "specify what the payment history errors were" or how those errors were inaccurate); *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-06367, 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019) (dismissing FCRA claims where the plaintiff did not "explain how or why" the disputed items were inaccurate); *Henry v. Flagstar Bank*, No. 16-CV-01504, 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019) (dismissing FCRA claims where the plaintiffs did "not allege what information [defendant] allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim.").

Here, the Amended Complaint fails this threshold inquiry. Plaintiff provides examples of why three of the disputed items of information on his credit report are inaccurate. (Am. Compl. ¶ 11). Plaintiff does not, however, provide "any other information that could support" his FCRA claims. *Henry*, 2019 WL 1471267, at *2. For instance, with respect to the high balance Plaintiff disputed, Plaintiff simply makes a conclusory allegation that the balance amount is incorrect. Plaintiff does not explain *why* the amount is incorrect. *See id.*; *Khan*, 2019 WL 2492762, at *4. "Even in a *pro se* case," absent additional facts, such "conclusory statements" are insufficient to state a claim under the FCRA. *Chappius*, 618 F.3d at 170; *see also Berry*, 2025 WL 268094, at *3 (finding allegations of an "inaccurate" and "incomplete" payment history insufficient to state a claim under the FCRA). Plaintiff's other two examples of allegedly inaccurate items are insufficient to state a claim for the same reason. For thirty-two of the disputed items, Plaintiff does not provide any information whatsoever that would assist the Court in determining if he plausibly states a claim for relief under the FCRA. Plaintiff, in his opposition to Defendant's motion to dismiss, states that "[t]he FCRA does not require pleading every alleged inaccuracy at this stage."

6

(Doc. 18 at 8). Plaintiff is incorrect. *See, e.g.*, *Lopez*, 2025 WL 2201069, at *4 ("Critically, however, [plaintiff] has not alleged what information on his consumer report is inaccurate or how it is inaccurate."). "Absent additional facts explaining why the disputed information and inquiries are false, Plaintiff has failed to plead an essential element of a claim under Section 1681e(b) or 1681i." *Viverette v. Experian*, No. 21-CV-06989, 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (quoting *Phipps v. Experian*, No. 20-CV-03368, 2020 WL 3268488, at *3 (S.D.N.Y. June 16, 2020)).

Because Plaintiff fails to plausibly plead any inaccuracies on his credit report, no further inquiry is required at this juncture. *See, e.g.*, *Manzano v. Trans Union of Del. LLC*, No. 23-CV-05990, 2024 WL 3194091, at *4 (S.D.N.Y. June 27, 2024) ("[T]he initial issue in considering a § 1681i claim is the accuracy of the information because if the information is not properly alleged as inaccurate, no further inquiry into the reasonableness of the procedures is necessary.").[4]

## II.     Leave to Amend

Plaintiff, in his opposition to Defendant's motion to dismiss, requests (without the benefit of a motion required by Federal Rule of Civil Procedure 7) for leave to file a Second Amended Complaint. (Doc. 18 at 10). Defendant, in its reply, argues that any amendment by Plaintiff would

---

[4] Plaintiff's argument in his opposition (Doc. 18 at 9-10) that Defendant violated Fed. R. Civ. P. 5(b)(2)(C) and SDNY ECF Rule 9.2 by failing to attach sufficient proof of service to its motion is without merit. "Rule 5 permits service of a paper to be completed by 'mailing it to the person's last known address—in which event service is complete upon mailing.'" *Adams v. Taylor*, No. 21-CV-06056, 2025 WL 2405647, at *2 (W.D.N.Y. Aug. 7, 2025) (quoting Fed. R. Civ. P. 5(b)(2)(C)). Defendant attached to its motion a certificate of service certifying that a copy of the motion was mailed to the address Plaintiff provided in the Amended Complaint. (Doc. 9). Defendant, thus, complied with Rule 5. *See Israel v. O'Malley*, No. 24-CV-00086, 2024 WL 5040722, at *1 (W.D.N.Y. Dec. 9, 2024) (finding service of motion to dismiss proper where "the defendants filed a certificate of service alongside their motion to dismiss certifying that they had mailed a copy of that motion, as well as the accompanying memorandum of law and declaration, to [the plaintiff] at the address he provided to the Court.").

be futile, as Plaintiff "has already had one opportunity to amend" and "there is no way Plaintiff could manipulate the facts to state a claim under the FCRA." (Doc. 21 at 8).

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to *pro se* litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff has already been granted leave to amend once. However, the Court finds that further amendment by Plaintiff would not necessarily be futile. *Accord Viverette*, 2022 WL 357274, at *3-4 (allowing amendment of complaint asserting FCRA claims after dismissing for failing to properly plead inaccuracies). Further, the Second Circuit is "particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue . . . ." *Attestor Value Master Fund v. Republic of Arg.*, 940 F.3d 825, 833 (2d Cir. 2019). Accordingly, the Court grants Plaintiff leave to amend his Complaint within thirty days of the date of this Opinion and Order.

Plaintiff, in this amended complaint, should provide more facts about his claim. Plaintiff should include "short and plain statement[s] of the relevant facts" explaining each of the alleged inaccuracies in his credit report that he disputed with Defendant, as well as how and why each alleged inaccuracy is in fact inaccurate. *Viverette*, 2022 WL 357274, at *4. Because Plaintiff's new complaint "will completely replace, not supplement," his current complaint, "any facts or claims

that Plaintiff wants to include from the [current] complaint must be repeated in the amended complaint." *Id.*

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Trans Union, LLC's Motion to Dismiss the Amended Complaint in its entirety. (Doc. 17).

Plaintiff may file a further amended complaint by December 14, 2025. If no amended complaint is filed by that date, the Court will direct that judgment be entered in favor of Defendant and close the case.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff and terminate the motion pending at Doc. 17.

**SO ORDERED.**

Dated:   White Plains, New York
         November 14, 2025

_____
PHILIP M. HALPERN
United States District Judge