UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

| | | |
|---|---|---|
| JEFFREY THOMAS PIRZINGER, ) | | JURY TRIAL DEMANDED |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | Case No. 7:25-cv-01760-PMH |
| TRANS UNION LLC, ) | | Hon. Philip M. Halpern |
| Defendant. ) | | |
| ) | | |

**SECOND AMENDED COMPLAINT**
**CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

**I. INTRODUCTION**

1. Plaintiff brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., concerning Trans Union LLC's ("Trans Union") handling of written disputes Plaintiff submitted identifying thirty-five (35) specific items of information appearing in Plaintiff's Trans Union consumer disclosure.

2. Plaintiff alleged that Trans Union received (a) a notarized revocation of electronic consent, (b) a written communication disputing and identifying thirty-five items of information, and (c) supporting identification documents, and that Trans Union did not provide written reinvestigation results to Plaintiff's mailing address and did not reinvestigate each disputed item.

3. All allegations in this Complaint were based on Plaintiff's personal knowledge of documents Plaintiff authored or received and the information contained in Plaintiff's Trans Union consumer disclosure.

## II. JURISDICTION & VENUE

4.     This Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the FCRA, a federal statute.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Mamaroneck, New York, within this District, and a substantial part of the events giving rise to this claim (e.g., the harm suffered from credit denials) occurred here.

## III. PARTIES

6.     Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing at 135 Beechwood Dr, Mamaroneck, NY 10543.

7.     Defendant, TRANS UNION LLC, is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly compiles and sells consumer credit information to third parties under 15 U.S.C. § 1681a(d).

8.     Trans Union is headquartered at 555 West Adams Street, Chicago, IL 60661, and regularly conducts business in New York, including but not limited to collecting, maintaining, and disseminating consumers' personal identifying and financial information.

## IV. FACTUAL BACKGROUND

**A. Plaintiff's Revocation of Electronic Consent (Exhibit A)**

9     On December 26, 2024, Plaintiff executed a notarized "Revocation of Consent" addressed to Trans Union. In this document, Plaintiff stated that Plaintiff did not authorize Trans Union to send any disclosures, notices, or communications electronically, and that all future

communications relating to Plaintiff's consumer file must be sent only by U.S. mail to Plaintiff's mailing address at 135 Beechwood Drive, Mamaroneck, NY 10543.

10    Plaintiff sent the Revocation of Consent to Trans Union via Federal Express under tracking number 771017192906. Delivery records showed that Trans Union received this document on December 30, 2024. A true and correct copy of the Revocation was attached as Exhibit A.

**B. Plaintiff's Consumer Disclosure Dated December 20, 2024 (Exhibit H)**

11.    On December 20, 2024, Plaintiff obtained a copy of Plaintiff's Trans Union consumer disclosure, Report #450079572-043. This disclosure was the basis for Plaintiff's January 2, 2025 written communication disputing and identifying the thirty-five items of information listed therein. A true and complete copy of this disclosure was attached as Exhibit H.

**C. Plaintiff's January 2, 2025 Written Dispute (Exhibit B)**

12.    After reviewing the December 20, 2024 disclosure, Plaintiff prepared a written communication dated January 2, 2025. This communication identified thirty-five individually numbered disputed items, each corresponding to an entry in the December 20th disclosure. In this communication, Plaintiff stated that Plaintiff disputed the accuracy of thirty-five items of information appearing in Plaintiff's Trans Union consumer disclosure. Plaintiff's dispute communication listed, for each item:

- The furnisher,
- The account number,
- The specific information Trans Union reported, and

- The information Plaintiff stated was correct.

13. The communication identifying the disputed items was typed in 12-point font and included copies of Plaintiff's identification documents. Plaintiff sent the communication of disputed items via Federal Express, tracking number 771146841215.

14. Federal Express delivery records showed that Trans Union received Plaintiff's written communication of disputes on January 6, 2025, signed for by "Y. Johnson." A true and correct copy of the communication of disputes was attached as Exhibit B, and the delivery confirmation as Exhibit C.

15. Each disputed item listed in Plaintiff's communication (Exhibit B) corresponded directly to an entry appearing in Plaintiff's Trans Union complete consumer disclosure dated December 20, 2024 (Exhibit H).

**D. Trans Union's January 8, 2025 Letter (Exhibit D)**

16. On January 8, 2025, Trans Union sent Plaintiff a letter with the subject line "Re: Dispute Status." This letter stated that Plaintiff's submission was "illegible" or "undeterminable."

17. The January 8th letter did not mention any of the thirty-five disputed items and did not identify any portion of Plaintiff's submission that Trans Union considered illegible. Plaintiff attached this correspondence as Exhibit D.

**E. Plaintiff's Follow-Up Calls to Trans Union (Exhibit E)**

18. Plaintiff contacted Trans Union by telephone after receiving the January 8th letter. Plaintiff asked Trans Union's representatives whether the typed, multi-page communication of

the disputed items could be considered illegible. Plaintiff maintained transcripts of these calls, attached as Exhibit E.

19. During these calls, Plaintiff also asked whether Trans Union conducted a reinvestigation for each disputed item. Plaintiff did not receive confirmation that reinvestigations had been conducted.

**F. No Written Reinvestigation Results Received**

20. After sending the communication of the disputed items, Plaintiff checked Plaintiff's postal mail regularly. Plaintiff did not receive written reinvestigation results from Trans Union at Plaintiff's mailing address.

21. Plaintiff did not receive electronic communications from Trans Union after December 30, 2024, and did not authorize electronic communications after that date.

**G. Credit Denial After Expiration of Trans Union's Reinvestigation Period (Exhibits F and G)**

22. Trans Union received Plaintiff's January 2, 2025 dispute on January 6, 2025, triggering Trans Union's duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a reinvestigation and provide written results within thirty days. The thirty-day reinvestigation period expired on February 5, 2025.

23. Plaintiff did not receive written reinvestigation results from Trans Union on or before February 5, 2025, nor at any time thereafter.

24. On February 22, 2025, after Trans Union's reinvestigation period had expired and during the time when Trans Union had not provided written reinvestigation results, Plaintiff applied for

one hundred percent financing with nothing down to purchase a vehicle with a total purchase price of $95,865 (Purchase Order # 0570448717). Multiple lenders denied credit and issued adverse action notices referencing Plaintiff's Trans Union consumer report. A true and correct copy of the adverse action notices was attached as part of Exhibit F, and the related MSRP printout referencing the purchase order was attached as Exhibit G.

**H. Thirty-Five (35) Individually Disputed Items**

Each allegation below was based on Plaintiff's personal knowledge of Plaintiff's accounts and on Plaintiff's Trans Union consumer disclosure dated December 20, 2024 (Exhibit H). Each item was also included in Plaintiff's January 2 dispute letter (Exhibit B).

The structure for each item is:

- Trans Union Reported
- Plaintiff's Correct Information
- Basis of Dispute

This format contained no legal conclusions and reflected only Plaintiff's factual assertions.

**DISPUTED ITEMS, INDIVIDUALLY NUMBERED:**

Item 1:   **Trans Union Reported:** Pay Status: Charged Off on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's pay status for this period was $0 charged off.

**Basis of Dispute:** Plaintiff disputed the charged-off status.

Item 2:   **Trans Union Reported:** Original Charge-Off Amount: $18,779 on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's correct original charge-off amount was $0.

**Basis of Dispute:** Plaintiff disputed the reported charge-off amount.

Item 3: **Trans Union Reported:** Maximum Delinquency: 120 days in 07/2024 and 08/2024 on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's delinquency for these months was 0 days.

**Basis of Dispute:** Plaintiff disputed the delinquency.

Item 4: **Trans Union Reported:** High Balance: $21,551 (10/2024–11/2024) on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's correct high balance was $0.

**Basis of Dispute:** Plaintiff disputed the reported high balance.

Item 5: **Trans Union Reported:** Past Due: $21,551 on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's correct past-due amount was $0.

**Basis of Dispute:** Plaintiff disputed the past-due amount.

Item 6: **Trans Union Reported:** Balance 10/2024: $21,551 on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's correct balance for this period was $0.

**Basis of Dispute:** Plaintiff disputed the balance.

Item 7: **Trans Union Reported:** Balance 11/2024: $21,551 on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's correct balance for this period was

$0.

**Basis of Dispute:** Plaintiff disputed the balance.

Item 8:   **Trans Union Reported:** Rating 04/2024: 30 days late on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the late-payment designation.

Item 9:   **Trans Union Reported:** Rating 05/2024: 60 days late on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the late-payment designation.

Item 10:   **Trans Union Reported:** Rating 06/2024: 90 days late on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the late-payment designation.

Item 11:   **Trans Union Reported:** Rating 07/2024: 120 days late on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the late-payment designation.

Item 12:   **Trans Union Reported:** Rating 08/2024: 120 days late on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the late-payment designation.

Item 13:   **Trans Union Reported:** Rating 10/2024: Charged Off on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's account for this period was not charged off.

**Basis of Dispute:** Plaintiff disputed the designation.

Item 14:   **Trans Union Reported:** Rating 11/2024: Charged Off on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's account for this period was not charged off.

**Basis of Dispute:** Plaintiff disputed the designation.

Item 15:   **Trans Union Reported:** Remark: CBC/PRL on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's account was not closed by Plaintiff and not written off.

**Basis of Dispute:** Plaintiff disputed the remark.

Item 16:   **Trans Union Reported:** Remark for 11/2024: CBC/PRL on Account ending 0929.

**Plaintiff's Correct Information:** Plaintiff's account was not closed by Plaintiff and not written off.

**Basis of Dispute:** Plaintiff disputed the remark.

Item 17:   **Trans Union Reported:** Balance: $1,864 on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's correct balance was $0.

**Basis of Dispute:** Plaintiff disputed the reported balance.

Item 18:   **Trans Union Reported:** Pay Status: 90 Days Past Due on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's account was not past due.

**Basis of Dispute:** Plaintiff disputed the status.

**Item 19:**   **Trans Union Reported:** Terms: $110 per month on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's correct terms were $0 per month.

**Basis of Dispute:** Plaintiff disputed the terms.

**Item 20:**   **Trans Union Reported:** Maximum Delinquency: 90 days in 12/2024 for $112 on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's delinquency was 0 days.

**Basis of Dispute:** Plaintiff disputed the delinquency.

**Item 21:**   **Trans Union Reported:** Past Due: $112 on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's correct past-due amount was $0.

**Basis of Dispute:** Plaintiff disputed the amount.

**Item 22:**   **Trans Union Reported:** Rating 11/2024: 30 days late on Account ending 9727.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the rating.

**Item 23:**   **Trans Union Reported:** Pay Status: 90 Days Past Due on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's account was not past due.

**Basis of Dispute:** Plaintiff disputed the status.

**Item 24:**   **Trans Union Reported:** Terms: $461 per month on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct terms were $0.

**Basis of Dispute:** Plaintiff disputed the terms.

**Item 25:**   **Trans Union Reported:** Maximum Delinquency: 90 days in 12/2024 for $1,221 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's delinquency was 0 days.

**Basis of Dispute:** Plaintiff disputed the reported delinquency.

Item 26:  **Trans Union Reported:** Remark: Closed by Credit Grantor on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff disputed who closed the account.

**Basis of Dispute:** Plaintiff disputed the remark.

Item 27:  **Trans Union Reported:** Balance 10/2024: $12,438 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct balance was $0.

**Basis of Dispute:** Plaintiff disputed the balance.

Item 28:  **Trans Union Reported:** Balance 11/2024: $13,109 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct balance was $0.

**Basis of Dispute:** Plaintiff disputed the balance.

Item 29:  **Trans Union Reported:** Scheduled Payment 10/2024: $434 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct scheduled payment was $0.

**Basis of Dispute:** Plaintiff disputed the amount.

Item 30:  **Trans Union Reported:** Scheduled Payment 12/2024: $461 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct scheduled payment was $0.

**Basis of Dispute:** Plaintiff disputed the amount.

**Item 31:** **Trans Union Reported:** Past Due 10/2024: $341 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct past-due amount was $0.

**Basis of Dispute:** Plaintiff disputed the designation.

**Item 32:** **Trans Union Reported:** Past Due 12/2024: $1,221 on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's correct past-due amount was $0.

**Basis of Dispute:** Plaintiff disputed the designation.

**Item 33:** **Trans Union Reported:** Rating 10/2024: 30 days late on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the rating.

**Item 34:** **Trans Union Reported:** Rating 11/2024: 60 days late on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the rating.

**Item 35:** **Trans Union Reported:** Rating 12/2024: 90 days late on Account ending 1360.

**Plaintiff's Correct Information:** Plaintiff's payment for this period was not late.

**Basis of Dispute:** Plaintiff disputed the rating.

## V. CLAIMS FOR RELIEF
### COUNT I – VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A)
### (Failure to Conduct a Reasonable Reinvestigation)

25. Plaintiff realleged the facts above for context.

26. Plaintiff submitted written communication to Trans Union on January 2, 2025 that identified and disputed thirty-five items of information appearing in Plaintiff's Trans Union

consumer disclosure. Trans Union received the writing on January 6, 2025, as shown by Exhibit C.

27. Trans Union's January 8th letter stated that Plaintiff's submission was "illegible" or "undeterminable." Plaintiff thereafter contacted Trans Union to seek clarification, as reflected in Exhibit E.

28. Plaintiff did not receive confirmation that Trans Union conducted any reinvestigations for the disputed thirty-five items of information.

29. Plaintiff did not receive any communication identifying which items, if any, Trans Union reinvestigated.

## COUNT II – VIOLATION OF 15 U.S.C. § 1681i(a)(6)(A)
### (Failure to Provide Written Reinvestigation Results)

30. Plaintiff realleged the facts above for context.

31. Plaintiff did not receive written reinvestigation results at Plaintiff's mailing address after Trans Union received Plaintiff's written communication of disputed items.

32. Plaintiff previously revoked consent for electronic communications (Exhibit A) and did not authorize Trans Union to send electronic notices after December 30, 2024.

33. Plaintiff checked Plaintiff's mail regularly and did not receive any written communication stating the results of any reinvestigation.

## VI. DAMAGES

34. Plaintiff alleged actual damages that arose after the expiration of Trans Union's reinvestigation period, including:

- Loss of credit opportunities;

- Denial of financing for an intended vehicle purchase on February 22, 2025;

- Out-of-pocket expenses and increased costs associated with inability to replace a vehicle;

- Time expended attempting to resolve matters with Trans Union;

- Emotional distress including but not limited to anxiety and sleeplessness.

35. Plaintiff alleged that these damages occurred after Trans Union's duties under 15 U.S.C. §1681i(a)(1)(A) and §1681i(a)(6)(A) had arisen and after Trans Union had not completed a reinvestigation or provided written results.

36. Plaintiff did not plead specific dollar amounts at this stage and reserved the right to quantify actual damages following discovery.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

37. A declaration that Trans Union did not comply with 15 U.S.C. §1681i(a)(1)(A) and §1681i(a)(6)(A) concerning Plaintiff's January 2, 2025 written communication of disputed items.

38. An award of actual damages in an amount to be determined at trial.

39. An award of statutory damages as permitted under the FCRA.

40. An award of punitive damages to the extent permitted by law.

41. An award of costs and any other relief the Court deemed proper.

## VIII. JURY TRIAL DEMAND

42. Plaintiff demands a trial by jury on all triable issues.

## IX. RESERVATION OF RIGHTS

43. Plaintiff reserves the right to amend this complaint as new facts arise.

Respectfully submitted,

Dated: December 8, 2025

By: _____

Jeffrey Thomas Pirzinger
135 Beechwood Dr
Mamaroneck, NY 10543
T: (914) 497-1104
Plaintiff, Pro Se