UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

| | |
|---|---|
| JEFFREY THOMAS PIRZINGER<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 7:25-cv-01760-PMH |

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Trans Union, LLC ("TransUnion"), by and through its undersigned counsel, hereby answers the Second Amended Complaint filed by Plaintiff, Jeffrey Pirzinger ("Plaintiff") on behalf of himself. In accordance with Fed. R. Civ. P. 8(b)(1)(B), the answers of TransUnion are to those allegations which are, or which could be understood to be asserted against TransUnion and, unless specifically noted herein, TransUnion lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations directed toward any other defendant and on that basis denies them. Moreover, unless expressly admitted herein, TransUnion denies each and every allegation set forth in the Second Amended Complaint.

**INTRODUCTION**

1. TransUnion admits only that Plaintiff purports to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). TransUnion specifically denies that it violated the FCRA or any other law. TransUnion denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TransUnion. TransUnion denies that it has any liability to Plaintiff.

2. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

3. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

4. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

5. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

## THE PARTIES

6. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

7. TransUnion admits only that it is a consumer reporting agency that is a Delaware entity which conducts business in New York. The remaining allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent a response is required, TransUnion denies the allegations.

8. TransUnion admits only that it is a consumer reporting agency that is a Delaware entity which conducts business in New York. The remaining allegations contained in this paragraph

assert a legal conclusion as to which no response is required. To the extent a response is required, TransUnion denies the allegations.

## **FACTUAL BACKGROUND**

9. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

11. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

13. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

19. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

20. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

21. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

22. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

23. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

24. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

## CLAIMS FOR RELIEF

### Count I – Violation of 15 U.S.C. ¶ 1681(a)(1)(A)

25. TransUnion incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

26. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to

or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

27. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

28. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

29. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

### Count II – Violation of 15 U.S.C. ¶ 1681(a)(6)(A)

30. TransUnion incorporates by reference all the above paragraphs of this Answer as though fully stated herein.

31. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to

or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

32. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

33. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves, and TransUnion denies all characterizations thereof.

## DAMAGES

34. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

35. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

36. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

37. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

38. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

39. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

40. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

41. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

**JURY TRIAL DEMANDED**

42. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

**RESERVATION OF RIGHTS**

43. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion denies the allegations contained in this paragraph.

**WHEREFORE,** TransUnion, LLC denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TransUnion.

## AFFIRMATIVE DEFENSES

TransUnion states the following defenses and reserves its right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, TransUnion does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

## FIRST ADDITIONAL DEFENSE

Plaintiff fails to state a claim against TransUnion for which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual injuries as a result of any act or omission of TransUnion.

## THIRD ADDITIONAL DEFENSE

Plaintiff has not suffered any damages resulting from any acts or omissions of TransUnion.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of TransUnion, but were caused, if at all, solely, legally and proximately by the acts and omissions of Plaintiff and/or third parties, including, without limitation, the prior intervening or superseding acts and omissions of Plaintiff and/or such third parties.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to mitigate any injuries or damages allegedly sustained.

## SIXTH ADDITIONAL DEFENSE

TransUnion's reports concerning Plaintiff were true or substantially true.

## SEVENTH ADDITIONAL DEFENSE

TransUnion followed reasonable procedures to assure maximum possible accuracy of its reports concerning Plaintiff.

## EIGHTH ADDITIONAL DEFENSE

At all relevant times, TransUnion acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

## NINTH ADDITIONAL DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates TransUnion's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Trans Union, LLC, respectfully prays that:

A. Plaintiff takes nothing by way of their Complaint, and the action be dismissed with prejudice as to TransUnion;

B. Judgment be entered in favor of TransUnion and against Plaintiff with respect to all causes of action in the Complaint;

C. This Court award TransUnion its attorneys' fees and all other costs reasonably incurred in defense of this action; and

D. The Court award TransUnion such other relief that this Court deems just and proper.

                                        Respectfully submitted,

                                        **BUCHANAN INGERSOLL & ROONEY PC**

Dated: December 22, 2025         */s/ Andrew G. Hope*
                                                                Andrew G. Hope (NY ID No. 4913547)
                                                                 640 5th Avenue, 9th Floor
                                                                 New York, New York 10019-6102
                                                                 215 665 5322 (o)
                                                                 Andrew.hope@bipc.com

                                        *Counsel for Defendant Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

I, Andrew G. Hope, Esquire, hereby certify that on this 22nd day of December, 2025, a true and correct copy of the foregoing document was served upon Plaintiff via certified mail at the following address:

Jeffrey Thomas Pirzinger
135 Beechwood Dr.
Mamaroneck, NY 10543
(914) 497-1104

*/s/ Andrew G. Hope*
Andrew G. Hope
