Date: March 20, 2026

RECEIVED
SDNY DOCKET UNIT

2026 MAR 20  AM 10: 39

To: Chambers of the Hon. Philip M. Halpern  From: JEFFREY THOMAS PIRZINGER
   United States District Court       135 BEECHWOOD DR
   Southern District of New York     MAMARONECK, NY 10543
   300 Quarropas Street, Room 530
   White Plains, NY 10601

**Re: Jeffrey Thomas Pirzinger v. Trans Union LLC**
   **Case No. 7:25-cv-01760-PMH (S.D.N.Y.)**
   **Proposed Stipulated Confidentiality Agreement and Protective Order**
   **March 31, 2026 Phone Conference**

Dear Honorable Judge Halpern,

I write regarding the proposed Stipulated Confidentiality Agreement and Protective Order.

On March 13, 2026, Plaintiff provided Defendant with an executed version of the proposed order. Defendant has indicated that it does not agree that Plaintiff's version is consistent with its previously circulated draft and has stated that it intends to address the issue at the upcoming conference.

For the Court's convenience, Plaintiff respectfully submits:

(1) his executed version of the proposed Protective Order (Exhibit A), and

(2) Defendant's proposed version (Exhibit B),

so that both may be considered in connection with the March 31, 2026 conference.

The principal differences between the two versions are limited and concern:

(i) whether the 60-day return/destruction provision applies before any judgment or settlement obligations are fully satisfied;

Page 1 of 2

Date: March 20, 2026

(ii) whether a pro se party may retain a single archival copy under the same limitations afforded to counsel;

(iii) clarification that Confidential Discovery Material may be used for purposes of enforcement or interpretation of any judgment or settlement; and

(iv) consistency in terminology governing the treatment of Confidential Discovery Material in connection with generative AI tools.

Plaintiff's revisions are intended to ensure that the Order operates practically through final resolution of the action, including enforcement, while remaining narrowly tailored to protect legitimately confidential information.

Plaintiff remains willing to stipulate to an appropriate protective order and submits his proposed version in good faith.

Respectfully Submitted,

*Jeffrey Thomas Pirzinger*

Jeffrey Thomas Pirzinger
Pro Se Plaintiff
(914) 497-1104

cc: Andrew G. Hope, Buchanan (via email)

Encl.

# EXHIBIT A

Plaintiff's Executed Version of the Proposed Stipulated Confidentiality Agreement and Protective Order (March 13, 2026).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY THOMAS PIRZINGER, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| Plaintiff, | |
| vs. | Case No. 7:25-cv-01760-PMH |
| TRANS UNION LLC, | |
| Defendant. | |

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

1

"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2.     The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product-development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information this Court subsequently affords confidential status.

3.     With respect to any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate only those portions of such material as "Confidential" that it reasonably and in good faith believes qualify for protection under this Order, by: (a) stamping or otherwise clearly marking the designated portion as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of such Discovery Material with the confidential information redacted.

2

4.      A Producing Party or its counsel may designate only those portions of deposition transcripts or exhibits as Confidential Discovery Material that it reasonably and in good faith believes qualify for protection under this Order, either by:

(a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume marked accordingly; or

(b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after the deposition, of the specific pages and lines to be designated as Confidential.

During the thirty-day period following a deposition, the entire transcript shall be treated as Confidential only pending final, portion-specific designations.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential; provided, however, that any such retroactive designation shall not apply to Discovery Material that has already been filed with the Court, referenced in pleadings, or relied upon in motion practice prior to the designation.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as

Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

> (i)   this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Any Party who objects to any designation of confidentiality may at any time before trial serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties shall present the dispute to the Court in accordance with paragraph 4(D) of this Court's Individual Practices. The Producing Party bears the burden of demonstrating good cause for the confidentiality designation.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices. No "attorneys' eyes only" designation shall apply to materials produced to a pro se litigant absent further order of the Court.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for purposes of prosecuting or defending this action, including but not limited to amended pleadings, motion practice, evidentiary submissions, trial, any appeals, and any proceeding to enforce or interpret any judgment, order, or settlement in this action.

6

15.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden of opposing compliance with the subpoena, compulsory process, or legal notice if it deems such opposition appropriate. Nothing in this Order shall be construed to prohibit the voluntary disclosure of Confidential Discovery Material to governmental or regulatory authorities acting within their lawful jurisdiction.

16.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

7

20.    If a disclosing party inadvertently discloses information that should have been designated Confidential, the party shall have 30 days to amend the designation, provided that any corrected designation applies prospectively from the date of written notice, does not apply to materials previously filed with the Court, used in motion practice or disclosed prior to receipt of notice, and does not subject any party to sanctions for disclosures made before notice.

21.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23. Within sixty (60) days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return such material, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the sixty-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party affirming that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any Confidential Discovery Material. If this action results in a judgment or settlement that imposes continuing obligations on any Party, the sixty-day period described above shall not begin to run until such judgment or settlement has been fully satisfied and any enforcement proceedings relating thereto have concluded.

8

Notwithstanding the foregoing, a party proceeding pro se may retain one archival copy of Confidential Discovery Material solely for purposes of this action, any appeal, and the enforcement, defense, or interpretation of any judgment or settlement in this action, and such archival copy shall remain subject to this Order.

Notwithstanding the foregoing, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material shall be retained solely for purposes of this action, any appeal, and the enforcement, defense, or interpretation of any judgment or settlement in this action, and shall remain subject to this Order. This Order shall be construed narrowly and applied only to the extent necessary to protect legitimately confidential information, and shall not be interpreted to impair any Party's ability to prosecute or defend this action, amend pleadings, present evidence, or seek appropriate relief.

24.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26.    Confidential Discovery Material covered by this Agreement shall not be submitted to any open Generative AI tool or large language model that is available to the public (for example, ChatGPT, Claude, Gemini, *etc.*). Prior to submitting any Confidential Discovery Material to a closed Generative AI tool or large language model (for example, a Generative AI tool it owns or licenses or is otherwise not available to the public), the submitting Party shall take reasonable steps to

9

ensure the Generative AI tool's settings: a) prevent disclosure of Confidential Discovery Material to third parties, including without limitation other users or developers of the Generative AI tool; b) prevent the Generative AI tool from utilizing Confidential Discovery Material in any way unrelated to this Action, including, but not limited to, training its Generative AI model or other purposes; c) prevent the Generative AI tool from commingling the Confidential Discovery Material with the data of any other customers or making derivative use of the Confidential Discovery Material; d) provide that the Generative AI tool's vendor may only access the Confidential Discovery Material for its limited role to process the data; and e) allow for the deletion or destruction of any Confidential Discovery Material supplied to it or contained in responses generated by it.

SO STIPULATED AND AGREED.

_____    ~~Jeffrey Thomas Dirzinger~~

Dated:                         Dated: 3/13/2026

Dated: _____ , New York

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY THOMAS PIRZINGER,

Plaintiff,

vs.

TRÁNS UNION LLC,

Defendant.

NON-DISCLOSURE
AGREEMENT

Case No. 7:25-cv-01760-PMH

I, Jeffrey Thomas Pirzinger, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation, and

that at the conclusion of the litigation, I will return all discovery information to the Party or

attorney from whom I received it, subject to the retention provisions of Paragraph 23 of the

Protective Order. By acknowledging these obligations under the Protective Order, I understand

that I am submitting myself to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of any issue or dispute arising hereunder and that

my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

*Jeffrey Thomas Pirzinger*

Dated: 3/13/2026

# EXHIBIT B

Defendant Trans Union LLC's Proposed Version of the Stipulated Confidentiality Agreement and Protective Order, as previously circulated to Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff(s),

- against -

Defendant(s).

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

____Civ._____(PMH)

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

1

"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2.     The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product-development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information this Court subsequently affords confidential status.

3.     With respect to any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate only those portions of such material as "Confidential" that it reasonably and in good faith believes qualify for protection under this Order, by: (a) stamping or otherwise clearly marking the designated portion as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of such Discovery Material with the confidential information redacted.

2

4.    A Producing Party or its counsel may designate only those portions of deposition transcripts or exhibits as Confidential Discovery Material that it reasonably and in good faith believes qualify for protection under this Order, either by:

(a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume marked accordingly; or

(b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after the deposition, of the specific pages and lines to be designated as Confidential.

During the thirty-day period following a deposition, the entire transcript shall be treated as Confidential only pending final, portion-specific designations.

5.    If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential; provided, however, that any such retroactive designation shall not apply to Discovery Material that has already been filed with the Court, referenced in pleadings, or relied upon in motion practice prior to the designation.

6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.    Where a Producing Party has designated Discovery Material as

3

Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)      this Court, including any appellate court, its support personnel, and court reporters.

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10.      The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.     Any Party who objects to any designation of confidentiality may at any time before trial serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties shall present the dispute to the Court in accordance with paragraph 4(D) of this Court's Individual Practices. The Producing Party bears the burden of demonstrating good cause for the confidentiality designation.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices. No "attorneys' eyes only" designation shall apply to materials produced to a pro se litigant absent further order of the Court.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for purposes of prosecuting or defending this action, including but not limited to amended pleadings, motion practice, evidentiary submissions, trial, and any appeals

15.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden of opposing compliance with the subpoena, compulsory process, or legal notice if it deems such opposition appropriate. Nothing in this Order shall be construed to prohibit the voluntary disclosure of Confidential Discovery Material to governmental or regulatory authorities acting within their lawful jurisdiction.

16.    Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

7

20.     If a disclosing party inadvertently discloses information that should have been designated Confidential, the party shall have 30 days to amend the designation, provided that any corrected designation applies prospectively from the date of written notice, does not apply to materials previously filed with the Court, used in motion practice or disclosed prior to receipt of notice, and does not subject any party to sanctions for disclosures made before notice.

21.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Within sixty (60) days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return such material, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the sixty-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party affirming that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any Confidential Discovery Material.

24.     This Order shall be construed narrowly and applied only to the extent necessary to protect legitimately confidential information, and shall not be interpreted to impair any Party's ability to prosecute or defend this action, amend pleadings, present evidence, or

8

seek appropriate relief.

25.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

26.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27.    Common Interest Materials covered by this Agreement shall not be submitted to any open Generative AI tool or large language model that is available to the public (for example, ChatGPT, Claude, Gemini, *etc.*).  Prior to submitting any Common Interest Materials to a closed Generative AI tool or large language model (for example, a Generative AI tool it owns or licenses or is otherwise not available to the public), the submitting Party must ensure the Generative AI tool's settings: a) prevent disclosure of Common Interest Materials to third parties, including without limitation other users or developers of the Generative AI tool; b) prevent the Generative AI tool from utilizing Common Interest Materials in any way unrelated to this Action, including, but not limited to, training its Generative AI model or other purposes; c) prevent the Generative AI tool from commingling the Common Interest Materials with the data of any other customers or making derivative use of the Common Interest Materials; d) provide that the Generative AI tool's vendor may only access the Common Interest Materials for its limited role to process the data; and e) allow for the deletion or destruction of any Common Interest Materials supplied to it or contained in responses generated by it.

SO STIPULATED AND AGREED.

9

_____          _____

Dated:                                      Dated:

Dated: New York, New York

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

                                    Plaintiff(s),          **NON-DISCLOSURE
                                                           AGREEMENT**

        - against -
                                                           ___Civ._____(PMH)


                                    Defendant(s).


        I,_____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation, and

that at the conclusion of the litigation, I will return all discovery information to the Party or

attorney from whom I received it, subject to the retention provisions of Paragraph 22 of the

Protective Order. By acknowledging these obligations under the Protective Order, I understand

that I am submitting myself to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of any issue or dispute arising hereunder and that

my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.



                                          _____


                                          Dated: