Date: April 2, 2026

RECEIVED
SDNY DOCKET UNIT

2026 APR -2  PM 3: 06

To:    Chambers of the Hon. Philip M. Halpern       From: JEFFREY THOMAS PIRZINGER
       United States District Court                        135 BEECHWOOD DR
       Southern District of New York                       MAMARONECK, NY 10543
       300 Quarropas Street, Room 530
       White Plains, NY 10601

Re:    **Jeffrey Thomas Pirzinger v. Trans Union LLC**
       **Case No. 7:25-cv-01760-PMH (S.D.N.Y.)**
       **Clarification of Disputed Tradeline Information Following March 31,**
       **2026 Conference**

Dear Honorable Judge Halpern,

Plaintiff respectfully submits this brief letter following the March 31, 2026 discovery conference to clarify discrete factual issues concerning certain tradelines, consistent with the Court's guidance regarding the identification of specific inaccuracies.

This letter does not present new claims or documents, but instead clarifies issues previously identified in Plaintiff's January 2, 2025 dispute and operative pleading.

First, with respect to the ELAN FINANCIAL SERVICES tradeline, the 12/20/2024 (pre-dispute) and 1/23/2025 (post-reinvestigation) reports reflect an "Original Charge-Off" amount of $18,779 while also stating that the "unpaid balance is charged off," with a reported unpaid balance of $21,551 for October and November 2024. The reports provide no explanation reconciling the difference between these figures, presenting inconsistent information regarding the amount characterized as charged off, without any disclosed basis for reconciliation.

Second, the same ELAN tradeline reflects the remark "Account Closed by Consumer" in connection with a charge-off status. These characterizations are potentially inconsistent, as a charge-off reflects a creditor-driven determination following delinquency, while a "closed by consumer" designation suggests a voluntary account closure. This issue is further reflected in the

Date: April 2, 2026

existing record, including Plaintiff's affidavit and correspondence from ELAN indicating that the account closure was initiated by the creditor.

Third, with respect to the TBOM/FORTIVA tradeline, the reports reflect a maximum delinquency of 90 days (and, following reinvestigation, 120 days) in December 2024, while the payment history grid reflects only a 30-day delinquency as of November 2024 and contains no December 2024 entry. The reported delinquency progression cannot be reconciled on its face, as it implies a jump from 30 days late to 90 or 120 days late without corresponding intermediate reporting or a December entry in the grid.

These issues appear in both the pre-dispute consumer report and the post-reinvestigation report dated January 23, 2025. Their persistence following reinvestigation is relevant to the reasonableness of Defendant's procedures.

Plaintiff provides this clarification in light of the Court's instruction to identify specific inaccuracies and to ensure the record accurately reflects the nature of the disputed information.

Respectfully Submitted,

*Jeffrey Thomas Pirzinger*

Jeffrey Thomas Pirzinger
Pro Se Plaintiff

cc: Andrew George Hope, Buchanan (via email)
cc: Makenzie Paige Leh, Buchanan (via email)