Date: May 1, 2026

RECEIVED
SDNY DOCKET UNIT

2026 MAY -1  AM 8:41

> Defendant is directed to respond to Plaintiff's letter (Doc. 62) by May 11, 2026.
>
> SO ORDERED.
>
> *(signature)*
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>          May 5, 2026

To:    Chambers of the Hon. Philip M. Halpern    From:                                                    ER
       United States District Court
       Southern District of New York
       300 Quarropas Street, Room 530
       White Plains, NY 10601

Re:    **Jeffrey Thomas Pirzinger v. Trans Union LLC**
       **Case No. 7:25-cv-01760-PMH (S.D.N.Y.)**
       **Plaintiff's Letter Motion for Pre-Motion Conference re Motion to Compel**

Dear Judge Halpern,

Plaintiff Jeffrey Thomas Pirzinger, proceeding pro se, respectfully requests a pre-motion conference in anticipation of filing a motion to compel pursuant to Fed. R. Civ. P. 37.

This request concerns discrete deficiencies in Defendant Trans Union LLC's responses to Plaintiff's Requests for Production and Defendant's failure to produce materials it previously represented would be produced following entry of the Protective Order (ECF No. 60).

**1. Failure to Produce Referenced Policies (RFP Nos. 3, 7, 17, 18)**

Defendant has produced documents referencing internal policies governing its reinvestigation process, including "LRC 91 - Reinvestigation of Disputed Information Policy," but has not produced the referenced policy or related materials.

Plaintiff requested: (i) policies governing intake and classification of mailed disputes (RFP No. 3); (ii) criteria governing when a dispute is deemed "illegible" or "undeterminable" (RFP No. 7); (iii) training materials regarding compliance with 15 U.S.C. § 1681i (RFP No. 17); and (iv) audit or quality control materials evaluating reinvestigation practices (RFP No. 18).

These materials are directly relevant to Plaintiff's claims under 15 U.S.C. § 1681i, including whether Defendant conducted a reasonable reinvestigation and whether its stated basis for refusing to process Plaintiff's dispute was grounded in any established policy or criteria. Defendant has neither produced these materials nor stated that they do not exist.

Date: May 1, 2026

### 2. Failure to Produce Illegibility Criteria (RFP No. 7)

Defendant contends that Plaintiff's written dispute was "illegible" or "undeterminable," yet has not produced any document identifying the standards or criteria used to make such determinations. Without such materials, Plaintiff cannot test whether Defendant's refusal to initiate a reinvestigation was consistent with its procedures or was arbitrary.

### 3. Failure to Produce Proof of Mailing (RFP No. 15)

Defendant has not produced documents sufficient to show that reinvestigation results were mailed to Plaintiff, including any certificates of mailing, vendor logs, or tracking information. This information is directly relevant to Plaintiff's claim under 15 U.S.C. § 1681i(a)(6)(A).

### 4. Materials Obtained Through Defendant's Third-Party Subpoenas

Defendant issued subpoenas to third-party financial institutions relating to the disputed accounts. To date, Defendant has not produced any materials obtained through those subpoenas or confirmed whether any such materials were received. Because Defendant elected to pursue third-party discovery on issues central to its defense, those materials, or the absence of responsive materials, bear directly on the scope and reasonableness of Defendant's reinvestigation.

### 5. Inconsistent Positions Regarding Reinvestigation and Dispute Identification

Defendant has produced or referenced a consumer report dated January 23, 2025, which it characterizes as reflecting the results of a reinvestigation. Defendant has also taken the position that its January 8, 2025 correspondence did not relate to Plaintiff's January 2, 2025 dispute, but instead to an earlier dispute.

However, Defendant's own ACDV records reflect that Plaintiff's January 2, 2025 dispute was entered in Defendant's system. Defendant has not produced any ACDV records or other documents identifying any earlier dispute corresponding to the January 8, 2025 letter, nor any record linking that letter to a different dispute communication.

Date: May 1, 2026

These positions create uncertainty as to (i) what dispute, if any, was processed; (ii) whether Plaintiff's January 2, 2025 dispute was reviewed; and (iii) what information, if any, was considered in connection with any reinvestigation.

Documents responsive to Plaintiff's Requests for Production—including policies governing dispute intake, criteria for rejecting disputes as "illegible," records identifying the disputes received and processed, and materials reflecting the scope of any reinvestigation conducted—are necessary to resolve these issues.

### 6. Meet-and-Confer Efforts

Plaintiff has made repeated, good-faith efforts to resolve these issues without Court intervention. In correspondence dated March 12, 2026, Defendant stated that it was "unable to produce any policies or procedures until there is a Confidentiality Order in place."

Following entry of the Protective Order, Plaintiff requested supplementation on April 15, 2026, specifically asking when Defendant would produce the referenced policies and procedures. On April 24, 2026, Defendant responded by producing a limited set of documents (Bates labeled Pirzinger_TransUnion_Discovery_001598–001610), consisting primarily of account claim codes, related descriptions, and a document titled "helpful hints for processing basic disputes." These materials reference "LRC 91 – Reinvestigation of Disputed Information Policy," but Defendant did not produce the referenced policy or related materials.

Following this limited production, Plaintiff again requested supplementation by letter dated April 27, 2026, identifying the specific materials at issue and requesting a response by April 30, 2026. Defendant has not responded to that correspondence, has not provided any further supplementation, and has not requested an extension of time.

### Relief Requested

Plaintiff respectfully seeks leave to move to compel an order requiring Defendant to:

1. Produce the policies, procedures, training materials, and audit materials responsive to RFP Nos. 3, 7, 17, and 18, including the referenced "LRC 91" policy and related documents;

Date: May 1, 2026

2. Produce documents sufficient to identify the criteria used to determine that a dispute is "illegible" or "undeterminable";

3. Produce documents sufficient to establish whether reinvestigation results were mailed to Plaintiff, including any proof of mailing; and

4. Produce all non-privileged materials obtained through Defendant's third-party subpoenas, or confirm that no such materials were received in response to those subpoenas.

These issues are narrow, case-specific, and central to the parties' dispute regarding Defendant's reinvestigation conduct. Plaintiff remains willing to resolve these issues without motion practice but seeks the Court's guidance in light of Defendant's failure to respond or supplement its production.

Dated: May 1, 2026                                    Respectfully submitted,

*Jeffrey Thomas Pirzinger*

Jeffrey Thomas Pirzinger
135 Beechwood Dr
Mamaroneck, NY 10543
914-497-1104
Pro Se Plaintiff

Attachments:

**Exhibit A:**    March 12, 2026 correspondence
**Exhibit B:**    April 15, 2026 correspondence
**Exhibit C:**    April 24, 2026 correspondence and production
**Exhibit D:**    April 27, 2026 correspondence


cc: Andrew G. Hope, Esq. (via email)
cc: Makenzie P. Leh, Esq. (via email)

# EXHIBIT A

## Pirzinger v. TransUnion et al. - Discovery

| | |
|---|---|
| From | Makenzie P. Leh <makenzie.leh@bipc.com> |
| To | Jeffrey ███████████████ |
| CC | Andrew G. Hope <andrew.hope@bipc.com> |
| Date | Thursday, March 12th, 2026 at 1:02 PM |

Jeffrey,

Attached please find TransUnion's responses to discovery. Below is a link to the corresponding document production. TransUnion is unable to produce any policies or procedures until there is a Confidentiality Order in place.

Thanks.

📁 Pirzinger v. Transunion - Discovery Production

**Makenzie P. Leh**

**Associate**

Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA19102-2555

215 665 5342 (o)

makenzie.leh@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

Inbox

2/2

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

**164.52 KB**    2 files attached    1 embedded image

Pirzinger - TU's Resp to Pltf's 1st Set of Interrogatories (4922-9473-8833 v1).pdf 72.48 KB

Pirzinger - TU's Resp to Pltf's 1st Set of RFP (4935-3651-4961 v1).pdf 91.78 KB

# EXHIBIT B

Sen▮▮▮▮▮▮▮▮▮▮▮

# Re: Pirzinger v. TransUnion et al. - Discovery

From    Jeffrey ◂▮▮▮▮▮▮▮▮▮▮▮▮▮

To      Makenzie P. Leh <makenzie.leh@bipc.com>

CC      Andrew G. Hope <andrew.hope@bipc.com>

Date    Wednesday, April 15th, 2026 at 10:11 PM

Makenzie,

Now that there is a Confidentiality and Protective Order in place, when will you send the policies or procedures?

Regards,

Jeffrey Thomas Pirzinger
(914) 497-1104

On Thursday, March 12th, 2026 at 1:02 PM, Makenzie P. Leh <makenzie.leh@bipc.com> wrote:

> Jeffrey,
>
> Attached please find TransUnion's responses to discovery. Below is a link to the corresponding document production. TransUnion is unable to produce any policies or procedures until there is a Confidentiality Order in place.
>
> Thanks.
>
> 🗔 Pirzinger v. Transunion - Discovery Production
>
> **Makenzie P. Leh**
>
> **Associate**
>
> Two Liberty Place
>
> 50 S. 16th Street, Suite 3200
>
> Philadelphia, PA19102-2555
>
> 215 665 5342 (o)

Sent |

makenzie.leh@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

**263 bytes**    1 embedded image

# EXHIBIT C

Inbox | ▮▮▮▮▮▮▮▮▮▮▮▮▮

# RE: RE: Pirzinger v. TransUnion et al. - Discovery

From    Makenzie P. Leh <makenzie.leh@bipc.com>

To      Jeffrey <▮▮▮▮▮▮▮▮▮▮▮▮▮

CC      Andrew G. Hope <andrew.hope@bipc.com>

Date    Friday, April 24th, 2026 at 3:34 PM

Jeffrey,

Attached please find TransUnion's supplemental document production Bates Labeled, Pirzinger_TransUnion_Discovery_001598-001610.

Additionally, do you mean April 21, 2026? If so, TransUnion does not expect to produce responses to the Request for Admissions before the 30-day deadline.

Thanks.

Kenzie

**Makenzie P. Leh**

**Associate**

Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA19102-2555

215 665 5342 (o)

makenzie.leh@bipc.com

Inbox ███████████████████████████

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

Makenzie,

Shall I expect the response to the Requests for Admission sent Tuesday, March 21, 2026, prior to the 30 days?

Regards,

Jeffrey Thomas Pirzinger

(914) 497-1104

On Friday, April 24th, 2026 at 10:04 AM, Makenzie P. Leh <makenzie.leh@bipc.com> wrote:

> Jeffrey,
>
> No worries. We will be sending you TransUnion's policies and procedures today.
>
> Kenzie
>
> **Makenzie P. Leh**
>
> **Associate**
>
> Two Liberty Place
>
> 50 S. 16th Street, Suite 3200
>
> Philadelphia, PA19102-2555

# EXHIBIT D

██████████M                                          Sent ███████████████████████

# RE: RE: Pirzinger v. TransUnion et al. – Discovery

From   Jeffrey ◁███████████████████

To     Makenzie P. Leh<makenzie.leh@bipc.com>

CC     Andrew G. Hope<andrew.hope@bipc.com>

Date   Monday, April 27th, 2026 at 9:05 PM

Counsel,

Following the Court's entry of the Protective Order, Plaintiff writes to follow up on Defendant's prior representation that certain responsive materials would be produced once a protective order was in place.

As you know, Plaintiff previously identified specific deficiencies in Defendant's production in the March 14, 2026 Rule 37 letter and the March 29, 2026 follow-up letter. Those letters addressed discrete factual issues concerning Defendant's reinvestigation conduct.

In addition, Defendant has produced documents referencing internal policies (including "LRC 91 - Reinvestigation of Disputed Information Policy") and other materials that appear responsive to Plaintiff's Requests for Production, but have not yet been produced.

In light of the Protective Order now being entered, please advise:

1. When Defendant intends to produce the previously identified confidential materials:

### RFP No. 3

All policies, procedures, manuals, or guidelines governing the intake and classification of mailed consumer disputes in effect from December 2024 through March 2025.

### RFP No. 7

All policies, criteria, or decision rules governing when a consumer dispute is deemed "illegible" or "undeterminable."

### RFP No. 15

If TransUnion contends that reinvestigation results were mailed to Plaintiff, all documents sufficient to show proof of mailing, including tracking numbers, certificates of mailing, vendor logs, batch manifests, or carrier records.

### RFP No. 17

All training materials provided to employees handling consumer disputes regarding compliance with 15 U.S.C. § 1681i.

### RFP No. 18

All audit, quality control, or compliance review documents evaluating TransUnion's reinvestigation practices

Sent ▬▬▬▬▬▬▬▬▬▬

during the relevant period; and

2. Whether Defendant will be supplementing its production to include:
   - the referenced LRC 91 policy and related materials. Discovery page labeled as Pirzinger_TransUnion_Discovery_001607 says there are related policies "LRC 91 – Reinvestigation of Disputed Information Policy";

To the extent Defendant contends that any such documents do not exist, please so state.

Plaintiff remains willing to resolve these issues without Court intervention, but will seek appropriate relief if supplementation is not forthcoming.

Please provide a written update by 4/30/2026 5pm EST.


Regards,

Jeffrey Thomas Pirzinger
(914) 497-1104


On Friday, April 24th, 2026 at 3:34 PM, Makenzie P. Leh <makenzie.leh@bipc.com> wrote:

> Jeffrey,
>
>
> Attached please find TransUnion's supplemental document production Bates Labeled, Pirzinger_TransUnion_Discovery_001598-001610.
>
>
> Additionally, do you mean April 21, 2026? If so, TransUnion does not expect to produce responses to the Request for Admissions before the 30-day deadline.
>
>
> Thanks.
>
>
> Kenzie
>
>
> **Makenzie P. Leh**
>
> **Associate**
>
>
> Two Liberty Place