# Buchanan

**Andrew G. Hope**
(215) 665-5322
andrew.hope@bipc.com

640 Fifth Avenue
9th Floor
New York, NY  10019-6102
T 212 440 4400
F 212 440 4401

June 16, 2026

**VIA ECF**

Hon. Phillip M. Halpern
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street, Room 530
White Plains, NY 10601-4150

RE:    *Jeffrey Thomas Pirzinger v. Transunion LLC,*  Case No.: **7:25-cv-01760-PMH**

Dear Judge Halpern:

My firm represents Defendant, Trans Union, LLC ("TransUnion"), in the above-captioned matter. TransUnion, along with Plaintiff, Jeffrey Thomas Pirzinger ("Plaintiff"), submits this Joint Letter Concerning Settlement/Mediation in accordance with this February 4, 2026, Civil Case Discovery Plan and Scheduling Order (Doc. No.47).

TransUnion's Position:

Plaintiff has made multiple unreasonable settlement demands in this case, apparently motivated by an interpretation of the Fair Credit Reporting Act gleaned from social media that is not consistent with the relevant body of law or applicable burden of proof.  Accordingly, TransUnion does not believe that a settlement conference or mediation would be fruitful at this time. Since discovery has closed and TransUnion has taken Plaintiff's deposition, TransUnion intends to file a pre-motion letter requesting permission to file a motion for summary judgment, in accordance with this Court's individual practices and Your Honor's individual rules.

Plaintiff's Position:

Plaintiff believes that a settlement conference before a Magistrate Judge would be productive and remains willing to participate in good-faith settlement discussions.

Contrary to Defendant's characterization, Plaintiff has repeatedly attempted to engage in settlement discussions throughout this litigation. Defendant did not provide substantive feedback regarding Plaintiff's settlement positions until the parties' June 9, 2026 meet-and-confer. During that conference, defense counsel indicated that Plaintiff's prior settlement demands were viewed as

June 16, 2026
Page - 2 -

unreasonable and invited a revised proposal. Plaintiff thereafter reduced his monetary demand and submitted a written settlement proposal on June 9, 2026. Defendant subsequently advised on June 12, 2026 that it was not interested in settlement at this time.

Plaintiff disagrees with Defendant's characterization of the merits of Plaintiff's claims and the evidence developed during discovery. Plaintiff believes the discovery record contains evidence supporting Plaintiff's claims, including evidence concerning the accuracy and completeness of information reported in Plaintiff's consumer file, whether certain reported information could reasonably be found materially misleading, and the reasonableness of Defendant's reinvestigation procedures and conduct. Plaintiff further believes that genuine disputes of material fact remain for resolution. During discovery, Defendant produced ACDV-related materials and represented that its reinvestigation relied upon furnisher ACDV responses. Plaintiff contends that factual disputes remain regarding the adequacy of Defendant's reinvestigation and Defendant's compliance with the Fair Credit Reporting Act. Plaintiff therefore believes that additional proceedings, including summary judgment practice if pursued, will require judicial resolution of disputed factual and legal issues.

Plaintiff nevertheless believes that meaningful settlement discussions remain possible. Discovery is now complete, the parties have developed a substantial factual record, and a settlement conference conducted by a Magistrate Judge may assist the parties in evaluating the strengths and weaknesses of their respective positions and avoiding additional motion practice, litigation expense, and further consumption of judicial resources. Plaintiff does not believe the parties' disagreement regarding the merits precludes productive settlement discussions before a Magistrate Judge.

Accordingly, Plaintiff remains willing to participate in a settlement conference before a Magistrate Judge for settlement purposes only and without consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

Respectfully,

Andrew G. Hope

Jeffrey Thomas Pirzinger
Pro Se Plaintiff