Buchanan

**Andrew G. Hope**
(215) 665-5322
andrew.hope@bipc.com

640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
T 212 440 4400

August 17, 2026

**VIA ECF**

Hon. Philip M. Halpern, District Judge
The Hon. Charles L. Brieant Jr.
300 Quarropas Street
White Plains, NY 10601-4150

**RE:** ***Jeffrey Thomas Pirzinger v. Trans Union LLC,*** **Case No.: 7:25-cv-01760-PMH**

Dear Judge Halpern:

This firm represents Defendant, Trans Union, LLC ("Trans Union") in the above matter. In accordance with Local Civil Rule 56.2 and Rule 4(E)(viii) of Your Honor's Individual Practices, Trans Union respectfully submits this Pre-Motion Letter requesting a conference concerning an anticipated Motion for Summary Judgment against Plaintiff, Jeffrey Thomas Pirzinger ("Plaintiff") under Federal Rule 56. Attached is Trans Union's Statement of Material Facts.[1]

Plaintiff asserts claims against Trans Union for violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(6)(A), based on the allegations that Trans Union failed to conduct a reasonable reinvestigation and failed to provide written reinvestigation results. As a result, Plaintiff alleges that he suffered actual damages including loss of credit opportunities, denial of vehicle financing, out-of-pocket expenses and emotional distress.

Plaintiff's allegations are legally deficient, factually unsupported, and fail to establish the essential elements required for an FCRA claim. The lawsuit is predicated on Plaintiff's own mistaken beliefs that (1) Jeffrey Pirzinger is a "fictitious entity, which is also defined as a consumer under Congress"; (2) "the consumer, the protected party, Jeffrey Pirzinger, the entity that was created, does not own "the accounts at issue"; and (3) that these accounts were opened by and owned by the furnishers. Plaintiff freely admits that he failed to make any factual investigation before submitting his disputes, initiating this action or amending his pleadings. Nor does he have any knowledge as to how the information should be reporting on the disputed accounts. When asked to provide proof of his claimed inaccuracies, Plaintiff has produced a single document that appears to indicate that one of the accounts was closed by the furnisher instead of by Plaintiff himself. This is, at most, a technical inaccuracy that does not give rise to liability.

[1] The exhibits referenced in Trans Union's Statement of Materials Facts will be attached to the full briefing.

Plaintiff further admits that he has no evidence, nor any explanation as to how this putative inaccuracy has impacted his creditworthiness or otherwise caused him damage. Accordingly, judgment should be entered in favor of Trans Union for two reasons: first, because Plaintiff has presented no evidence of an inaccuracy, which is a threshold matter for any FCRA claim, and second, because Plaintiff cannot establish any damages arising from Trans Union's reporting.

## FACTUAL BACKGROUND

After failing to state a claim in his first two Complaints, on December 9, 2025, Plaintiff filed a Second Amended Complaint alleging that Trans Union violated its obligations under the FCRA. (ECF No. 34). On November 8, 2024, Plaintiff mailed Trans Union an incomprehensible dispute letter regarding the ELAN Financial Services account stating "Jeffrey Pirzinger is an ens legis entity, a Consumer and a Person." *See* CRS Documents, Bates Labeled Pirzinger_Trans Union_Discovery_001344 - 0001352. The November 2024 Letter also included an FTC Identity Theft Report indicating that an account opened was fraudulent and that ELAN was the identity thief. Trans Union responded to this letter requesting additional information, but Plaintiff failed to provide this or otherwise reassert his fraud claims. *See* Pirzinger Dep. Tr. at 113:5-18.

On December 26, 2024, Plaintiff mailed Trans Union a letter revoking consent to receive communication electronically. *See* CRS Documents, Bates Labeled Pirzinger_Trans Union_Discovery_001465 - 001499. On January 8, 2025, Trans Union, in accordance with its policies and procedures, reviewed Plaintiff's December 2024 Letter, determined there was not enough information to process the request, and sent Plaintiff a Request Unclear Letter. *See id.* On January 2, 2025, Plaintiff sent Trans Union a third letter, identifying 35 alleged inaccuracies on his credit report. Specifically, Plaintiff disputed the ELAN SVCS-Fidelity account, the TBOM-FORTIVA account, and the TD Bank USA – Target Card account. *See id.* at Pirzinger_Trans Union_Discovery_001501 - 001548. Trans Union, in accordance with its policies and procedures, initiated a reinvestigation of the disputed accounts and informed the furnishers that Plaintiff claimed the accounts were inaccurate. *See id.* After receiving the ACDV responses verifying the reporting of the accounts as accurate, on January 23, 2025, Trans Union sent the results of its investigation to Plaintiff within the 30-day period prescribed under FCRA § 1681i(a)(1)(A). *See id*.

## LEGAL ARGUMENT

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating the absence of any genuine issues and that it is entitled to judgment. *See Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1060–61 (2d Cir. 1995). The court views the evidence in the light most favorable to the nonmoving party but may grant summary judgment if no reasonable fact-finder could find in favor of the plaintiff. Here, there are no genuine disputes of material facts and Trans Union is entitled to judgment as a matter of law.

Plaintiff's entire case hinges on the assertion that 35 tradelines are inaccurate. However, he has failed to produce any credible evidence supporting these claims of inaccuracy. Instead, Plaintiff admits that he has only provided proof of three of the thirty-five alleged inaccuracies. Even for these three items, Trans Union denies that Plaintiff has provided sufficient evidence to support such claims. Nevertheless, even if Plaintiff sufficiently alleges three inaccuracies, these do not establish a claim under the FCRA as Plaintiff has not suffered any damages.

**A. Plaintiff Has Failed to Establish That Trans Union Reported Inaccurate Information in Support of His 1681i Claim.**

1. <u>Without evidence of an inaccuracy, Plaintiff cannot prevail on his 1681i claim.</u>

To prevail on either a 15 U.S.C. § 1681e(b) or § 1681i claim under the FCRA, Plaintiff must demonstrate an inaccuracy in Trans Union's reporting. *See Mader v. Experian*, 56 F.4th 264, 269 (2d Cir. 2023); *see also Jones v. Experian Information Solutions, Inc*. 982 F.Supp.2d 268, 272-7 (S.D.N.Y. 2025) ("Plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a consumer reporting agency had failed to reasonably reinvestigate a disputed item.").

While Plaintiff focuses on Trans Union's obligations under the FCRA, evidence suggests he does not fully understand his. Plaintiff initially disputed the ELAN account as fraudulent in November 2024, accusing ELAN of identity theft based on his idiosyncratic, hyper-technical and, ultimately, misguided understanding of consumer credit that he obtained from "Facebook and YouTube." *See* Pirzinger Dep. Tr. at 55:8-15. At his deposition, Plaintiff explained "If anyone opened the account, it was Elan Financial. Therefore, the theory was that Elan Financial was stealing the identity of Jeffrey Thomas Pirzinger, and distributing the information to Trans Union." *Id*. at 25:25-26:6. Plaintiff next sent Trans Union an equally incomprehensible "Revocation of Consent" letter in December 2024. *See* CRS Documents, Bates Labeled Pirzinger_Trans Union_Discovery_001465 - 001499. Trans Union responded to each of these letters, requesting additional information in order to better understand what Plaintiff was requesting. *See id.*

Eventually acknowledging that the identity theft dispute was "a losing battle," Plaintiff sent Trans Union another dispute letter in January 2025, identify 35 purported inaccuracies across three accounts: ELAN, TBOM-FORTIVA and Target. *See id.* at Pirzinger_Trans Union_Discovery_001501 - 001514. Plaintiff admitted that he had no basis to dispute these accounts, testifying "It's not up to me to prove to Trans Union what was or was not accurate. All I had to do was raise a dispute." *See* Pirzinger Dep. Tr. at 34:24-35: 3. Plaintiff later acknowledged that he had no factual basis for disputing 32 of these items: "I think it boiled down to three that I was able to provide clear documentation proving a potential inaccuracy." *See id*. at 72:19-22.

Setting aside Plaintiff's shifting theory of inaccuracy, even for the three specific tradelines that now form the basis of his claims, Plaintiff still fails to meet his burden. Regarding the ELAN tradeline, Plaintiff asserts "12/20/2024 (pre-dispute) and 1/23/2025 (post-investigation) reports reflect an 'Original Charge-Off' amount of $18,779, while also stating that the 'unpaid balance is charged off,' with a reported unpaid balance of $21,551 for October and November 2024. Since the report provides no explanation reconciling the difference between these figures, Plaintiff considers this sufficient 'proof of inaccuracy.'" (ECF No. 58). However, an increase in the account balance after a charge-off is not inherently inconsistent and does not, in itself, constitute an inaccuracy. Plaintiff testified that he had no knowledge of what the unpaid balance on the account should have been. *See* Pirzinger Dep. Tr. at 44:6-11. Nor did Plaintiff have any documentation or evidence to show that Elan did not charge off the account. *See id*. at 75:2-7.

Regarding the TBOM/FORTIVA account, Plaintiff asserts that the reported delinquency progression for the account "cannot be reconciled on its face, as it implies a jump from 30 days late to 90 or 120 days late without corresponding intermediate reporting or a December entry in the grid." (ECF No. 58). However, the tradeline in question reports 30 days late in October 2024, 60 days late in November 2024, 90 days late in December 2024, and 120 days late in January 2025. Accordingly, there is nothing inaccurate about this reporting, and Plaintiff has not provided any documentation indicating he was not late or made payments from October 2024 through January 2025. Indeed, as with the ELAN account, Plaintiff testified that he has no basis for his allegation that there is no delinquency. *See* Pirzinger Dep. Tr. at 96:8-25-97:1, 102:3-12.

Finally, Plaintiff claims that the ELAN tradeline reflects the remark "Account Closed by Consumer." Plaintiff provided a letter indicating that ELAN elected to close the account. Even if this were sufficient to prove an inaccuracy, Plaintiff cannot demonstrate that these alleged inaccuracies caused him any concrete harm. The Supreme Court in *Trans Union LLC v. Ramirez*, 594 U.S. 413 (2021) clarified that the presence of an inaccuracy in a credit report, without disclosure to a third party or resulting in adverse credit actions, does not constitute a concrete injury. Additionally, "a plaintiff must present evidence of a causal relation between the violation of the statute and the loss of credit" to receive actual damage. *See Burns v. Bank of Am*., 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008), aff'd, 360 F. App'x 255 (2d Cir. 2010). No such evidence is present here.

2. <u>Plaintiff has produced no evidence of any denials in connection with Trans Union's reporting and his claim for emotional distress fails because it relies on unsubstantiated testimony.</u>

During discovery, Plaintiff provided evidence of one credit denial from Mercedes-Benz on February 22, 2025. On March 9, 2025, Plaintiff received a "Notice of Action Taken and Statement of Reasons" from Mercedes-Benz Financial Services. (ECF No. 35). None of the reasons cited in the letter is related to Trans Union's reporting of the ELAN account as "Closed by Consumer." There is also no evidence that this notation resulted in any adverse credit actions or was a substantial factor in the calculation of Plaintiff's credit score. Thus, Plaintiff fails to meet his burden of proof.

Further, Plaintiff's evidence of emotional distress is legally insufficient as Plaintiff has not provided any medical records to support his claim. Although a consumer may recover damages for emotional distress by the FCRA, he must present sufficient, objective evidence of such damages to warrant such a recovery. *Patrolmen's Benevolent Ass'n of the City of New York v. City of New York*, 310 F.3d 43, 56 (2d Cir. 2002). "A plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages." *Id*. Here, all Plaintiff has provided is subjective testimony that he has suffered emotional distress. This is insufficient. Because Trans Union's reporting of the ELAN account as "Closed by Consumer" was not the cause of any of his alleged damages, this inaccuracy is not actionable under the FCRA.

**B. Plaintiff Cannot Establish that Trans Union Failed to Conduct a Reasonable Reinvestigation as Required under the FCRA.**

Even assuming that Plaintiff has met his threshold burden of showing that his credit report contains inaccuracies, which he has failed to do, his § 1681i claim still fails because the record firmly establishes that Trans Union conducted a reasonable reinvestigation. The FCRA is not a strict liability statute; therefore, inaccurate reporting alone does not give rise to liability under the Act. *See Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 2d 2015, 1032 (S.D.N.Y. 1996). To prevail on a claim under § 1681i, a plaintiff must show that: (1) the plaintiff disputed the information; (2) the information was inaccurate; and (3) Trans Union's reinvestigation was unreasonable. *See Jones*, 982 F. Supp. 2d at 272-73. Assuming *arguendo* that Plaintiff can allege an inaccuracy in Trans Union's reporting, Trans Union's reinvestigation was reasonable. After receiving Plaintiff's January 2, 2025, dispute, Trans Union initiated a reinvestigation by promptly notifying the furnishers of the dispute and subsequently provided the results to Plaintiff on January 23, 2025, within the required 30-day period. *See id.* at Pirzinger_Trans Union_Discovery_001530 - 001548. Accordingly, Trans Union reasonably reinvestigated Plaintiff's dispute and Plaintiff offers no evidence to the contrary.

**C. Plaintiff Has No Evidence to Support the High Standard to Sustain a Claim for Punitive Damages Where There Is No Evidence of Malice or Conscious Disregard.**

To recover punitive damages under the FCRA, Plaintiff must demonstrate that Trans Union knowingly and intentionally committed an act in conscious disregard of Plaintiff's rights. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007). Plaintiff presented no evidence of inaccurate reporting, dispute handling, or other conduct amounting to willful misrepresentations or concealments. On the contrary, all the evidence in the record demonstrates that Trans Union fulfilled its duties under the FCRA to ensure accurate reporting and to conduct a reasonable reinvestigation of Plaintiff's disputes. Indeed, there is no evidence that Trans Union negligently violated its statutory obligations, let alone knowingly or intentionally.

We respectfully request that the Court consider the merits of Trans Union's motion for summary judgment. We believe such relief is warranted to avoid unnecessary litigation where no genuine dispute exists.

Respectfully,

Andrew G. Hope

cc: Jeffrey Thomas Pirzinger (via email)