Buchanan

**Andrew G. Hope**
(215) 665-5322
andrew.hope@bipc.com

640 Fifth Avenue
9th Floor
New York, NY 10019-6102
T 212 440 4400
F 212 440 4401

September 30, 2026

**VIA ECF**

Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**RE: *Jeffrey Thomas Pirzinger v. Trans Union LLC,* Case No.: 7:25-cv-01760-PMH**

Dear Judge Halpern:

My firm represents Defendant, Trans Union, LLC ("Trans Union"), in the above-captioned matter. In accordance with Your Honor's Individual Practice 5(B), Trans Union respectfully submits this Letter Motion for approval to redact confidential portions of Trans Union's Motion for Summary Judgment, which will be filed contemporaneously with this Letter Motion. In addition, Trans Union will publicly file the Motion for Summary Judgment with the proposed redactions, and will electronically file under seal a copy of the unredacted Motion with the redactions highlighted. This Letter Motion is filed in accordance with the court's standing order, 19-mc00583, and the ECF Rules & Instructions, sections 6 and 21.

Trans Union has redacted designated sensitive information pursuant to Federal Rule of Civil Procedure 5.2, which does not require court approval for sealing. However, in support of its Motion for Summary Judgment, Trans Union is filing a Memorandum of Law that references exhibits and the declaration of Litigation Support Specialist Tamaya Tucker. These documents contain confidential information pertaining to Plaintiff, Jeffrey Pirzinger ("Plaintiff") as well as confidential and proprietary information related to Trans Union's business practices. The confidential information contained in the exhibits includes personal identifying information ("PII"), such as Plaintiff's social security number, email address and home address, as well as other confidential medical information, all of which require redactions. Additionally, the declaration of Ms. Tucker describes Trans Union's policies, procedures and other sensitive business information that is proprietary and therefore warrants protection from public disclosure.

The interest in protecting the confidential information through filing under seal outweighs the presumption of public access because the public does not have a legitimate interest in reviewing

the confidential information or in having it unsealed. Further, the redactions are narrowly tailored to protect this information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Additionally, the parties' confidentiality agreement is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See In re Gen. Motors LLC Ignition Switch Litig*., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). Finally, there are no less restrictive alternatives to sealing the confidential information.

Trans Union has met and conferred with Plaintiff who consents to the motion. A proposed form of order is attached hereto as Exhibit A.

Thank you in advance for your consideration of this request.

Respectfully,

Andrew G. Hope

cc: Jeffrey Thomas Pirzinger (via email)

Enclosure