# EXHIBIT 10

***(Redacted - Public Filing)***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)**

JEFFREY THOMAS PIRZINGER, Case No. 7:25-cv-01760-PMH

Plaintiff,

vs.

TRANS UNION, LLC,

Defendant.

**TRANS UNION LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC ("Defendant") hereby serves its First Set of Interrogatories upon Plaintiff Jeffrey Thomas Pirzinger ("Plaintiff"). You are required to answer these Interrogatories fully and without evasion, under oath and within thirty (30) days of service. The following are deemed to be continuing Interrogatories, and therefore, if you, at any time, receive information which renders your answers to these Interrogatories incomplete, inaccurate or in any way misleading, you are required to supplement those answers accordingly.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Civil Rules.

1. "**TransUnion**" refers to Trans Union, LLC together with its parents, subsidiaries, affiliates, directors, officers, employees, agents, contractors, representatives, or any other person acting, either directly or indirectly, on its behalf.

2. "**You**," "**Your**," or "**Plaintiff**" refers to Plaintiff Jeffrey Thomas Pirzinger together with Plaintiff's attorneys, agents, representatives or any other person or entity acting, either directly or indirectly, on Plaintiff's behalf, including, without limitation, entities that offer to repair or monitor credit.

3. "**Complaint**" shall mean the Second Amended Complaint and/or Notice With Summons filed in this matter in the Southern District of New York.

4. "Communication" means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

5. "**Date**" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

6. "**Document**" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in Plaintiff's possession, custody, or control. "Documents" include, but are not limited to, books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video

recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

7. "**Employee**" is defined as any person who at any time during the time period covered by a request acted or purported to act on Plaintiff's behalf, including all past and present directors, officers, executives, agents, servants, representatives, attorneys, accountants, independent contractors, advisors, or consultants of such other person(s).

8. "**Including**" or "**Includes**" means "including, but not limited to" or "including without limitation."

9. "**Knowledge**" means and includes both firsthand information and information derived from any other source.

10. "**Person**" means any natural person, firm, proprietorship, partnership, joint venture, group, trust, estate, governmental entity, agency, association, corporation, or any other type of organization or entity.

11. "**Possession, custody or control**" means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

12. "**Relating to**," "**Referring to**," or "**Concerning**," when referring to any given subject matter, means any Document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

13. The words "**and**" as well as "**or**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed as falling outside the scope of these requests.

14. Words used in the singular shall, when the context permits, be deemed to include the plural, and words used in the plural shall, when the context permits, be deemed to include the singular. The masculine gender shall, when the context permits, be deemed to include the feminine or neutral genders.

**INSTRUCTIONS**

15. "**Identify**," when used in reference to a natural person, means to set forth the person's: (1) full name; (2) present or last known business and residential address; (3) present or last known business, residential and cellular telephone numbers; (4) present or last known employer and position; and (5) employer and position at the time referred to or involved in the particular interrogatory.

16. "**Identify**," when used in reference to a person which is a business organization or other entity not a natural person, means to set forth: (1) the full name of such organization; (2) the address of such organization; (3) the form of such organization (*e.g.*, corporation, partnership, joint venture); and (4) the state in which such organization was incorporated or under whose laws such organization was formed.

17. "**Identify**," when used in reference to a communication, means to: (1) state the date of such communication; (2) specify the place or places where such communication occurred; (3) identify each person who originated, received, or participated in such communication and each such person who was present during such communication; (4) state the type of communication (*e.g.*, email, letter, telephone conversation, voice mail message, instant message, text message, interview, meeting); (5) identify any agent or representative of Plaintiff who authorized or ordered such communication; (6) state the substance of such communication; and (7) identify each document embodying, relating to or referring to such communication.

18. “**Identify**,” when used in reference to a document, means to set forth: (1) its date; (2) each author and any signatories; (3) the type of document (*e.g.*, letter, memorandum, chart); (4) its title and number of pages; (5) its subject matter; (6) each addressee; (7) each recipient; (8) the substance thereof; (9) its custodian; (10) its present or last known location; and (11) if such document was, but is no longer in Your possession or subject to Your control, state the disposition which was made of it, the reason for such disposition and the actual or approximate date thereof, and identify each person that participated in or has knowledge of such disposition.

19. “**Describe with specificity**” means to set forth every fact (including all related dates) concerning the subject of the Interrogatory, including identifying all persons with knowledge of the subject, and identifying all documents and communications concerning the subject of the Interrogatory. In addition, when asked to “describe with specificity” the factual basis for a contention, You should set forth each and every fact necessary to support the contention, where, when, and from whom You learned each such fact, and each and every document that evidences, refers or relates to each such fact.

20. Answer each Interrogatory fully, without reference to Your answer to any other Interrogatory.

21. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known by Plaintiff, to call for Plaintiff’s estimates, if any exist. In each instance that an estimate is given, it should be identified as such and the source of Plaintiff’s information underlying the estimate should be stated.

22. Whenever an Interrogatory calls for information that is not available to Plaintiff in the form requested, but is available in another form or can be obtained at least in part from other data in Your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

23. If any information requested in these Interrogatories is withheld pursuant to a claim of any privilege, state the privilege claimed for each item of information, describe such information (including the identification of any applicable document(s)) in the most precise manner consistent with such claim of privilege and state the factual basis for the claim of privilege in sufficient detail so as to permit all parties to assess, and the Court to adjudicate, the validity of the claim.

24. If any information requested in an Interrogatory is withheld pursuant to an objection, state the basis for the objection and answer each portion of the Interrogatory to which the objection does not apply. Without limiting the generality of the foregoing, if any information requested in an Interrogatory is withheld pursuant to an objection as to the period for which such information is requested, state the basis for the objection and answer such interrogatory for that portion of the period to which the objection does not apply.

25. If You cannot answer a given Interrogatory in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying the reason for Your inability to obtain the remainder of the information and stating whatever information or knowledge You have concerning the unanswered portions, including without limitation, a description of Your continuing efforts, if any, to obtain or produce the

information sought, identify the persons engaged in that continuing effort, and state the date, if any, You expect to receive the additional information.

26. After answering these Interrogatories, if further or different information called for in these Interrogatories but not disclosed by prior answers to these Interrogatories becomes known to You, then You are required to promptly make further, supplementary answers to these Interrogatories, and TransUnion reserves the right to seek supplemental answers.

**INTERROGATORIES**

1. Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

**ANSWER:**

2. State your full name (complete first name, middle name, and last name), nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used since you were eighteen (18) years of age, including your present address, and the dates you used each address.

**ANSWER:**

3. State your work history for the last ten (10) years, including the names and addresses of each employer, each supervisor's name, each job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job, and the reason each job was left.

**ANSWER:**

4. State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit or which has reviewed your credit history, report or rating in the last seven (7) years, and for each person or entity identified state the type and date of credit transaction involved, the terms of the credit, the amount you sought to finance, the disposition or outcome of the credit transaction, the reasons provided therefor, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

5. With respect to each application or extension of credit identified in response to Interrogatory No. 4, state whether you allege that any action and/or inaction of Trans Union or any other person or entity affected such application for or extension of credit in any way. If so,

please specify what effect such action and/or inaction allegedly had, including but not limited to, the denial of credit, any increase in variance in the applicable interest rate (and the amount of such increase, if any), any variance in any of the terms of the transaction, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

6. Identify each and every inaccuracy you contend exists or ever existed in any consumer report or disclosure prepared by Trans Union, including the 35 alleged inaccuracies identified in your Second Amended Complaint, or any other consumer reporting agency, which forms the basis of this suit or any other claims you believe you have against Trans Union or any other person or entity. With regard to each such alleged inaccuracy, identify: (a) the date and preparer of the consumer report or disclosure in which it appeared; (b) the date upon which you first became aware of the alleged inaccuracy, and how you became aware of it; (c) what you contend is inaccurate and why; and (d) all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

7. State what effect, if any, each alleged inaccuracy (identified in your response to Interrogatory No. 6) had, including but not limited to a denial of credit, any increase or variance in the applicable interest rate (and the amount of such increase, if any), or any variance in any of the terms of the transaction, how the inaccuracy caused the effect, whether other items or matters contributed to or acted with the effect of lost opportunities, whether any other person or entity participated in causing, or contributed to causing, such damage, the dates thereof, and identify all persons with knowledge of the foregoing and state the details of their knowledge.

**ANSWER:**

8. Identify all communications (written and oral) between you (or anyone acting on your behalf) and Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER:**

9. Identify all communications (written and oral) between you (or anyone acting on your behalf) and any furnisher of information to Trans Union or any other consumer reporting

agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**ANSWER:**

10. Identify any and all injuries and/or damages you claim to have suffered in this lawsuit and whether they resulted from any alleged action or inaction of Trans Union or any other person or entity. With respect to each, identify: (a) the injury and amount of damages sought; (b) how and why you believe Trans Union or another entity or person caused you to suffer such injury and damages; (c) whether any other person or entity participated in causing or was involved with such injury and damages; (d) your method of determining the type of injury and calculating the amount of damages; (e) any and all documents within your possession, custody or control which support or relate to your Response to this Interrogatory; and (f) all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER:**

11. If you contend you have experienced any sort of physical, mental or emotional distress as the result of any alleged action or inaction of Trans Union or any other person or

entity, describe with particularity each symptom you claim to have experienced, the frequency and severity of each symptom, the names of all persons with knowledge of the foregoing and the details of their knowledge, and state whether you have ever suffered them or sought medical treatment or counseling prior to or after the alleged wrongful actions or inactions of Trans Union or any other person or entity, including without limitation, psychiatric or psychological treatment or counseling, for any such alleged physical, mental or emotional distress. If so, identify the date or dates on which you sought such treatment or counseling, how often you sought such treatment or counseling, the name, business address and telephone number of each medical professional you consulted with and the diagnosis, if any, that resulted from such treatment or counseling.

**ANSWER:**

12. If you claim willful violations of the FCRA against Trans Union or any other person or entity in this case, please identify the complete factual and legal basis for such claims including, but not limited to: (a) a description of each alleged act and/or omission by Trans Union or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER:**

13. Identify each section and subsection of 15 U.S.C. § 1681, et seq., or other law that you allege Trans Union or any other person or entity violated in this matter, the facts which you contend relate to and support each such violation, all persons with knowledge of the foregoing and the details of their knowledge.

**ANSWER:**

14. Identify any other information in your possession, custody or control relating to any of the claims or defenses in this matter or upon which you could base an assertion of any of the allegations of the Complaint or a denial of any defenses, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

**ANSWER:**

15. State whether any claims or legal proceedings have been made by or against you in the last ten years, and state all facts relating to them.

**ANSWER:**

16. State the dates you first and later obtained legal knowledge or advice relating to your claims, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney.

**ANSWER:**

17. Identify any requests to any person or entity for payments or benefits of any kind or character in connection with, as a result of, or relating to the matters involved in this lawsuit.

**ANSWER:**

18. State whether any party to this case or any person identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it.

**ANSWER:**

19. For every response to Trans Union, LLC's First Set Of Requests For Admission that contains anything other than an unqualified admission: State each and every fact relating to or upon which you base your denial or qualified admission and, if insufficient knowledge is claimed, state all steps taken by you and/or your attorney to obtain the requisite knowledge for a good faith response to Trans Union's request; Describe each and every document you contend relates to or supports your denial or qualified admission and, if insufficient knowledge is claimed, identify all material reviewed to obtain the requisite information necessary for a good faith response; and Identify each and every person with knowledge of facts relating to or supporting your denial or qualified admission and state the specifics of their knowledge and, if insufficient knowledge is claimed, identify all individuals or entities contacted to obtain the requisite documentation or information necessary for a good faith response.

**ANSWER:**

Respectfully submitted,

Date: January 6, 2026

/*s/ Andrew Hope*

Andrew Hope (NY ID No. 4913547)
Makenzie P. Leh, Esq. (*Pro Hac* Admission forthcoming)
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY 10019
(215) 665-8700
andrew.hope@bipc.com
makenzie.leh@bipc.com

*Lead Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing, Trans Union's Interrogatories, was served upon Pro Se Plaintiff via electronic mail and via first class mail on the 6th day of January 2026 at the following address:

Jeffrey Thomas Pirzinger
[redacted]
Mamaroneck, NY 10543
[redacted]

/*s/ Andrew Hope*
Andrew Hope (NY ID No. 4913547)
Makenzie P. Leh, Esq. (*Pro Hac* Admission forthcoming)
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY 10019
(215) 665-8700
andrew.hope@bipc.com
makenzie.leh@bipc.com

*Lead Counsel for Defendant Trans Union LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)**

JEFFREY THOMAS PIRZINGER,

Plaintiff,

vs.

TRANS UNION, LLC,

Defendant.

Case No. 7:25-cv-01760-PMH

**TRANS UNION LLC'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Trans Union LLC ("Defendant") hereby serves its First Set of Requests for Production of Documents upon Plaintiff Thomas Jeffrey Pirzinger ("Plaintiff").

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Civil Rules.

1. "**TransUnion**" refers to Trans Union, LLC together with its parents, subsidiaries, affiliates, directors, officers, employees, agents, contractors, representatives or any other person acting, either directly or indirectly, on its behalf.

2. "**You**," "**Your**," or "**Plaintiff**" refers to Plaintiff Thomas Jeffrey Pirzinger together with her attorneys, agents, representatives or any other person or entity acting, either directly or indirectly, on her behalf, including, without limitation, entities that offer to repair or monitor credit.

3. "**Complaint**" shall mean the Second Amended Complaint and/or Notice With Summons filed in this matter in the Eastern District of New York.

4. "**Communication**" means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

5. "**Date**" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

6. "**Document**" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in Plaintiff's possession, custody, or control. "Documents" include, but are not limited to, books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

7. "**Including**" or "**Includes**" means "including, but not limited to" or "including without limitation."

8. "**Person**" means any natural person, firm, proprietorship, partnership, joint venture, group, trust, estate, governmental entity, agency, association, corporation, or any other type of organization or entity.

9. "**Relating to,**" "**Referring to**," or "**Concerning**," when referring to any given subject matter, means any Document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

10. The words "**and**" as well as "**or**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed as falling outside the scope of these requests.

11. Words used in the singular shall, when the context permits, be deemed to include the plural, and words used in the plural shall, when the context permits, be deemed to include the singular. The masculine gender shall, when the context permits, be deemed to include the feminine or neutral genders.

## INSTRUCTIONS

12. If Plaintiff objects to any portion of any Request, Plaintiff should identify the portion to which it objects, state the basis for the objection, and respond to the remainder.

13. Produce all Documents within Your possession, custody, or control, including all Documents in the possession, custody, or control of any other Person(s) directly or indirectly connected with You or subject to Your control.

14. Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages and similar recordings, should be produced in their original form or in copies that are

exact duplicates of the originals. Computer files and similar electronic records should be produced in a readable form mutually agreed upon by the parties.

15. Produce all Documents in the order in which they appear in Your files. Documents that, in their original condition, are stapled, clipped, or otherwise fastened together shall be produced in this same condition.

16. Produce password-protected Documents with any applicable passwords.

17. If You contend that any responsive Document is protected from disclosure pursuant to any privilege (including work product), please specify the nature of the privilege that is being claimed. In addition: for (A) oral Communications, please specify (i) the name of the Person making the communication and the names of Persons present while the communication was made, and, where not apparent, the relationship of the Persons present to the Person making the communication, (ii) the Date and place of the Communication, and (iii) the general subject matter of the Communication; and for (B) Documents, please specify: (i) the type of document, (ii) the general subject matter of the Document; (iii) the Date of the Document, and (iv) such other information as is sufficient to identify the Document, Including, where appropriate, the author, addressee, custodian, and any other recipient of the Document, and, when not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

18. If no Documents responsive to a particular Request exist, or if such Documents exist but are not in Your possession, custody, or control, then Your response to that Request shall so state.

19. If any of the requested Documents was previously, but is no longer, in Plaintiff's possession or subject to Plaintiff's control, state what disposition was made of the Document and

when, including the Date it left Plaintiff's possession or control, identify the Person to whom Plaintiff transferred it if applicable, and explain the reasons for such disposition.

20. If a Request asks for a Document which no longer exists, then in response to such a Request, Plaintiff shall identify each such Document; identify all information that was contained in each such Document; state the Date on which each such Document ceased to exist; state what happened to cause each such Document to cease to exist; state why each such Document was caused to or happened to cease to exist; state the time periods during which such types of Documents were maintained; identify each Person having knowledge of the circumstances under which each such Document ceased to exist; and identify each Person having knowledge of each such Document and state the substance of said knowledge.

21. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular Request.

22. Pursuant to Federal Rule of Civil Procedure 26(e), these Requests are continuing, and You must revise or supplement Your responses and production whenever new or additional responsive information becomes known, and TransUnion reserves the right to seek supplemental responses.

## REQUESTS FOR PRODUCTION

1. All documents relating to your credit file, or any accounts contained therein, including but not limited to documents you created, sent to or received from Trans Union or any other defendant, consumer reporting agency, creditor, person or entity.

2. All documents relating to the claims, assertions or defenses in this matter, including but not limited to documents reflecting the knowledge of any party or third-party relating to your credit file, your claims, and Trans Union's or any other party's defenses.

3. All documents sent to or received by you (or anyone on your behalf) from and to any of your creditors, entities reported to be your creditor, debt collectors, or persons or entities with whom you have applied for credit in the last seven (7) years.

4. All documents relating to documents sent to or received from any consumer reporting agency, including but not limited to, Trans Union.

5. Each and every consumer report or other disclosure, as those terms are defined in 15 U.S.C. § 1681, et seq., made about you, obtained from any source in the seven (7) years prior to the filing of the complaint in this action.

6. All documents which relate to or support any monetary damages claims including but not limited to all documents which reflect any denials, rate changes, charges or expenses incurred by you, for which you are seeking remuneration in this lawsuit.

7. All documents relating to any physical damages claimed, including any relating to pre-existing or prior health, physical or psychological problems.

8. All documents evidencing, referring or relating in any way to the amount and calculation of attorney's fees and costs incurred by you in this action, and attributable to Trans Union's or others' alleged violation of 15 U.S.C. § 1681, et seq., or other law.

9. All documents identified or requested to be identified in response to Trans Union, LLC's First Set of Interrogatories to Plaintiff.

10. All documents by and between the parties.

11. All documents provided to, received from or prepared by any expert relating to this matter, considered or relied upon to formulate each of the opinions in any report prepared by the expert, and all documents relating to such expert's activities in other credit reporting matters

for the last ten years, including, but not limited to work papers, correspondence, reports, and testimony.

12. All documents relating to statements made by any party, witness or other person relating to any of the matters involved in this suit.

13. Your financial statements and federal and state tax returns for the last ten (10) years.

14. All documents relating to requests made by you upon any person or entity for payments or benefits of any kind or character sought in connection with, as a result of, or relating to matters relating to the matters involved in this suit.

15. All documents reflecting any criminal conviction of any party to this case or of any person identified by any person or entity as having knowledge of relevant facts or as having knowledge of discoverable information.

16. All documents relating to insurance, indemnity or payment which may cover any damages sought.

17. All documents reviewed for pleadings, filings and discovery responses.

18. All documents relating to claims or suits relating to credit or credit reporting which have been made by or against you in the last ten (10) years.

19. All documents between Plaintiff and the furnisher, Elan SVCS-Fidelity.

20. All documents between Plaintiff and the furnisher, TBOM-FORTIVA.

21. All documents between Plaintiff and TD Bank USA – Target Credit.

22. All documents which prove the alleged inaccuracies identified in the Complaint.

Respectfully submitted,

Date: January 6, 2026

/s/ *Andrew Hope*
Andrew Hope (NY ID No. 4913547)
Makenzie P. Leh, Esq. (*Pro Hac* Admission forthcoming)
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY 10019
(215) 665-8700
andrew.hope@bipc.com
makenzie.leh@bipc.com

*Lead Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing, Trans Union's Requests for Production of Documents, was served upon Pro Se Plaintiff via electronic mail and via first class mail on the 6th day of January 2026 at the following address:

Jeffrey Thomas Pirzinger
[redacted]
Mamaroneck, NY 10543
[redacted]

/*s/ Andrew Hope*
Andrew Hope (NY ID No. 4913547)
Makenzie P. Leh, Esq. (*Pro Hac* Admission forthcoming)
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY 10019
(215) 665-8700
andrew.hope@bipc.com
makenzie.leh@bipc.com

*Lead Counsel for Defendant Trans Union LLC*