# EXHIBIT 11

***(Redacted - Public Filing)***

Sent via Email to: andrew.hope@bipc.com makenzie.leh@bipc.com Date: March 3, 2026

To: BUCHANAN INGERSOLL – ROONEY
ATTN: ANDREW G. HOPE
ATTN: MAKENZIE P. LEH (215-665-5342)
640 FIFTH AVE, 9TH FL
NEW YORK, NY 10019
PHONE: 212-440-4400, 610-783-3314
FAX: 212-440-4401
ANDREW.HOPE@BIPC.COM
MAKENZIE.LEH@BIPC.COM

From: JEFFREY THOMAS PIRZINGER
[redacted]
MAMARONECK, NY 10543

**Re: Jeffrey Thomas Pirzinger v. Trans Union LLC**
**Case No. 7:25-cv-01760-PMH (S.D.N.Y.)**
**3rd Response Rule 37 Letter Plaintiff Discovery Responses**

In reply to: "Dear Mr. Pirzinger: Defendant, Trans Union, LLC ("Trans Union"), responds to your February 17, 2026, letter regarding Trans Union's Rule 37 Letter concerning Interrogatory Nos. 4, 6, and 7. Your letter indicates that you decline a telephonic conference and choose to proceed in writing. Regarding Interrogatory No. 6, Trans Union requested an explanation of why you believe the tradelines listed in your January 2, 2026, dispute are inaccurate. You respond that the reported items do not reflect "Plaintiff's records and understanding of the accounts at the time of the dispute." However, you have yet to provide any of these "records" or your "understanding of the accounts" and why they are purportedly inaccurate. Although you have submitted several documents—including a revocation of consent, your dispute letter, transcripts, adverse action notes, an MSRP printout, and a consumer disclosure—you have not supplied any evidence supporting your conclusion that the accounts are inaccurate. Such information is discoverable and relevant to the dispute. Additionally, you assert that your claim "concerns Defendant's reinvestigation obligation" under the FCRA. Specifically, you contend that the central issue is whether Trans Union conducted a "reasonable reinvestigation and ensured that the reported information was accurate or not materially misleading following notice of dispute." You further state that if Trans Union relies on furnisher verification to justify continued reporting, "the adequacy and reasonableness of that reinvestigation process is a disputed issue." Trans Union responds to these assertions in turn. First, regarding your January 2, 2026, dispute letter—upon which your claims are based—Trans Union conducted a reasonable investigation and confirmed the accuracy of the disputed accounts. See January 23, 2025, Response Letter (Exhibit "A"). Your allegation that Trans Union responded with a letter stating that your submission was "illegible" or "undeterminable" is incorrect. Instead, Trans Union responded to your December 26, 2024, dispute letter— which is not referenced in the Complaint—stating that it was unable to process your request because the nature of the request could not be determined or was illegible. See January 8, 2025, Response Letter ("Exhibit B"). Therefore, the January 8, 2025, letter was not Trans Union's response to your January 2, 2026, letter. Instead, Trans Union properly conducted a reinvestigation of your January 2, 2026, dispute and provided the results to you on January 23, 2025. See Ex. A. Second, your statement that the central issue is whether Trans Union conducted a reasonable reinvestigation and whether it relies on furnisher verification further supports why Interrogatory No. 6 is both relevant and discoverable, and why it is necessary for understanding the allegations in the Second Amended Complaint. After receiving your January 2, 2026,

dispute letter, Trans Union fulfilled its obligations under the FCRA and conducted a proper reinvestigation of the disputed accounts. These accounts were verified by the furnishers, and you were notified accordingly. To the extent you believe these accounts were inaccurate and should have been removed, Trans Union requests proof of such inaccuracy. Lastly, your letter states that you have produced the documents in your possession relevant to the disputed items. You also note that you do not control or possess creditor-originated accounting records or internal furnisher documentation. If you lack any information or documentation regarding the alleged inaccuracies, please explicitly state so. As stated in all of Trans Union's correspondence, pursuant to the Federal Rules of Civil Procedure and the court's Local Rules, the parties are obligated to work together in good faith to resolve any discovery disputes. Trans Union seeks to resolve this matter without court intervention. Therefore, if you possess proof demonstrating that the 35 items in question are inaccurate, please provide it by Friday, March 6, 2026, to avoid motion practice. Sincerely, Andrew G. Hope"

Dear Mr. Hope,

Plaintiff writes in response to your March 3, 2026 letter.

**1. Alleged December 26, 2024 Dispute and January 23, 2025 Results**

Your letter references a "December 26, 2024 dispute letter." Plaintiff is not aware of having sent any dispute communication dated December 26, 2024. Plaintiff's written dispute in this action is dated January 2, 2025.

If Trans Union contends that it received a dispute communication from Plaintiff dated December 26, 2024, please produce a copy of that document and identify the date and manner in which it was allegedly received.

To the extent Trans Union contends that it provided reinvestigation results on January 23, 2025, please identify the date and manner in which such results were generated and transmitted and produce documentation evidencing the same.

The January 23, 2025 document you reference does not identify the specific dispute to which it relates, nor does it reference Plaintiff's January 2, 2025 correspondence. Please identify the dispute ID, date of receipt, and documentation demonstrating that the January 23 communication was generated in response to Plaintiff's January 2, 2025 dispute correspondence.

Sent via Email to: andrew.hope@bipc.com makenzie.leh@bipc.com Date: March 3, 2026

**2. "Records and Understanding" of the Accounts**

Plaintiff has produced all documents in his possession relevant to the disputed items, including his January 2, 2025 written dispute and consumer disclosure.

Plaintiff does not possess creditor-originated accounting records, internal furnisher documentation, or other third-party materials beyond what has already been produced.

Plaintiff's § 1681i claim concerns whether Trans Union conducted a reasonable reinvestigation upon receipt of a dispute and whether materially inaccurate or misleading information continued to be reported thereafter. The statute imposes reinvestigation duties upon receipt of a dispute; it does not condition those duties on the consumer's possession of creditor-originated accounting records.

Plaintiff has identified in his pleadings and discovery responses the categories of information disputed, including reported balances, past-due amounts, delinquency indicators, charge-off designations, and dispute coding.

Plaintiff has responded to Interrogatories Nos. 4, 6, and 7 in good faith and does not withhold responsive information within his custody or control. If Trans Union believes a specific interrogatory remains deficient, please identify the precise deficiency so that the parties may address it without court intervention.

Respectfully,

Jeffrey Thomas Pirzinger

Jeffrey Thomas Pirzinger
Pro Se Plaintiff
Attachment: Trans Union LLC's response dated March 3, 2026 to Plaintiff's February 17, 2026 letter.

Buchanan

**Andrew G. Hope**
215 665 5322
andrew.hope@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
T 215 665 8700
F 215 665 8760

March 3, 2026

**VIA ELECTRONIC MAIL**

Jeffrey Thomas Pirzinger
[redacted]
Mamaroneck, NY 10543
[redacted]

**RE: *Jeffrey Thomas Pirzinger v. Transunion LLC*, Case No.: 7:25-cv-01760-PMH**
**TransUnion Response to February 17, 2026, Letter**

Dear Mr. Pirzinger:

Defendant, TransUnion, LLC ("TransUnion"), responds to your February 17, 2026, letter regarding TransUnion's Rule 37 Letter concerning Interrogatory Nos. 4, 6, and 7. Your letter indicates that you decline a telephonic conference and choose to proceed in writing.

Regarding Interrogatory No. 6, TransUnion requested an explanation of why you believe the tradelines listed in your January 2, 2026, dispute are inaccurate. You respond that the reported items do not reflect "Plaintiff's records and understanding of the accounts at the time of the dispute." However, you have yet to provide any of these "records" or your "understanding of the accounts" and why they are purportedly inaccurate. Although you have submitted several documents—including a revocation of consent, your dispute letter, transcripts, adverse action notes, an MSRP printout, and a consumer disclosure—you have not supplied any evidence supporting your conclusion that the accounts are inaccurate. Such information is discoverable and relevant to the dispute.

Additionally, you assert that your claim "concerns Defendant's reinvestigation obligation" under the FCRA. Specifically, you contend that the central issue is whether TransUnion conducted a "reasonable reinvestigation and ensured that the reported information was accurate or not materially misleading following notice of dispute." You further state that if TransUnion relies on furnisher verification to justify continued reporting, "the adequacy and reasonableness of that reinvestigation process is a disputed issue."

TransUnion responds to these assertions in turn. First, regarding your January 2, 2026, dispute letter—upon which your claims are based—TransUnion conducted a reasonable

investigation and confirmed the accuracy of the disputed accounts. *See* January 23, 2025, Response Letter (Exhibit "A"). Your allegation that TransUnion responded with a letter stating that your submission was "illegible" or "undeterminable" is incorrect. Instead, TransUnion responded to your December 26, 2024, dispute letter— which is not referenced in the Complaint—stating that it was unable to process your request because the nature of the request could not be determined or was illegible. *See* January 8, 2025, Response Letter ("Exhibit B"). Therefore, the January 8, 2025, letter was not TransUnion's response to your January 2, 2026, letter. Instead, TransUnion properly conducted a reinvestigation of your January 2, 2026, dispute and provided the results to you on January 23, 2025. *See* Ex. A.

Second, your statement that the central issue is whether TransUnion conducted a reasonable reinvestigation and whether it relies on furnisher verification further supports why Interrogatory No. 6 is both relevant and discoverable, and why it is necessary for understanding the allegations in the Second Amended Complaint. After receiving your January 2, 2026, dispute letter, TransUnion fulfilled its obligations under the FCRA and conducted a proper reinvestigation of the disputed accounts. These accounts were verified by the furnishers, and you were notified accordingly. To the extent you believe these accounts were inaccurate and should have been removed, TransUnion requests proof of such inaccuracy.

Lastly, your letter states that you have produced the documents in your possession relevant to the disputed items. You also note that you do not control or possess creditor-originated accounting records or internal furnisher documentation. If you lack any information or documentation regarding the alleged inaccuracies, please explicitly state so.

As stated in all of TransUnion's correspondence, pursuant to the Federal Rules of Civil Procedure and the court's Local Rules, the parties are obligated to work together in good faith to resolve any discovery disputes. TransUnion seeks to resolve this matter without court intervention. Therefore, if you possess proof demonstrating that the 35 items in question are inaccurate, please provide it by Friday, March 6, 2026, to avoid motion practice.

Sincerely,

Andrew G. Hope

# EXHIBIT A

*** 450079572-052 ***

01/23/2025

Information for Good.

JEFFREY THOMAS PIRZINGER
[redacted]
MAMARONECK, NY 10543-1201

Dear JEFFREY THOMAS PIRZINGER,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete. After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1. Updated your credit report based on the information you provided; OR
2. Determined that the information you disputed either does not appear on your credit file or already shows the requested status; OR
3. Determined that the data furnisher had previously verified the reported information. If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4. Asked the data furnisher reporting the information you disputed to do all of the following:
   - Review relevant information we sent them, including any provided documents
   - Investigate your dispute and verify whether the information they report is accurate
   - Provide us a response to your dispute and update any other information
   - Update their records and systems, if necessary;

Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact TransUnion.

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully. To view a full copy of your credit report and for more information about how to read your credit report, please visit www.transunion.com/fullreport.

---

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results.**

## A Note on Credit Report Updates

Information in your credit report is updated frequently which means items you disputed may not appear on your credit report or have already changed by the time we received your dispute. In most cases, the **Date Updated** represents the last time the account information was updated or reported by the data furnisher. Please note that this date may not change following our investigation of your dispute. For **Payment Received** and **Last Payment Made**, please keep in mind, the data may not represent very recent payment activity.

If information was removed or updated as a result of your dispute, the "Your Investigation Results" section below will note that an update was made. An update can include a change to the information or the removal of the information entirely from your credit file. For example, if a field was removed as a result of your dispute, the description will indicate that a change was made to that field. If information was removed, it will no longer appear in the account details.

## Definitions

For your reference, here are some definitions to help you understand **Your Investigation Results.**

**For ACCOUNTS:**

| | |
|---|---|
| **Balance:** The balance owed as of the date the account was verified or reported | **Original Charge Off:** If applicable, the amount charged off due to non-payment of the account |
| **Credit Limit:** The maximum amount of credit approved by the creditor on the account | **Past Due:** The amount past due as of the date the account was verified or reported |
| **Date Opened:** The date the account was Opened | **Pay Status:** The current status of the account; how you are currently paying. For accounts that have been paid and closed, sold, or transferred, it represents the last reported status of the account. |
| **High Balance:** The highest amount ever owed on an account | **Remarks:** If applicable, the creditor may provide additional information here related to the account |
| **Last Payment Made:** The date the creditor received the last payment on the account | **Responsibility:** The type of contractual ownership (individual, joint, authorized user, etc.) of the account |
| **Maximum Delinquency:** If applicable, the maximum amount past due before an account becomes a charge-off or a collection account | **Terms:** The monthly payment amount or monthly minimum payment due on the account |

### Historical Trended Data

Accounts on your credit report may include historical account information, which TransUnion has collected from account updates provided by your creditor for up to 30 months. On your credit report, this historical trended data may have appeared in a grid below each account along with information reflecting the timeliness of your payments and may include the following data: Date Updated, Balance, Amount Due, Amount Paid, Past Due, Credit Limit, High Balance and Remarks.

Please note: Once an account is disputed, the historical trended data is removed from your credit file and will not be displayed on these results. However, the rating information reflecting the timeliness of your payments will remain and reflect any updates provided by the creditor, if applicable.

## Rating Key

Your accounts may also include up to 84 months of rating information. Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. This rating key will help you understand any updates to your **PAYMENT HISTORY**, if applicable to **YOUR INVESTIGATION RESULTS**. Any rating that is shaded or any value in the account detail appearing with brackets (> <) may indicate that it is considered adverse.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**File Number:** 450079572

**Date Issued:** 01/23/2025

# TransUnion Credit Score

JEFFREY THOMAS PIRZINGER

## YOUR CREDIT SCORE

| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score<br>**Not Purchased**<br>(See Below)<br>Grade<br>**-**<br>Created on<br>01/23/2025 | Unavailable<br>(See Below)<br><br> | Unavailable<br>(See Below)<br><br> |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 850 to 300 equaling grade ranges from A to F. | Your credit ranks higher than --% of the nation's population. |

## About your TransUnion Credit Score

TransUnion is now including some Buy Now, Pay Later (BNPL) installment loans, also known as 'point-of-sale installment loans,' on credit reports. At this time, BNPL information provided to TransUnion is visible to you, but scoring providers, lenders, insurers or other authorized companies that may access your credit report will not be able to use this data. As a result, it will not affect credit decisions or credit scores calculated using TransUnion data. In the future, Buy Now, Pay Later data may be factored into credit scores and credit decisions (for example, account opening or account review decisions). If you have questions please visit https://www.transunion.com/buy-now-pay-later to learn more.

## Summary

You did not order a TransUnion credit score. You can purchase your credit score for $9.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

# Your Investigation Results

**INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED: A change was made to the item(s) based on your dispute.**

**ELAN FIN SVCS/FIDELITY**[redacted] ( CB DISPUTES, PO BOX 108, SAINT LOUIS, MO 63166, (866) 234-4750 )

We investigated the information you disputed and updated: **Rating; Historical Trended Data**. Here is how this item appears on your credit report following our investigation.

| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 03/05/2012 | **Balance:** | $21,551 | **Pay Status:** | >Charged Off< |
| **Responsibility:** | Individual Account | **Date Updated:** | 12/31/2024 | **Terms:** | Paid Monthly |
| **Account Type:** | Revolving Account | **Payment Received:** | 07/08/2024 ($0) | **Date Closed:** | 02/01/2024 |
| **Loan Type:** | FLEXIBLE SPENDING CREDIT CARD | **Last Payment Made:** | 07/08/2024 | >Maximum Delinquency of 120 days in 07/2024 and in 08/2024< | |
| | | **High Balance:** | $21,551 | | |
| | | **Original Charge-off:** | $18,779 | | |
| | | **Credit Limit:** | $35,000 | | |
| | | **Past Due:** | >$21,551< | | |

**Remarks:** ACCOUNT CLOSED BY CONSUMER; >UNPAID BALANCE CHARGED OFF<

**Estimated month and year that this item will be removed:** 03/2031

| | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 | 05/2024 | 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | X | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK |

| | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 | 03/2023 | 02/2023 | 01/2023 | 12/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED: A change was made to the item(s) based on your dispute and other information has also changed.**

**TBOM/FORTIVA**[redacted] ( POB 105555, ATLANTA, GA 30348-5555, (800) 710-2961 )

We investigated the information you disputed and updated: **Date Updated; Maximum Delinquency; Rating; Historical Trended Data**. Here is how this item appears on your credit report following our investigation.

**Date Opened:** 06/30/2024
**Responsibility:** Individual Account
**Account Type:** Revolving Account
**Loan Type:** CREDIT CARD

**Balance:** $1,864
**Date Updated:** 12/05/2024
**Payment Received:** ($0)
**High Balance:** $1,864
**Credit Limit:** $1,874
**Past Due:** >$140<

**Pay Status:** >Account 120 Days Past Due Date<
**Terms:** $28 per month, paid Monthly
**Date Closed:** 10/04/2024
>Maximum Delinquency of 120 days in 12/2024 for $140<

**Remarks:** DISP INVG COMP-CONSUM DISAGRS
**Estimated month and year that this item will be removed:** 08/2031

| | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 |
|---|---|---|---|---|---|
| Rating | 30 | OK | OK | OK | OK |

**TD BANK USA/TARGET CREDI**[redacted] ( P O BOX 1470, MINNEAPOLIS, MN 55440, Phone number not available )

We investigated the information you disputed and updated: **Date Updated; High Balance; Remarks; Maximum Delinquency; Rating; Historical Trended Data**. Here is how this item appears on your credit report following our investigation.

**Date Opened:** 04/23/2015
**Responsibility:** Individual Account
**Account Type:** Revolving Account
**Loan Type:** CREDIT CARD

**Balance:** $13,109
**Date Updated:** 01/15/2025
**Payment Received:** 07/24/2024 ($0)
**Last Payment Made:** 07/24/2024
**High Balance:** $13,150
**Credit Limit:** $11,600
**Past Due:** >$1,221<

**Pay Status:** >Account 90 Days Past Due Date<
**Terms:** $461 per month, paid Monthly
**Date Closed:** 11/17/2024
>Maximum Delinquency of 90 days in 01/2025 for $1,221<

**Remarks:** CLOSED BY CREDIT GRANTOR
**Estimated month and year that this item will be removed:** 09/2031

| | 12/2024 | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 | 05/2024 | 04/2024 | 03/2024 | 02/2024 | 01/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 | 03/2023 | 02/2023 | 01/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 04/2019 | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

In the preceding pages we have provided details on the results of our investigation. **If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a 100-word statement to your report.** What this means is that you have the right to send us a note of 100 words or less describing your situation or why you disagree with the results, and we will add this statement to your report. Anyone who views your report will see this statement. Please know that if you include any medical information in your statement, this means you're giving TransUnion permission to include that information in any future credit report we issue on your behalf.
- **Dispute directly with the company that reported the information to us.** If you want changes made to information found on your credit report you may dispute with the company that reported it using the contact information listed in **Your Investigation Results.**
- **Provide to us any other information or documents about your dispute.** Please visit www.transunion.com/dispute and let us know you are filing a repeat dispute. Be sure to include any other information or documentation you feel will help us resolve your dispute.
- **File a complaint** about the company reporting the account or about TransUnion with the Consumer Financial Protection Bureau (www.consumerfinance.gov/complaint) or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statement to your report, **you may ask TransUnion to send an updated credit report** to those who have received your report within the last 2 years for employment purposes or within the last 6 months (or 1 year, where applicable) for any other purpose.

**A Note on Inquiries**

An inquiry is posted on your credit report to notify you that a company has requested your report. Companies can only request a credit report for a legitimate business reason (called permissible purpose). Examples of permissible purpose include: credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries stay on your credit report for up to two (2) years. Each company that requested your credit report will be listed in the section on inquires, along with their contact information. Please note, a company doesn't always need your authorization to view your credit report as long as they have a permissible purpose. If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who requested your credit report to find out whether they have opened an account in your name. The company can then investigate and if they determine that someone fraudulently applied for credit in your name, they can close that account and send us a letter requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, you can also call our Fraud Victim Assistance department at 800-680-7289.

## Should You Wish to Contact TransUnion

Please have your TransUnion **FILE NUMBER** available. Your unique **FILE NUMBER** is located at the top of each page of this correspondence.

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For more information please visit our Frequently Asked Questions page at
http://transunion.com/consumerfaqs

**By Mail:**
TransUnion
P. O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 AM – 11:00 PM Eastern Time, Monday through Friday, and Saturday through Sunday between the hours of 8:00 AM and 5:00PM Eastern Time, except major holidays.

# EXHIBIT B

***450079572-049***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

**File Number:** 450079572
**Page:** 1 of 2
**Date Issued:** 1/8/2025

TransUnion

P-I000199-
JEFFREY T PIRZINGER
[redacted]
MAMARONECK, NY 10543-1201

We appreciate you taking the time to contact us at TransUnion. Our goal is to maintain complete and accurate credit information. It's our commitment to you.

Re: Dispute Status

After reviewing your correspondence, we are unable to process your request because we were unable to determine the nature of your request or your request was illegible. To investigate information contained in your credit report, please type or print the account name and number, and specify why you are disputing it (for example, "this is not my account", "I have never paid late", etc.). Please provide us with this information so we may process your request and initiate an investigation. You may contact us at (800) 916-8800. Our business hours are Monday through Friday, 8:00 am - 11:00 pm, Eastern Time.

We're here to help. Should you have any further questions please contact us at:
- www.transunion.com
- (800) 916-8800
- P.O. Box 2000
Chester, PA 19016-2000

Please have your file number ready 450079572.

TransUnion

# Disclosure Request Form

To receive a copy of your credit report, please complete this form and attach proof of the required information before returning it to TransUnion Consumer Relations. If you wish, you may also use this form to purchase a credit score and have it sent with your credit report.

| | |
|---|---|
| Name: | SSN: |
| Current Address: | Previous Address: |
| Other Name(s) Used: | Date of Birth : |

### Proof of Current Address

**Acceptable forms of Current Address verification include copies of two of the following documents that show your Current Address:**
a) Driver's license
b) Utility bill
c) Bank or credit union statement
d) Cancelled check
e) Signed homeless shelter letter
f) Stamped post office box receipt
g) Government issued ID
h) State ID card
i) Pay stub

### Proof of Social Security Number

**Acceptable forms of Social Security verification include a copy of one of the following documents that shows your Social Security Number:**
a) Social Security card
b) Letter from the Social Security Administration
c) Military ID
d) Medicaid or Medicare card

### Proof of Date of Birth

**Acceptable forms of Date of Birth verification include a copy of one of the following documents that shows your Date of Birth:**
a) Birth certificate
b) Driver's license
c) Government issued ID
d) Passport

**Important notes regarding acceptable forms of proof:**

- Utility Bills, Bank or Credit Union Statements, Cancelled Checks and Pay Stubs must not be older than 2 months.
- P.O. Box Receipts and Homeless Shelter Letters must not be older than 12 months.
- We are unable to accept documents that contain a past expiration date as proof.
- Electronic statements printed from a website cannot be accepted as proof.

### Include Payment (if necessary)

If you would like to receive your TransUnion Consumer Credit Score in addition to the credit report, please provide additional payment.

**TransUnion Credit Score - $9.95**

**Check here** ☐ **to include credit score with credit report.**

**Check credit card type:** ☐ MasterCard ☐ American Express Cards ☐ VISA ☐ DISCOVER

**Card Number:** | | | | | | | | | | | | | | | | |

**Expiration Month/Year:**______ / ______

You may also pay by sending a check or money order, for the required amount, payable to TransUnion. Once payment is received, we will promptly send you a copy of your credit report (and score if applicable).

Date: April 2, 2026

RECEIVED
SDNY DOCKET UNIT
2026 APR -2 PM 3:06

To: Chambers of the Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street, Room 530
White Plains, NY 10601

From: JEFFREY THOMAS PIRZINGER
[redacted]
MAMARONECK, NY 10543

**Re: Jeffrey Thomas Pirzinger v. Trans Union LLC**
**Case No. 7:25-cv-01760-PMH (S.D.N.Y.)**
**Clarification of Disputed Tradeline Information Following March 31, 2026 Conference**

Dear Honorable Judge Halpern,

Plaintiff respectfully submits this brief letter following the March 31, 2026 discovery conference to clarify discrete factual issues concerning certain tradelines, consistent with the Court's guidance regarding the identification of specific inaccuracies.

This letter does not present new claims or documents, but instead clarifies issues previously identified in Plaintiff's January 2, 2025 dispute and operative pleading.

First, with respect to the ELAN FINANCIAL SERVICES tradeline, the 12/20/2024 (pre-dispute) and 1/23/2025 (post-reinvestigation) reports reflect an "Original Charge-Off" amount of $18,779 while also stating that the "unpaid balance is charged off," with a reported unpaid balance of $21,551 for October and November 2024. The reports provide no explanation reconciling the difference between these figures, presenting inconsistent information regarding the amount characterized as charged off, without any disclosed basis for reconciliation.

Second, the same ELAN tradeline reflects the remark "Account Closed by Consumer" in connection with a charge-off status. These characterizations are potentially inconsistent, as a charge-off reflects a creditor-driven determination following delinquency, while a "closed by consumer" designation suggests a voluntary account closure. This issue is further reflected in the

Date: April 2, 2026

existing record, including Plaintiff's affidavit and correspondence from ELAN indicating that the account closure was initiated by the creditor.

Third, with respect to the TBOM/FORTIVA tradeline, the reports reflect a maximum delinquency of 90 days (and, following reinvestigation, 120 days) in December 2024, while the payment history grid reflects only a 30-day delinquency as of November 2024 and contains no December 2024 entry. The reported delinquency progression cannot be reconciled on its face, as it implies a jump from 30 days late to 90 or 120 days late without corresponding intermediate reporting or a December entry in the grid.

These issues appear in both the pre-dispute consumer report and the post-reinvestigation report dated January 23, 2025. Their persistence following reinvestigation is relevant to the reasonableness of Defendant's procedures.

Plaintiff provides this clarification in light of the Court's instruction to identify specific inaccuracies and to ensure the record accurately reflects the nature of the disputed information.

Respectfully Submitted,

Jeffrey Thomas Pirzinger

Jeffrey Thomas Pirzinger
Pro Se Plaintiff

cc: Andrew George Hope, Buchanan (via email)
cc: Makenzie Paige Leh, Buchanan (via email)