# EXHIBIT 13

***(Redacted - Public Filing)***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)**

JEFFREY THOMAS PIRZINGER,

Case No. 7:25-cv-01760-PMH

Plaintiff,

vs.

TRANS UNION, LLC,

Defendant.

**PLAINTIFF'S RESPONSES TO TRANS UNION LLC'S FIRST INTERROGATORIES**

Plaintiff Jeffrey Thomas Pirzinger ("Plaintiff"), proceeding pro se, hereby responds to Defendant Trans Union LLC's First Set of Interrogatories pursuant to Fed. R. Civ. P. 33. These responses are based on information presently known.

## GENERAL OBJECTIONS

Plaintiff objects to each Interrogatory to the extent it:

1. Seeks information not relevant to any party's claim or defense as pleaded.
2. Is not proportional to the needs of this Fair Credit Reporting Act action.
3. Seeks disclosure of private identifying information (including Social Security numbers or historical address/employment data) where identity, standing, jurisdiction, and wage loss are not in dispute.
4. Seeks information already maintained, verified, or reported by Defendant as part of the consumer file at issue.

5. Calls for legal conclusions, expert opinions, speculation, or Defendant's state of mind.
6. Is overbroad, vague, or unduly burdensome.

These responses are made without waiver of Plaintiff's objections. Subject to and without waiving these objections, Plaintiff responds as follows:

**INTERROGATORY NO. 1**

Identify the person answering these Interrogatories, all persons who assisted in the preparation of the answers, and state how each person participated in the preparation of the answers and identify their Social Security numbers.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks disclosure of Social Security numbers or other sensitive personal identifiers, which are not relevant to any claim or defense, are not proportional to the needs of the case, and implicate substantial privacy concerns.

Subject to and without waiving this objection, Plaintiff states that Plaintiff, Jeffrey Thomas Pirzinger, is the person answering these Interrogatories. No other person assisted in the preparation of these responses.

**INTERROGATORY NO. 2**

State your full name (complete first name, middle name, and last name), nicknames, former names, and/or aliases which you have used and the periods during which each name was used, social security number (and, if more than one, state when each social security number was obtained and used), date of birth, and every address you have used since you were eighteen (18) years of age, including your present address, and the dates you used each address.

**Response:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1) to the extent it seeks historical personal identifiers, including aliases, former names, Social Security numbers, and complete residential history, none of which are placed at issue by the pleading. Identity, standing, and jurisdiction are not disputed. Subject to and without waiving these objections, Plaintiff states that Plaintiff's identity is known to Defendant and reflected in the pleadings and Defendant's own consumer file. Plaintiff further objects on privacy grounds and because Defendant has not asserted any misidentification, fraud, or jurisdictional defense placing Plaintiff's historical personal identifiers at issue.

**INTERROGATORY NO. 3**

State your work history for the last ten (10) years, including the names and addresses of each employer, each supervisor's name, each job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job, and the reason each job was left.

**Response:**

Plaintiff objects to this Interrogatory as irrelevant and not proportional. Plaintiff's employment history is not placed at issue by the pleading, Plaintiff does not allege wage-loss damages, and Defendant already maintains employment information it elects to report in Plaintiff's consumer file. Accordingly, Plaintiff declines to provide a ten-year employment history. Plaintiff further objects because this Interrogatory seeks private employment and compensation information bearing no relation to any alleged inaccuracy, reinvestigation duty, or damage theory pleaded in this action.

**INTERROGATORY NO. 4**

State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit or which has reviewed your credit history, report or rating in the last seven (7) years, and for each person or entity identified state the type and date of credit transaction involved, the terms of the credit, the amount you sought to finance, the disposition or outcome of the credit transaction, the reasons provided therefor, identify all persons with knowledge of the foregoing and state the details of their knowledge.

**Response:**

Plaintiff objects to this Interrogatory as overbroad to the extent it seeks "each" credit application regardless of relevance. Subject to and without waiving the objection, Plaintiff states that the adverse actions relevant to this case are the vehicle-related denials reflected in the February 22, 2025 adverse action notices (Exhibit F to the Second Amended Complaint). Plaintiff further objects because discovery into unrelated credit activity would be cumulative, unduly burdensome, and not probative of any pleaded claim or defense.

**INTERROGATORY NO. 5**

With respect to each application or extension of credit identified in response to Interrogatory No. 4, state whether you allege that any action and/or inaction of Trans Union or any other person or entity affected such application for or extension of credit in any way. If so, please specify what effect such action and/or inaction allegedly had, including but not limited to, the denial of credit, any increase in variance in the applicable interest rate (and the amount of such increase, if any), any variance in any of the terms of the transaction, identify all persons with knowledge of the foregoing and state the details of their knowledge

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks detailed causation, apportionment, or quantification beyond what is alleged in the Second Amended Complaint. Subject to and without waiving this objection, Plaintiff states that the adverse actions identified caused actual damages and emotional distress as alleged in the Second Amended Complaint.

**INTERROGATORY NO. 6**

Identify each and every inaccuracy you contend exists or ever existed in any consumer report or disclosure prepared by Trans Union, including the 35 alleged inaccuracies identified in your Second Amended Complaint, or any other consumer reporting agency, which forms the basis of this suit or any other claims you believe you have against Trans Union or any other person or entity. With regard to each such alleged inaccuracy, identify: (a) the date and preparer of the consumer report or disclosure in which it appeared; (b) the date upon which you first became aware of the alleged inaccuracy, and how you became aware of it; (c) what you contend is inaccurate and why; and (d) all persons with knowledge of the foregoing and state the details of their knowledge.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks identification of alleged inaccuracies beyond those pleaded and incorporated by reference, including alleged inaccuracies involving other consumer reporting agencies or unpleaded claims. Plaintiff incorporates by reference the January 2, 2025 written dispute identifying thirty-five disputed items, which sets forth the alleged inaccuracies and the basis for dispute. See Exhibit B to the Second Amended Complaint.

**INTERROGATORY NO. 7**

State what effect, if any, each alleged inaccuracy (identified in your response to Interrogatory No. 6) had, including but not limited to a denial of credit, any increase or variance in the applicable interest rate (and the amount of such increase, if any), or any variance in any of the terms of the transaction, how the inaccuracy caused the effect, whether other items or matters contributed to or acted with the effect of lost opportunities, whether any other person or entity participated in causing, or contributed to causing, such damage, the dates thereof, and identify all persons with knowledge of the foregoing and state the details of their knowledge.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks speculation, proprietary lender scoring mechanics, or apportionment of causation among individual tradelines not alleged in the pleading, including granular causation for "each" alleged inaccuracy, which is not proportional where credit decisions rely on the consumer report as a whole and scoring models controlled by third parties. Subject to and without waiving this objection, Plaintiff states that the disputed inaccuracies adversely affected Plaintiff's credit profile and contributed to the adverse actions and damages alleged.

**INTERROGATORY NO. 8**

Identify all communications (written and oral) between you (or anyone acting on your behalf) and Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**Response:**

Plaintiff incorporates by reference the January 2, 2025 written dispute and Trans Union's January 8, 2025 response, as well as related communications reflected in the pleadings and exhibits. Plaintiff objects to this Interrogatory to the extent it seeks identification or narration of communications beyond those pleaded and incorporated by reference, including communications with other consumer reporting agencies.

**INTERROGATORY NO. 9**

Identify all communications (written and oral) between you (or anyone acting on your behalf) and any furnisher of information to Trans Union or any other consumer reporting agency, including but not limited to, the date and method of each communication, the names and employers of all individuals participating in or present during each such communication, and the substance of each communication.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks identification or narration of communications with furnishers or other consumer reporting agencies, which are not required to prove or disprove any pleaded claim or defense. Plaintiff states that Trans Union received a detailed, typed written dispute identifying thirty-five items and responded by claiming the dispute was "illegible" or "undeterminable" without providing written reinvestigation results, as alleged in the Second Amended Complaint.

**INTERROGATORY NO. 10**

Identify any and all injuries and/or damages you claim to have suffered in this lawsuit and whether they resulted from any alleged action or inaction of Trans Union or any other

person or entity. With respect to each, identify: (a) the injury and amount of damages sought; (b) how and why you believe Trans Union or another entity or person caused you to suffer such injury and damages; (c) whether any other person or entity participated in causing or was involved with such injury and damages; (d) your method of determining the type of injury and calculating the amount of damages; (e) any and all documents within your possession, custody or control which support or relate to your Response to this Interrogatory; and (f) all persons with knowledge of the foregoing and the details of their knowledge

**Response:**

Plaintiff objects to the extent this Interrogatory seeks expert-level computation or premature quantification. Subject to and without waiving the objection, Plaintiff states that Plaintiff seeks actual damages, statutory damages, and emotional distress damages, including loss of credit opportunity, rental automobile costs incurred as a result of credit denial, out-of-pocket expenses, and emotional distress, as alleged. Damages are continuing and will be further developed through discovery. Plaintiff does not presently identify or itemize specific amounts beyond those alleged, pending discovery. Plaintiff further objects to the extent this Interrogatory seeks information governed by Rule 26(a) initial disclosures or expert discovery, or seeks to require final damages computations prior to discovery.

**INTERROGATORY NO. 11**

If you contend you have experienced any sort of physical, mental or emotional distress as the result of any alleged action or inaction of Trans Union or any other person or entity, describe with particularity each symptom you claim to have experienced, the frequency and severity of each symptom, the names of all persons with knowledge of the foregoing and the details of their knowledge, and state whether you have ever suffered them or sought medical

treatment or counseling prior to or after the alleged wrongful actions or inactions of Trans Union or any other person or entity, including without limitation, psychiatric or psychological treatment or counseling, for any such alleged physical, mental or emotional distress. If so, identify the date or dates on which you sought such treatment or counseling, how often you sought such treatment or counseling, the name, business address and telephone number of each medical professional you consulted with and the diagnosis, if any, that resulted from such treatment or counseling

**Response:**

Plaintiff objects to the extent this Interrogatory seeks medical diagnoses or treatment records not proportional to the needs of the case. Subject to and without waiving the objection, Plaintiff states that Plaintiff experienced stress, anxiety, and emotional distress as a natural consequence of Defendant's alleged statutory violations and resulting credit denials. Plaintiff has not sought medical or mental-health treatment for these injuries. Plaintiff does not claim medically diagnosed emotional distress and does not seek damages requiring medical or expert proof.

**INTERROGATORY NO. 12**

If you claim willful violations of the FCRA against Trans Union or any other person or entity in this case, please identify the complete factual and legal basis for such claims including, but not limited to: (a) a description of each alleged act and/or omission by Trans Union or any other person or entity which you contend supports your claim for punitive damages; (b) the date each such act and/or omission occurred; (c) any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim; (d) any person or entity that contributed to or caused such violations; and (e) identify all persons with knowledge of the

foregoing and the details of their knowledge.

**Response:**

Plaintiff objects to this Interrogatory to the extent it calls for a legal conclusion. Subject to and without waiving the objection, Plaintiff states that Plaintiff alleges willful or reckless noncompliance based on Defendant's failure to comply with clear statutory obligations after receipt of Plaintiff's detailed dispute, as alleged in the Second Amended Complaint. Plaintiff further objects to the extent this Interrogatory seeks contention discovery requiring a complete factual and legal exposition better addressed through dispositive motion practice.

**INTERROGATORY NO. 13**

Identify each section and subsection of 15 U.S.C. § 1681, et seq., or other law that you allege Trans Union or any other person or entity violated in this matter, the facts which you contend relate to and support each such violation, all persons with knowledge of the foregoing and the details of their knowledge.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks legal conclusions, a narrative restatement of the pleading, or contention discovery requiring Plaintiff to marshal all facts, legal authorities, and witnesses in advance of discovery. Subject to and without waiving these objections, Plaintiff states that the statutory provisions allegedly violated, and the factual bases supporting those violations, are set forth in the Second Amended Complaint and the exhibits incorporated therein, including but not limited to Plaintiff's January 2, 2025 written dispute and the adverse action notices identified in Exhibit F. Plaintiff incorporates those allegations and exhibits by reference.

**INTERROGATORY NO. 14**

Identify any other information in your possession, custody or control relating to any of the claims or defenses in this matter or upon which you could base an assertion of any of the allegations of the Complaint or a denial of any defenses, identify all persons with knowledge of the facts which relate thereto, and state the details of their knowledge and their expected testimony, if any.

**Response:**

Plaintiff objects to this Interrogatory to the extent it seeks information beyond the pleadings or discovery governed by Rule 26(a). Subject to and without waiving this objection, Plaintiff states that all documents in Plaintiff's possession, custody, or control relating to this action are those attached as Exhibits A–H to the Second Amended Complaint.

**INTERROGATORY NO. 15**

State whether any claims or legal proceedings have been made by or against you in the last ten years, and state all facts relating to them.

**Response:**

Plaintiff objects to this Interrogatory as irrelevant, overbroad, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Plaintiff's unrelated claims or legal proceedings, if any, over the past ten years have no bearing on the claims or defenses asserted in this action, and Defendant has not pleaded any defense placing such matters at issue. Subject to and without waiving these objections, Plaintiff states that no prior claims or legal proceedings are alleged as forming any basis for the claims asserted in this action.

**INTERROGATORY NO. 16**

State the dates you first and later obtained legal knowledge or advice relating to your claims, including but not limited to the dates of your first and later contacts with an attorney prior to filing suit and the name, address, and telephone number of that attorney

**Response:**

Plaintiff objects to this Interrogatory as irrelevant, not proportional to the needs of the case, and to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. The timing or existence of any legal advice or attorney consultation is not an element of any claim or defense pleaded in this action, and Defendant has not asserted any defense placing such matters at issue.

Subject to and without waiving these objections, Plaintiff states that no allegation in the Second Amended Complaint relies upon or is premised on the timing or content of any legal advice.

**INTERROGATORY NO. 17**

Identify any requests to any person or entity for payments or benefits of any kind or character in connection with, as a result of, or relating to the matters involved in this lawsuit

**Response:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks information concerning alleged requests for payments or benefits from third parties, which are not elements of any claim or defense pleaded in this action, and no collateral-source, setoff, or mitigation defense has been asserted placing such matters at issue. Subject to and without waiving these

objections, Plaintiff states that the Second Amended Complaint alleges damages sought solely from Defendant Trans Union based on the statutory violations pleaded therein.

**INTERROGATORY NO. 18**

State whether any party to this case or any person identified by any person or entity as having knowledge of relevant facts or discoverable information have ever been involved in criminal activity or investigated, arrested, charged or convicted of a crime, and detail all facts relating to it

**Response:**

Plaintiff objects to this Interrogatory as irrelevant, overbroad, unduly prejudicial, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Allegations or information regarding criminal investigations, arrests, or convictions of parties or witnesses are not elements of any claim or defense pleaded in this action, and Defendant has not asserted any defense placing such matters at issue. Subject to and without waiving these objections, Plaintiff states that no criminal activity is alleged in the Second Amended Complaint as forming any basis for the claims asserted against Trans Union.

**INTERROGATORY NO. 19**

For every response to Trans Union, LLC's First Set Of Requests For Admission that contains anything other than an unqualified admission: State each and every fact relating to or upon which you base your denial or qualified admission and, if insufficient knowledge is claimed, state all steps taken by you and/or your attorney to obtain the requisite knowledge for a good faith response to Trans Union's request; Describe each and every document you contend relates to or supports your denial or qualified admission and, if insufficient knowledge is claimed, identify all material reviewed to obtain the requisite information necessary for a good

faith response; and identify each and every person with knowledge of facts relating to or supporting your denial or qualified admission and state the specifics of their knowledge and, if insufficient knowledge is claimed, identify all individuals or entities contacted to obtain the requisite documentation or information necessary for a good faith response

**Response:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Interrogatory improperly seeks exhaustive contention discovery, internal litigation processes, and identification of all facts, documents, and witnesses supporting responses to Requests for Admission, which exceeds the scope of permissible discovery and is duplicative of the pleadings, exhibits, Rule 26(a) disclosures, document discovery, and deposition practice. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege or work-product doctrine, including steps taken to obtain knowledge, materials reviewed, or persons contacted in preparing responses. Subject to and without waiving these objections, Plaintiff states that the factual bases for Plaintiff's responses to Trans Union's Requests for Admission are set forth in the Second Amended Complaint and the exhibits incorporated therein, which are incorporated by reference.

## VERIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing responses are true and correct to the best of my knowledge.

Respectfully submitted,

Dated: January 7, 2026

By: ______________________
Jeffrey Thomas Pirzinger
[redacted]
Mamaroneck, NY 10543
T: [redacted]
F: [redacted]
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing, PLAINTIFF'S RESPONSES TO TRANS UNION LLC'S FIRST INTERROGATORIES, was served upon Counsel for Defendant Trans Union LLC via electronic mail on the 7th day of January 2026, via FedEx Tracking Number 887723481980 with a scheduled delivery date of January 9, 2026 to the following:

Andrew Hope & Makenzie P. Leh, Esq.
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY 10019
(215) 665-8700
andrew.hope@bipc.com
makenzie.leh@bipc.com

Respectfully submitted,

Dated: January 7, 2026

By: ______________________
Jeffrey Thomas Pirzinger
[redacted]
Mamaroneck, NY 10543
T: [redacted]
F: [redacted]
Plaintiff, Pro Se